## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.: 17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The above-captioned debtor-in-possession (the "**Debtor**"), by and through its undersigned attorneys, files this Motion (the "**Motion**"), for entry of an order, substantially in the form attached as **Exhibit A** (the "**Order**"), approving procedures for the rejection of executory contracts and unexpired leases throughout this case, and granting authority to take all actions necessary to implement such procedures. In support of the Motion, the Debtor relies on the *Declaration of Jill Motschenbacher in Support of Chapter 11 Petition and First Day Motions* (the "**First Day Declaration**")[1] and in further support states the following:

### JURISDICTION

1.      The United State Bankruptcy Court for the District of North Dakota (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not defined herein will have the meanings ascribed to them in the First Day Declaration.

2823707.1

2.      The statutory and legal predicates for the relief requested herein are sections 105(a), 365 and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**"), and Rules 6006, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, no trustee, examiner or statutory committee has been appointed in this Chapter 11 case.

4.      Additional factual background relating to the Debtor's business, capital structure and the commencement of this Chapter 11 case is set forth in detail in the First Day Declaration concurrently filed herewith.

## RELIEF REQUESTED

5.      By this Motion, the Debtor requests that the Court enter an order approving procedures for the rejection of executory contracts and unexpired leases throughout this case, and granting the Debtor authority to take all actions necessary to implement such procedures, including abandonment of the Remaining Property (defined below).

6.      The Debtor leases real property in 27 states in connection with the Debtor's operation of the Debtor's 137 retail stores.  The Debtor also leases its distribution and corporate headquarters in Fargo, North Dakota.

2823707.1

7.      To preserve and maximize the value of the bankruptcy estate, the Debtor may decide during the course of this case and in the exercise of its business judgment, that certain leases should be rejected to avoid rent and other expenses attendant to those leases.  The prompt rejection of leases that the Debtor determines no longer benefit the bankruptcy estate will maximize the value of the bankruptcy estate.

8.      Similarly, in the event the Debtor determines that the Debtor no longer needs an executory contract, the prompt rejection of such executory contract will maximize the value of the Debtor's estate.

9.      In an effort to minimize the post-petition expenses associated with leases of undesirable or closed stores, and the costs attendant to rejecting those leases, as well as expenses associated with the contracts that the Debtor deems, in its business judgment, to be unnecessary for, or burdensome to, the Debtor's ongoing operations, the Debtor seeks approval of the following procedures with respect to all executory contracts (the "**Contracts**") and unexpired leases (the "**Leases**") (the "**Rejection Procedures**"):[2]

a.      <u>Rejection Notice</u>.  Debtor will file a notice (the "**Rejection Notice**") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via U.S. mail on: (i) the counterparty to the Contract or Lease (the "**Counterparty**") (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtor; (ii) with respect to real property Leases ("**Real Property Leases**"), any known third party having an interest in personal property located at the leased premises (the "**Leased Premises**"); (iii) any party known to assert a lien in any

---

[2] Nothing herein prohibits Debtor from filing one or more motions to reject executory contracts or unexpired leases.

2823707.1

property subject to the rejected Contract or Lease; (iv) the Office of the United States Trustee for the District of North Dakota; and (v) counsel to any committee appointed in this case (collectively, the "**Rejection Notice Parties**").

        b.    <u>Content of Rejection Notice</u>.  The Rejection Notice must be substantially in the form attached as **<u>Exhibit 1</u>** to the Order.  With respect to Real Property Leases, the Rejection Notice must set forth the following information, to the best of the Debtor's knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (the "**Landlord**"); and (iii) the date on which the Debtor will reject the lease.  With respect to all other Contracts or Leases to be rejected, the Rejection Notice must set forth the following information, to the best of the Debtor's knowledge: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract or Lease to be rejected.   All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order a "**Rejection Order**").

