**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Vanity Shop of Grand Forks, Inc.,<br><br>Debtor. | Case No.: 17-30112<br><br>Chapter 11 |

**DEBTOR-IN-POSSESSION'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING MAINTENANCE, ADMINISTRATION, AND CONTINUATION OF CERTAIN CUSTOMER PROGRAMS**

The above-captioned debtor-in-possession (the "**Debtor**"), by and through its undersigned attorneys, hereby files this motion ("**Motion**") for an order authorizing the Debtor to maintain and administer certain customer-related programs as described in the Motion (collectively, the "**Customer Programs**"), and honor prepetition obligations to customers related to these Customer Programs in the ordinary course of business as set forth in this Motion. In support of its Motion, the Debtor relies on the *Declaration of Jill Motschenbacher in Support of Chapter 11 Petition and First Day Motions* (the "**First Day Declaration**"), which Debtor incorporates by reference. In further support of the Motion, Debtor states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This District is the proper venue for this case and this Motion pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are §§ 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

2. On the date hereof (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or statutory committee has been appointed in this Chapter 11 case.

3. Additional factual background relating to the Debtor's business, capital structure and the commencement of this Chapter 11 case is set forth in detail in the First Day Declaration concurrently filed herewith.

**I. GENERAL**

4. Maintaining the loyalty, support, and goodwill of the Debtor's customers is essential to the Debtor's bankruptcy proceeding. In short, the Debtor must maintain positive customer relationships and a reputation for fairness to ensure that the Debtor's customers continue to buy goods at the Debtor's stores.

5. In the ordinary course of its business, the Debtor provides customers with certain Customer Programs to encourage customer loyalty and goodwill, and to increase the Debtor's sales opportunities. The Debtor's Customer Programs include gift cards, coupons, and returns and exchanges (the "**Customer Programs**").

6. The Debtor believes that its ability to continue certain Customer Programs is necessary to retain its reputation for fair dealing, to address competitive market forces, maintain positive customer relationships, and ultimately, to maximize product sales—increasing revenue and profitability that ultimately benefits all of the Debtor's stakeholders.

## II.     GIFT CARDS AND COUPONS

7.     Prior to the Petition Date, the Debtor sold gift cards ("**Gift Cards**"), in the ordinary course of business in varying amounts.  Currently, approximately $**975,000.00** in Gift Cards remains outstanding.

8.     Prior to the Petition Date, the Debtor also offered a Rewards Program which provided the customer with a $10 coupon for every $200 the customer spends.  The coupons are similar to those routinely offered in the retail industry.

9.     The Debtor requests authority, in its sole discretion, to honor all Gift Cards purchased and coupons earned prior to the Petition Date.  The Debtor will not continue selling Gift Cards post-petition.

## III.    RETURN AND EXCHANGE PROGRAM

10.    Prior to the Petition Date and subject to certain exceptions, the Debtor generally accepted from its customers merchandise returns and exchanges (the "**Return and Exchange Program**").  Items that meet certain conditions may be returned for the same form of payment originally used for the purchase.  Under the Return and Exchange Program, the Debtor accepted returns and exchanges up to 45 days after the merchandise item was sold, provided the terms and conditions set forth in the Return and Exchange Program were otherwise adhered to.

11.    The Debtor requests authority to continue its Return and Exchange Program, and accept the return of merchandise purchased prior to the Petition Date, except the period for accepting returns will be shortened from 45 days to 10 days from the Petition Date.

12. The Debtor is unable to estimate the value of its prepetition obligations under the Return and Exchange Program because returns and exchanges can be made for up to 45 days from the original sale date.

### RELIEF REQUESTED

13. The Debtor requests that the Court enter an order (i) authorizing the Debtor to maintain and administer certain Customer Programs and honor prepetition obligations to customers related to these Customer Programs in the ordinary course of business as set forth in this Motion, (ii) authorizing the Debtor to continue, replace, implement, modify and/or terminate one or more of the Customer Programs, in each case as the Debtor deems appropriate in its business judgment and in the ordinary course of business, without further application to the Court.

### SUPPORTING AUTHORITY

14. The Court may grant the requested relief under Section 363 of the Bankruptcy Code, which provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims where a valid business justification exists for doing so. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of prepetition wage claims under section 363(b) of the Bankruptcy Code). To justify payment, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Id.*

15. In addition, the Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which empowers

4

the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177). Specifically, the Court may use its power under section 105(a) to authorize payment of prepetition obligations pursuant to the "doctrine of necessity." *See Ionosphere Clubs*, 98 B.R. at 176−77; *see also In re Lehigh & New England Railway Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (discussing "necessity of payment" principle and holding that "if payment of a claim which arose prior to reorganization is essential to the continued operation of the . . . [business] during reorganization, payment may be authorized even if it is made out of [the] corpus"); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing judicial power to authorize trustees in reorganization to pay claims for goods and services necessary to debtor's continued operation).

