# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.: 17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE PREPETITION INSURANCE POLICIES, AND (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF; AND (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS

Vanity Shop of Grand Forks, Inc. ("**Debtor**") in the above-captioned chapter 11 case hereby moves the Court ("**Motion**") for entry of an interim order ("**Interim Order**") and a final order ("**Final Order**"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, pursuant to Sections 105(a) and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"): (i) authorizing, but not directing, Debtor to: (a) continue to maintain and administer its prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as needed, and (b) pay or honor obligations outstanding on account of prepetition insurance policies, if any; and (ii) authorizing Debtor's banks and other financial institutions (collectively "**Banks**") to honor and process related checks and electronic transfers. In support of this Motion, Debtor relies on the Declaration of Jill Motschenbacher in Support of Chapter 11 Petition and First Day Motions ("**First Day Declaration**"), which was filed contemporaneously with this

Motion and is incorporated herein by reference.  In further Support of this Motion, Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Chapter 11 case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and Debtor consents to entry of a final order by the Court in connection with this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final order or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of this Chapter 11 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Sections 105(a) and 363(b) of the Bankruptcy Code and the Bankruptcy Rules 6003 and 6004.

**BACKGROUND**

**I.      GENERAL**

3.      On the date hereof ("**Petition Date**"), Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code.  Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  To date, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.  Additional factual background relating to Debtor's business, capital structure, and the commencement of this Chapter 11 case is set forth in further detail in the First Day Declaration.

2

2813121.3

## II.    OVERVIEWS OF INSURANCE POLICIES

4.      In the ordinary course of business, Debtor maintains a carefully designed and vitally important insurance program (the "**Insurance Program**").  This program includes multiple insurance policies (each a "**Policy**" and, collectively, the "**Policies**").  The Insurance Policies vary in amounts and types of coverage in accordance with prudent business practices, state and local laws governing the jurisdictions in which Debtor operates and various contractual obligations.  The Insurance Policies include (i) general liability, (ii) auto, and (iii) umbrella, among others.[1]  The Policies that are the subject of this Motion are listed in the schedule attached hereto as **Exhibit C** ("**Insurance Schedule**").[2]  For each Policy, the Insurance Schedule includes, among other things: (i) the corresponding insurance carrier (individually "**Insurance Carrier**," and collectively "**Insurance Carriers**"); (ii) the corresponding broker; (iii) the last four digits of the policy number; (iv) annual premium; and (v) an estimate of prepetition amounts owed.

---

[1] Contemporaneously herewith, Debtor has filed the Debtor's Motion for Entry of an Order: (i) Authorizing Debtor to Pay and Honor Certain Prepetition Wages, Benefits, and Other Compensation Obligations, (ii) Honor Management Services Agreement and Pay Prepetition Obligations Related Thereto, and (iii) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations ("**Employee Wages Motion**").  The Employee Wages Motion seeks, among other things, authority to continue to (i) provide various benefits, including applicable insurance coverage, for employee health and welfare programs, and (ii) administer its workers' compensation program and honor all obligations in connection therewith in the ordinary course of business.  These programs and policies are not listed on the Insurance Schedule, and the maximum allowances for payment of prepetition insurance obligations listed in this Motion are exclusive of any amounts for which payment authority may be sought in the Employee Wages Motion.

[2] The Policies summarized on the Insurance Schedule are representative only and are not intended to restrict the Debtors from changing carriers or programs, or adding different types of insurance, in the ordinary exercise of Debtor's discretion.

2813121.3

5.     The Policies are essential to the preservation of the value of Debtor's business, property, and assets during Debtor's ongoing wind down.  Not only are some of the Policies required by the various regulations, laws, and contracts that govern Debtor's commercial activities, but Section 1112(b)(4)(C) of the Bankruptcy Code provides "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case.  11 U.S.C. § 1112(b)(4)(C).

6.     The total annual premiums under the current Insurance Policies are approximately $392,515.00.[3]  These premiums are paid to the relevant Insurance Carriers either as annual prepayments or as installment payments.  The estimated prepetition amount owing to the Insurance Carriers is $57,919.00.  Debtor seeks authority pay prepetition amounts owed on the Policies in an amount not to exceed $65,000.00.

## RELIEF REQUESTED

7.     By this Motion, Debtor seeks entry of interim and final orders (i) authorizing, but not directing, Debtor to (a) continue to maintain and administer the Policies and revise, extend, renew, supplement, or change the Policies, as needed, and (b) pay or honor obligations outstanding on account of the Policies in the ordinary course of business; and (ii) authorizing the Banks to honor and process related checks and electronic transfers.[4]

---

[3] Calculations for total annual premiums and for the annual premium under each Policy listed in the Insurance Schedule include additional charges on certain policies such as broker commissions, surcharges, policy fees, and charges for surplus lines.  Debtor seeks to make payments to these charges as well as on the base premiums due.