        c.    <u>Objections</u>.  Should a party in interest object to the Debtor's proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so that it is filed with this Court and actually received by the following parties (the "**Objection Notice Parties**") no later than ten business days after the date the Rejection Notice is filed:  (i) counsel to the Debtor, (ii) the Office of the United States Trustee for the District of North Dakota; and (iii) counsel to any committee appointed in this case.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

4

d.      <u>Effects of Failing to File an Objection to a Rejection Notice</u>.  If no

Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease

will be deemed rejected on the effective date set forth in the Rejection Notice (the

"**Rejection Date**") with an Order confirming rejection to be entered by the Court upon the

Debtor's application.  Upon the Rejection Date, any personal property, furniture, trade

fixtures, and equipment owned by the Debtor (the "**Remaining Property**") remaining on the

Leased Premises will be deemed abandoned by the Debtor.  The Landlords may dispose of

any Remaining Property, in their sole discretion, without any liability to the Debtor and

without waiver of any claim the Landlords may have against the Debtor.

e.      <u>Effects of Filing an Objection to a Rejection Notice</u>.  If a timely

Objection to a Rejection Notice is filed and received in accordance with the Rejection

Procedures, the Debtor will schedule a hearing on such Objection and will provide at least

seven days' notice of such hearing to the objecting party and the Objection Notice Parties.  If

this Court upholds the Debtor's determination to reject the applicable Contract or Lease, then

the applicable Contract or Lease will be deemed rejected (i) as of the Rejection Date or (ii) as

otherwise determined by this Court as set forth in any order overruling such Objection.

f.      <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by

an order of this Court submitted on a consensual basis by Debtor and the objecting party.

g.      <u>Deadlines for Filing Claims</u>.  Claims arising out of the rejection of

Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of

claims established by this Court in this case or (ii) 30 days after the date of entry of the

applicable Rejection Order.  If no proof of claim is timely filed, such claimant will not be

2823707.1

treated as a creditor with respect to such claims for voting on any Chapter 11 plan in this case and will be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with this case.

h.     Treatment of Security Deposits.  If the Debtor has deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtor.

10.     In connection with the foregoing Rejection Procedures, the Debtor also requests that it be authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by the Court and that entry of the requested order be without prejudice to the Debtor's right to seek further, other, or different relief regarding the Contracts or Leases.

## BASIS FOR RELIEF

## I.     REJECTION OF THE CONTRACTS AND LEASES IS A SOUND EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT.

11.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  *See Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "The statutory purpose of Section 365 of the Bankruptcy Code is to enable the trustee [or debtor in possession] to assume those executory obligations which are beneficial to the estate while rejecting those which are onerous or burdensome to perform." *Leasing Service Corp. v. First Tennessee Bank Nat'l Association*,

6

826 F.2d 434, 436 (6th Cir. 1987). *See also*, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996). Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d. 291, 298 (3d Cir. 2000); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).

12.     The Eighth Circuit adopted the "Countryman definition" for executory contracts. *In re Interstate Bakeries Corp.*, 751 F.3d 955, 962 (8th Cir. 2014). Under that definition, a contract is executory if the debtor and the counterparty both have obligations that "are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other party." *In re Craig*, 144 F.3d 593, 596 (8th Cir. 1998) (internal quotation marks omitted).

13.     A debtor may reject an executory contract or unexpired lease so long as it satisfies the business judgment test—*i.e.*, the debtor must show that rejection will benefit the estate. *In re Audra-John Corp.*, 140 B.R. 752, 755 (Bankr. D. Minn. 1992). Courts apply the business judgment test liberally, "emphasiz[ing] that . . . motion[s] to reject should ordinarily be granted." *In re Huff*, 81 B.R. 531, 537 (Bankr. D. Minn. 1988). Indeed, the business judgment "test is not an onerous one." *In re Crystalline, L.L.C.*, 293 B.R. 455, 463 (B.A.P. 8th Cir. 2003). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business

judgment' test."), *aff'd* 465 U.S. 513 (1984); *see also Computer Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003).  The business judgment standard mandates that a court approve a Debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315-16 (Bankr. D. Utah 1981) (absent extraordinary circumstance, court approval of a Debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  Accordingly, if a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract.  *See Fed. Mogul*, 293 B.R. at 126.