16. Accordingly, the Court has authority to authorize the Debtor to continue the Customer Programs and to pay prepetition claims arising under the Customer Programs in pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code.

17. The Customer Programs the Debtor maintains are routine in the retail industry. If the Debtor is unable to honor its Customer Program, its ability to conduct business and maximize sales will be severely hampered. On the other hand, continuing to administer the Customer Programs without interruption during this case will help preserve the Debtor's valuable customer relationships and goodwill, which will inure to the benefit of all of the Debtor's stakeholders, including by maximizing customer traffic and purchasing in-store.

5

18. Courts in other districts have authorized retail debtors to honor prepetition obligations arising from customer programs. *See, e.g., In re Michigan Sporting Goods Distributors, Inc.,* Case No. 17-00612, Doc. No. 96 (Bankr. W.D. Mich. February 16, 2017); *In re Aeropostale, Inc.*, Case No. 16-11275, Doc. No. 245 (Bankr. S.D.N.Y. June 3, 2016); *In re Sports Auth. Holdings, Inc.*, Case No. 16-10527, Doc. No. 134 (Bankr. D. Del. Mar. 3, 2016); *In re City Sports, Inc.*, Case No. 15-12054, Doc. No. 190 (Bankr. D. Del. Oct. 28, 2015); *In re Quicksilver, Inc.*, Case No. 15-11880, Doc. No. 65 (Bankr. D. Del. Sept. 10, 2015).

19. The Debtor submits that the substantial benefit conferred on the Debtor's estate by the Customer Programs substantially outweighs the costs associated with them. Accordingly, the Debtor respectfully requests the authority to continue its Customer Programs and honor prepetition commitments related thereto to the extent requested herein, all in the Debtor's sole discretion. In addition, the Debtor respectfully requests authority to continue, replace, implement, modify and/or terminate one or more of the Customer Programs, as the Debtor deems appropriate in its business judgment and in the ordinary course of business, without further application to the Court.

## SATISFACTION OF BANKRUPTCY RULE 6003

20. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtor submits that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor. Therefore, Bankruptcy Rule 6003 is satisfied to the extent that it is applicable

6

## WAIVER OF ANY APPLICABLE STAY

21. The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for it to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

22. Nothing in the Proposed Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and their estates, or (iii) shall be construed as a promise to pay a claim.

## NOTICE

23. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of North Dakota; (ii) counsel to Wells Fargo Bank, National Association; (iii) holders of the twenty (20) largest unsecured claims on a consolidated basis against the Debtor; (iv) counsel to any committee appointed in this case; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

24. For the reasons set forth above, The Debtor respectfully requests that the Court enter an order, in the form attached as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as may be just and proper under the circumstances.

Dated this 1st day of March, 2017.

**VOGEL LAW FIRM**

BY: */s/ Jon R. Brakke* .
Jon R. Brakke (#03554)
jbrakke@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: 701.237.6983
*PROPOSED COUNSEL TO DEBTOR IN POSSESSION*

8

# **EXHIBIT A**

**(Proposed Order)**

Case 17-30112    Doc 13    Filed 03/01/17    Entered 03/01/17 09:31:06    Desc Main
Document      Page 9 of 12

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.: 17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## ORDER AUTHORIZING MAINTENANCE, ADMINISTRATION AND CONTINUATION OF CERTAIN CUSTOMER PROGRAMS

This matter having come before the Court on the motion (the "**Motion**")[1] of the Debtor for entry of an order authorizing the Debtor to maintain and administer the Customer Programs and honor prepetition obligations to customers related to these Customer Programs in the ordinary course of business as set forth in the Motion, and upon consideration of the First Day Declaration and the entire record of this Case; due and adequate notice of the Motion has been given under the circumstances, and no other or further notice need be given; and as the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtor is authorized, but not directed, in its sole discretion, to honor all Gift Cards purchased and coupons earned prior to the Petition Date. The Debtor will not sell Gift Cards after the Petition Date.

3. The Debtor is authorized, but not directed, to, in its sole discretion honor all prepetition obligations associated with the Return and Exchange Program, except that the period for returning merchandise purchased pre-petition shall be 10 days from the Petition Date.

4. Nothing in this Order, nor as a result of any payment made pursuant to this Order, (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against Debtor and its estate, (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate, (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor, its estate, or the Debtor's insurance carriers, or (d) shall be construed as a promise to pay a claim.

5. Bankruptcy Rule 6003(b) has been satisfied.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order is effective immediately and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtor is authorized, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated this ____ day of _____, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

3

2823684.2