[4] Nothing in this Motion should be construed as an assumption of any executory contract or unexpired lease between Debtor and any other party, nor should it be construed as a rejection of any executory contract or unexpired leases.  Debtor reserves its right to contest the amount claimed to be due by any person or entity.

2813121.3

## BASIS OF RELIEF

I.  **CONTINUATION OF THE INSURANCE PROGRAM AND PAYMENT OF PREPETITION OBLIGATIONS IN RESPECT THEREOF ARE NECESSARY AND APPROPRIATE**

8.      The Court may grant the relief requested herein pursuant to Section 363 of the Bankruptcy Code.  Section 363(b)(1) provides a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under this Section, a court may authorize a debtor to pay certain prepetition claims.  *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on Section 363 of the Bankruptcy Code to allow a contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).  To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors."  98 B.R. at 175.

9.      In addition, Sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business.  11 U.S.C. §§ 1107(a), 1108.  Indeed, a debtor in possession operating a business under Section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty.  *See In re CoServe, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").  The *CoServ* court specifically noted the pre-

plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.*

10.    To supplement these explicit powers, Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Numerous courts have recognized that payments to prepetition creditors are appropriate pursuant to Section 105(a) of the Bankruptcy Code under the "doctrine of necessity" or the "necessity of payment" rule where such payments are necessary to the continued operation of the debtor's business.  *See, e.g.*, *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding the necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *In re Ionosphere Clubs*, 98 B.R. at 176 (recognizing "the existence of the judicial power to authorize a debtor  . . . to pay prepetition claims where such payment is essential to the continued operations of the debtor."); *see also In re Payless Cashways, Inc.*, 268 B.R. 543, 546 (Bankr. W.D. Mo. 2001) ("Since enactment of the Code various courts have permitted debtors-in-possession to pay pre-petition debts on the grounds that payment of such claims was necessary to effectuate a successful reorganization, or at least to give the debtor the opportunity to propose any type of plan at all."); *In re Wehrenberg, Inc.*, 260 B.R. 468, 469 (Bankr. E.D. Mo. 2001) ("Pursuant to 11 U.S.C. § 105(a) the Court may authorize the

payment of prepetition claims when such payments are necessary to the continued operation of the Debtor."); *In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."); *In re Columbia Gas Sys., Inc.*,171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (finding that a debtor is entitled to pay certain prepetition creditors upon a showing that the payment is "essential to the continued operation of the business" (citations omitted)).

11.     The relief sought by this Motion is appropriate under each of the foregoing standards.  In light of the importance of maintaining insurance coverage with respect to its business activities, Debtor believes it is in the best interest of its estate to maintain the Policies and to pay any prepetition premiums necessary to do so, as well as to revise, extend, supplement, or change insurance coverage, as necessary, pursuant to Section 363(b)(1) of the Bankruptcy Code.  If the Policies lapse, or if certain of the Insurance Carriers cancel the Policies or otherwise refuse to continue doing business with Debtor, on account of unpaid premiums, before Debtor is able to find replacement coverage, Debtor's estate could be exposed to significant liabilities.  The loss of any insurance coverage would impose considerable administrative and financial burden on Debtor, requiring Debtor's management to expend significant attention and resources to secure replacement coverage at a critical juncture in this Chapter 11 case.

7

## II. THE BANKS SHOULD BE AUTHORIZED TO HONOR AND PROCESS PAYMENTS ON ACCOUNT OF PREPETITION OBLIGATIONS IN RESPECT OF THE INSURANCE PROGRAM

12.    Debtor represents it has sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations, and anticipated access to cash collateral.  As a result of the commencement of this Chapter 11 case and in the absence of a Court order providing otherwise, Debtor's checks and electronic fund transfers on account of prepetition obligations related to the Insurance Program may be dishonored or rejected by financial institutions.  Under Debtor's cash management system, Debtor can readily identify checks or transfers as relating directly to payment of prepetition obligations related to the Insurance Program.  Accordingly, Debtor believes prepetition checks and transfers other than those related to the Insurance Program or as otherwise authorized by this Court will not be honored inadvertently.  Debtor submits the Banks should be authorized to rely on Debtor's representations with respect to whether any check drawn or transfer request issued by Debtor prior to the Petition Date should be honored pursuant to this Motion.

### IMMEDIATE RELIEF IS JUSTIFIED

13.    Bankruptcy Rule 6003 provides the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  As described above, any disruption of the Insurance Program, would substantially diminish or impair Debtor's efforts in this Chapter 11 case to preserve and maximize the value of its estate.  For this reason, and those set forth above, Debtor respectfully submits

8

Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to Debtor and its estate.