14.     Any Contract or Lease that the Debtor seeks to reject pursuant to the Rejection Procedures will be a Contract or Lease that is financially burdensome and unnecessary to the Debtor's operations.  Moreover, prior to rejecting any of the Contracts and Leases, the Debtor will have ensured that the Contracts and Leases are of inconsequential value and benefit to the Debtor's estate and unlikely to generate any net proceeds to the estate.  Accordingly, the Debtor will have determined that continued performance under the Contracts and Leases constitutes an unnecessary cost to the bankruptcy estate, and, therefore, rejection of the Contracts and Leases reflects the Debtor's exercise of sound business judgment.

15.     In addition, in the exercise of its sound business judgment, the Debtor may determine to leave certain personal property at the Leased Premises.  To the extent that the Debtor leaves any Remaining Property at the Leased Premises, the Debtor requests that such

Remaining Property be deemed abandoned pursuant to section 554 of the Bankruptcy Code. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Prior to abandoning any Remaining Property pursuant to the Rejection Procedures, the Debtor will have determined that the Remaining Property to be abandoned by the Debtor is either: (i) burdensome to the estate to the extent that removal and storage of this property is likely to exceed any net proceeds from the property; or (ii) of inconsequential value and benefit to the estate. Accordingly, abandonment of the Remaining Property will reflect the Debtor's exercise of the Debtor's business judgment that abandonment of the Remaining Property is in the best interests of the Debtor, its estate, its creditors and other parties in interest.

16.     Given the significant number of Contracts and Leases the Debtor may seek to reject, obtaining Court approval of each rejection and the abandonment of any related Remaining Property would impose unnecessary burdens on the Debtor and the Court and result in costs to the Debtor's estate that would correspondingly decrease the economic benefit of rejection.  Accordingly, the Debtor proposes to streamline the process by following the Rejection Procedures to minimize costs to the Debtor's estate and reduce the burden on the Court's docket, while assuring that Counterparties and Landlords receive notice and have a fair opportunity to object to the proposed rejection.  For the foregoing reasons, the adoption of the Rejection Procedures is in the best interest of its estate, its creditors, and all other parties in interest.

2823707.1

## II.   THE REJECTION PROCEDURES PROVIDE REASONABLE NOTICE AND HEARING.

17.     As a procedural matter, Bankruptcy Rule 9014 provides, in part, that "reasonable notice and opportunity for hearing shall be afforded the party against whom the relief is sought." *See* Fed. R. Bankr. P. 9014(a).[3]  The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances").

18.     Landlords and Counterparties will not be prejudiced by the Rejection Procedures because, prior to receipt of a Rejection Notice, they will have received notice of Debtor's intent to reject their Lease or Contract by notice of this Motion.  Additionally, upon receipt of the Rejection Notice, the Landlords and the Counterparties will receive notice of the effective date of the rejection and will have the opportunity to object.  *See, e.g., In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Audra John Corp.*, 140 B.R. 752, 755 (Bankr. D. Minn. 1992)(same); *In re Trac Corp.*, 59 B.R. 251, 255 (Bankr. D. Minn. 1986).  Also, in the case of any Real Property Leases, the Debtor intends to vacate the Leased Premises upon the date specified in the Rejection Notice, thereby allowing the Landlords to take possession of the property.  *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding bankruptcy court did

---

[3] Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides that "[a] proceeding to . . . reject . . . an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014."  Fed. R. Bankr. P. 6006(a).

not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re Amber's Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor vacated premises and served motion to reject lease as soon as possible).

19.     The Debtor submits that the proposed Rejection Procedures balance the need for an expeditious reduction of potentially burdensome costs to the Debtor's estate while providing appropriate notice of the proposed rejection to the Landlords and Counterparties. The proposed Rejection Procedures are appropriately tailored to minimize potential administrative expenses, and maximize the recovery for creditors in this case.