## **WAIVER OF ANY APPLICABLE STAY**

14.    Debtor also requests the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief requested is necessary for Debtor to operate its business and conduct the Store Closing Sales without interruption, thereby preserving value for its estate. Accordingly, Debtor respectfully requests the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## **NOTICE**

15.    Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of North Dakota; (ii) counsel to Wells Fargo Bank, National Association; (iii) holders of the twenty (20) largest unsecured claims on a consolidated basis against Debtor; (iv) the insurance carriers and brokers (if applicable); (v) the Banks; (vi) counsel to any committee appointed in this case; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Debtor submits, in light of the nature of the relief requested, no other or further notice need be given.

2813121.3

## CONCLUSION

16.    WHEREFORE, Debtor respectfully requests entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectfully, (i) granting the relief requested herein, and (ii) granting such other relief as is just and proper.

Dated this 1st day of March, 2017.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
    Jon R. Brakke (#03554)
    jbrakke@vogellaw.com
    Caren W. Stanley (#06100)
    cstanley@vogellaw.com
    218 NP Avenue
    PO Box 1389
    Fargo, ND  58107-1389
    Telephone:  701.237.6983
    *PROPOSED COUNSEL TO DEBTOR IN POSSESSION*

2813121.3

## **EXHIBIT A**

**(Proposed Interim Order)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.:  17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## INTERIM ORDER: (I) AUTHORIZING DEBTOR TO (A) CONTINUE PREPETITION INSURANCE POLICIES, AND (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF; AND (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS

Upon the Motion[1] of Debtor for entry of this Interim Order pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) authorizing Debtor to (a) continue to maintain and administer prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as needed, and (b) pay or honor obligations outstanding on account of prepetition insurance policies, if any; and (ii) authorizing the Banks to honor related checks and transfers; and upon the First Day Declaration; and it appearing this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing venue of this Chapter 11 case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing due and adequate notice of the Motion and the hearing thereon having been given; and it appearing no other or further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice being necessary; and it appearing the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined the relief sought in the Motion is in the best interests of Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Debtor is authorized, but not directed, to (i) continue to maintain and perform under its Insurance Program, and (ii) revise, extend, renew, supplement, or change the Policies or enter into new policies, if necessary, in the ordinary course of business consistent with Debtor's past practice.

3.      The Banks are authorized, when requested by Debtor, in Debtor's discretion, to process and honor all checks and fund transfer requests for prepetition obligations related to the Insurance Program that Debtor is authorized to pay pursuant to this Order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, provided, funds are available in Debtor's accounts to cover the checks and fund transfers.  The Banks are authorized to rely on Debtor's designation of any particular check or fund transfer request to be honored.

4.      Debtor is authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests in respect of any prepetition obligations authorized in this Order that were dishonored or rejected as a consequence of the commencement of this Chapter 11 case.

2813121.3

5.      Nothing herein shall alter any noticing or other obligations of Debtor relating to any of the Policies or payment of any obligation relating to the Insurance Program.

6.      Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim or lien against Debtor or an approval or assumption of any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code or (ii) a waiver of the right of Debtor, or shall impair the ability of Debtor, to contest the validity or amount of any payment made pursuant to this Order.

7.      Objections to entry of an order granting the Motion on a final basis must be filed by _____ ___, 2017 at 4:00 p.m. prevailing Central Time and served on: (i) proposed counsel to Debtor, Vogel Law Firm 218 NP Avenue, PO Box 1389, Fargo, North Dakota 58107-1389, Attn: Jon R. Brakke, Caren W. Stanley; (ii) the U.S. Trustee, Office of the United States Trustee, 314 S. Main Avenue, Suite 303, Sioux Falls, South Dakota 57104; and (iii) counsel to any statutory committee appointed in this Chapter 11 case. A final hearing, if required, on the Motion will be held on _____, 2017 at _____ __.m. prevailing Central Time.  If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

8.      Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      Debtor shall serve this Order on the Insurance Carriers no later than two business days after the date this Interim Order is entered.

3

10.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to Debtor.

11.     The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid immediate and irreparable harm to Debtor.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated this _____ day of March, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

2813121.3

# **EXHIBIT B**

**(Proposed Final Order)**

2813121.3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.:  17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

## FINAL ORDER: (I) AUTHORIZING DEBTOR TO (A) CONTINUE PREPETITION INSURANCE POLICIES, AND (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF; AND (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS

Upon the Motion[1] of Debtor for entry of this Final Order pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004: (i) authorizing Debtor to (a) continue to maintain and administer prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as needed, and (b) pay or honor obligations outstanding on account of prepetition insurance policies, if any; and (ii) authorizing the Banks to honor related checks and transfers; and upon consideration of the First Day Declaration; and it appearing this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and the Court having entered certain Interim Order: (i) Authorizing Debtor to (a) Continue

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Prepetition Insurance Policies, and (b) Pay All Prepetition Obligations in Respect Thereof; and (ii) Authorizing Banks to Honor Related Checks and Transfers (Doc. No. _____); and it appearing the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined the relief sought in the Motion is in the best interests of Debtor, its estate, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Debtors is authorized, but not directed, to (i) continue to maintain and perform under their Insurance Program, and (ii) revise, extend, renew, supplement, or change the Policies (including the Financed Policies) or enter into new policies, if necessary, in the ordinary course of business consistent with the Debtor's past practice.