20.     Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject multiple executory contracts or unexpired leases:

(1)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2)     list parties alphabetically and identify the corresponding contract or lease;

. . .

(5)     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6)     be limited to no more than 100 executory contracts or unexpired leases.

The Debtor will comply with the foregoing requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

2823707.1

21.     The Rejection Procedures satisfy Bankruptcy Rule 6006(f).  The purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of parties to the Contracts and Leases.  Counterparties and Landlords must be able to locate their Contracts or Leases and readily determine whether their Contracts or Leases are being rejected.  Through the Rejection Procedures, the Debtor will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.  Under the circumstances, given the substantial number of Contracts and Leases the Debtor may seek to reject, obtaining Court approval of each rejection would impose unnecessary administrative burdens on the Debtor and the Court and result in costs to the Debtor's estate that may decrease the economic benefits of rejection.  Therefore, the Debtor proposes to streamline the process as set forth in the Rejection Procedures, consistent with applicable law, in order to minimize costs to the Debtor's estate and reduce the burden on the Court's docket while protecting Counterparties and Landlords to the Contracts and Leases by providing such parties with notice and the opportunity to object to the proposed rejection.

## **RESERVATION OF RIGHTS**

22.     Nothing in this Motion or in the Order is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtor and its estate; (b) a waiver of the rights of the Debtor and its estate to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the rights of the Debtor and its estate under the

2823707.1

Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

## NOTICE

23.     The Debtor will provide notice of this Motion to (i) the Office of the United States Trustee for the District of North Dakota; (ii) holders of the twenty (20) largest unsecured claims on a consolidated basis against Debtor; (iii) all Landlords; (iv) counsel to any committee appointed in this case, and (v) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

24.     WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this Court enter the Order, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated this 1st day of March, 2017.

**VOGEL LAW FIRM**

BY: */s/ Jon R. Brakke*
     Jon R. Brakke (#03554)
     jbrakke@vogellaw.com
     Caren W. Stanley (#06100)
     cstanley@vogellaw.com
     218 NP Avenue
     PO Box 1389
     Fargo, ND  58107-1389
     Telephone:  701.237.6983
     *PROPOSED COUNSEL TO DEBTOR IN POSSESSION*

13

## **EXHIBIT A**

**(Proposed Order)**

2823707.1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| In Re: | Case No.:  17-30112 |
|---|---|
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

This matter having come before the Court on the motion (the "**Motion**")[1] of Vanity Shop of Grand Forks, Inc. ("**Debtor**") for entry of an order, pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**"), Rules 6006, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving procedures for the rejection of executory contracts and unexpired leases throughout this case, and granting authority to take all actions necessary to implement such procedures, including abandonment of any Remaining Property; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED.

---

[1] Capitalized terms used but not defined herein will have the meanings ascribed to them in the Motion.

2823707.1

2.      The following Rejection Procedures are hereby APPROVED:

a.      <u>Rejection Notice</u>.  Debtor will file a notice (the "**Rejection Notice**") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via U.S. mail on: (i) the counterparty to the Contract or Lease (the "**Counterparty**") (and its counsel, if known) under the respective Contract or Lease at the last known address available to Debtor; (ii) with respect to real property Leases ("**Real Property Leases**"), any known third party having an interest in personal property located at the leased premises (the "**Leased Premises**"); (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the Office of the United States Trustee for the District of North Dakota; and (v) counsel to any committee appointed in this case (collectively, the "**Rejection Notice Parties**").

b.      <u>Content of Rejection Notice</u>.  The Rejection Notice must be substantially in the form attached as **<u>Exhibit 1</u>** hereto.  With respect to Real Property Leases, the Rejection Notice must set forth the following information, to the best of the Debtor's knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (the "**Landlord**") and (iii) the date on which the Debtor will reject the lease.  With respect to all other Contracts or Leases to be rejected, the Rejection Notice must set forth the following information, to the best of the Debtor's knowledge: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract or Lease to be rejected.  All Rejection Notices must be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order a "**Rejection Order**").