3.      The Banks are authorized, when requested by Debtor, in Debtor's discretion, to process and honor all checks and fund transfer requests for prepetition obligations related to the Insurance Program that Debtor is authorized to pay pursuant to this Order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, provided, funds are available in Debtor's accounts to cover the checks and fund transfers.  The Banks are authorized to rely on Debtor's designation of any particular check or fund transfer request to be honored.

4.      Debtor is authorized to issue postpetition checks or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests in respect of any

2

prepetition obligations authorized in this Order that were dishonored or rejected as a consequence of the commencement of this Chapter 11 case.

5.      Nothing herein shall alter any noticing or other obligations of Debtor under any of the Policies or payment of any obligation relating to the Insurance Program.

6.      Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim or lien against Debtor or an approval or assumption of any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code or (ii) a waiver of the right of Debtor, or shall impair the ability of Debtor, to contest the validity or amount of any payment made pursuant to this Order.

7.      Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid immediate and irreparable harm to Debtor.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated this _____ day of March, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

2813121.3

3

## **EXHIBIT C**

**(Insurance Schedule)**

2813121.3

**VANITY SHOP OF GRAND FORKS, INC.**

**Insurance Providers/Coverage**
**As of March 1, 2017**

| Coverage | Broker | Broker Notice Address | Carrier | Carrier Notice Address | Annual Premium* | Prepetition Amount Owing | Last Four Digits of Policy # |
|---|---|---|---|---|---|---|---|
| Commercial Package | HUB International Mountain States Limited | 3533 Gabel Road, Billings, MT 59102-7307 | Continental Western Insurance Company | 660 East Watertower Street, Meridian, ID | $164,031 | $40,596 | 7421 |
| Worker's Compensation | HUB International Mountain States Limited | 3533 Gabel Road, Billings, MT 59102-7307 | Liberty Mutual Fire Insurance Company | 175 Berkeley St - MS 10B, Boston, MA 02: | $186,582 | $0 | 0016 |
| ERISA Fidelity bond | HUB International Mountain States Limited | 3533 Gabel Road, Billings, MT 59102-7307 | Hartford Fire Ins Co Policy | 1 Hartford Plz, Hartford, CT 06155-1703 | $311 | $0 | 5265 |
| Ocean Marine Cargo | HUB International Mountain States Limited | 3533 Gabel Road, Billings, MT 59102-7307 | The Continental Insurance Company | Ambest Road, Oldwick, NJ 08858 | $12,500 | $1,643 | 0533 |
| Worker's Compensation-OH | NA | NA | BWC Ohio Bureau of Workers Comp | PO Box 89492, Cleveland, OH 44101 | $5,500 | $1,400 | 6926 |
| Worker's Compensation-ND | NA | NA | Workforce Safety & Insurance Employer Services | 1600 East Century Avenue, Suite 1, PO Bo | $10,000 | $10,000 | 7157 |
| Worker's Compensation-WY | NA | NA | Department of Workforce Services | PO Box 20006, Cheyenne, WY 82003 | $2,100 | $325 | 5280 |
| Worker's Compensation-WA | NA | NA | Washington State Dept of Labor & Industries | PO Box 24106, Seattle, WA 98124 | $8,770 | $1,350 | 4532 |
| Employee Health/Dental | NA | NA | Blue Cross Blue Shield of North Dakota | PO Box 6005, Fargo, ND 58108-6005 | $111,000 | $0 | 1501 |
| Employee Group Life/STD | NA | NA | Unum Life Insurance Company of America | PO Box 406946, Atlanta, GA 30384-6946 | $47,000 | $0 | 0026 |
| Voluntary Employee Life | NA | NA | Unum Life Insurance Company of America | PO Box 406946, Atlanta, GA 30384-6946 | $2,700 | $0 | 0026 |
| Voluntary Employee Vision | NA | NA | Avesis Third Party Administrators, Inc. | PO Box 52718, Phoenix, AZ 85072 | $11,500 | $0 | 4002 |
| Voluntary Employee Hospital Indemnity/Cancer/AD&D | NA | NA | AFLAC | 1932 Wynnton Road, Columbus, GA 3199 | $20,000 | $1,800 | GA57 |