2

c.       Objections.  Should a party in interest object to the Debtor's proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so that it is filed with this Court and actually received by the following parties (the "**Objection Notice Parties**") no later than ten business days after the date the Rejection Notice is filed: (i) counsel to the Debtor, (ii) the Office of the United States Trustee for the District of North Dakota; and (iii) counsel to any committee appointed in this case.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

d.       Effects of Failing to File an Objection to a Rejection Notice.  If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease will be deemed rejected on the effective date set forth in the Rejection Notice (the "**Rejection Date**") with an Order confirming the rejection to be entered by the Court upon application by the Debtor.  Upon the Rejection Date, any personal property, furniture, trade fixtures, and equipment owned by the Debtor (the "**Remaining Property**") remaining on the Leased Premises will be deemed abandoned by the Debtor and the Landlords may dispose of any Remaining Property, in their sole discretion, without any liability to the Debtor and without waiver of any claim the Landlords may have against the Debtor.

e.       Effects of Filing an Objection to a Rejection Notice.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtor will schedule a hearing on such Objection and must provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties.  If this Court upholds the Debtor's determination to reject the applicable Contract or Lease, then

3

the applicable Contract or Lease will be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such objection.

f.      <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtor and the objecting party.

g.      <u>Deadlines for Filing Claims</u>.  Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in this case or (ii) 30 days after the date of entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant will not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in this case and will be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with this case.

h.      <u>Treatment of Security Deposits</u>.  If the Debtor has deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtor.

3.      The form of Rejection Notice attached hereto as **<u>Exhibit 1</u>** is hereby APPROVED.

4.      The Debtor is authorized to send the Rejection Notices to the Counterparties or Landlords of the Contracts and Leases.

5.      Nothing in the Motion or this Order prohibits the Debtor from filing one or more motions to reject executory contracts or unexpired leases.

2823707.1

6.      The Debtor reserves all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

7.      The Debtor does not waive any claims they may have against Landlords and Counterparties, regardless of whether such claims relate to the Contracts and Leases.

8.      Nothing herein may be construed as a concession or evidence that a Contract or Lease has expired, been terminated, or is otherwise not currently in full force and effect. The Debtor's rights with respect thereto are reserved, including its right to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of such Contract or Lease or any claims related thereto.

9.      Notwithstanding the relief granted and any actions taken pursuant hereto, nothing herein is intended or may be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the rights of the Debtor and its estate to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the rights of the Debtor and its estate under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.     Notwithstanding the relief granted in this Order or and any actions taken pursuant hereto, nothing creates, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

5

12.     The Court retains jurisdiction with respect to all matters arising from or related

to the implementation or interpretation of this Order.

Dated this ___ day of _____, 2017.


_____
UNITED STATES BANKRUPTCY JUDGE

6

## Exhibit 1

**(Rejection Notice)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| In Re: | Case No.:  17-30112 |
|---|---|
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

PLEASE TAKE NOTICE that on March __, 2017, the United States Bankruptcy Court for the District of North Dakota (the "**Bankruptcy Court**") entered an order [Docket No. _] (the "**Procedures Order**") in the above-referenced chapter 11 case of Vanity Shop of Grand Forks, Inc. (the "**Debtor**"), establishing, among other things, procedures (the "**Rejection Procedures**") for the rejection of executory contracts (each a "**Contract**" and collectively the "**Contracts**") and unexpired leases (each a "**Lease**" and collectively the "**Leases**").

PLEASE TAKE FURTHER NOTICE that pursuant to the terms of the Procedures Order, the Debtor hereby provides notice of its intent to reject the below-referenced Contracts and Leases.  Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the following Contracts and Leases (and any modifications, amendments, addenda, supplements, or restatements thereof) will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date set forth below in this Notice (the "**Rejection Date**"):

2823707.1

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES OTHER THAN NONRESIDENTIAL PROPERTY LASES

| Title/Description of Contract | Counterparty Name and Address | Rejection Date |
|---|---|---|
|  |  |  |

### UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Landlord Name and Address | Rejection Date |
|---|---|---|
|  |  |  |

PLEASE TAKE FURTHER NOTICE that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than ten business days after the date of this Notice: (a) counsel to the Debtor, (ii) the Office of the United States Trustee for the District of North Dakota; (iii) counsel to any committee appointed in this case (collectively, the "**Objection Notice Parties**").

PLEASE TAKE FURTHER NOTICE that pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, the Debtor may submit a proposed order approving the rejection of the Contracts and/or Leases set forth on this Notice (the "**Rejection Order**"), substantially in the form attached hereto as **Exhibit A**, for entry by the Court under certification of counsel, and such rejection will be deemed effective as of the Rejection Date.

PLEASE TAKE FURTHER NOTICE that if an objection to this Notice is timely filed and served, the Debtor will seek a hearing on such objection and will provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties.  If the Court upholds the Debtor's determination to reject the applicable Contract or Lease, then the

9

applicable Contract or Lease will be deemed rejected (a) as of the Rejection Date or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with the Contract or Lease counterparty as a security deposit or otherwise, the Contract or Lease counterparty or landlord may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, on or before the later of (a) the deadline for filing proofs of claim established by the Court in the Debtor's case, or (b) 30 days after the date of entry of the Rejection Order.  If you do not timely file such proof claim, you will not be treated as a creditor with respect to such claims for voting on any Chapter 11 plan in this case and will be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contract or Lease and from participating in any distributions that may be made in connection with this Chapter 11 case.

2823707.1

Dated this <u>1st</u> day of March, 2017.

**VOGEL LAW FIRM**

BY: _____<u>/s/  Jon /R.  Brakke</u>_____

Jon R. Brakke (#03554)
jbrakke@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
*PROPOSED COUNSEL TO DEBTOR IN POSSESSION*

11

**<u>EXHIBIT A</u>**

**(Proposed Rejection Order)**

2823707.1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.:  17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## ORDER APPROVING THE REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Pursuant to and in accordance with the Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases [Docket No. ___] (the "**Rejection Procedures Order**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having properly filed and served a "Notice of Rejection of Executory Contracts and Unexpired Leases" (the "**Rejection Notice**") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the "**Contracts**") and unexpired leases (the "**Leases**") set forth on **Exhibit 1** hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate

exercise of the Debtor's business judgment; and good and sufficient cause appearing

therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Leases and Contracts listed on Exhibit 1 are hereby rejected effective as

of the dates set forth for each such Lease or Contract listed (the "**Rejection Date**").

2.      With respect to the Leases listed on **Exhibit 1**, any personal property

remaining on the leased premises as of the Rejection Date will be deemed abandoned and the

landlord will be free to dispose of such abandoned property in its sole and absolute discretion

without notice or liability to the Debtor.

3.      If any affected landlord or counterparty subject to this Order (the "**Rejection**

**Claimant**") asserts a claim or claims against the Debtor arising from the rejection of a Lease

or Contract, such Rejection Claimant must submit a proof of claim on or before the later of

(i) the date that is 30 days after entry of this Order and (ii) the general bar date established by

this Court for filing proofs of claim against the Debtor.  If a Rejection Claimant does not

timely file such proof of claim, such claimant will be forever barred from asserting a claim

for such rejection damages.

4.      The Debtor is authorized to take any action necessary or appropriate to

implement the terms of this Order and the rejection without further order from this Court.

5.      This Court retains exclusive jurisdiction and power to resolve any dispute

arising from or related to this Order.

Dated this ____ day of _____, 2017.


_____
UNITED STATES BANKRUPTCY JUDGE

2823707.1                                                    2