UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

In re:

**Vanity Shop of Grand Forks, Inc.**,

Debtor.

Case No.: 17-30112
Chapter 11

Related to Docket No. 333

### REPLY TO DEBTOR'S OBJECTION TO FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BGA MANAGEMENT, LLC

The Official Committee of Unsecured Creditors (the "Committee") of Vanity Shop of Grand Forks, Inc. (the "Debtor"), by and through its counsel Fox Rothschild LLP ("Fox"), hereby replies (the "Reply") to the *Debtor's Objection to First Interim Application for Compensation and Reimbursement of Expenses of BGA Management, LLC* (the "Objection") in further support of the *First Interim Application for Compensation and Reimbursement of Expenses of BGA Management, LLC dba, Alliance Management, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for The Period from March 21, 2017 through June 7, 2017* (the "Application"). The Debtor objected on three grounds with little support or argument:

> First, in that this is essentially a controlled liquidation bankruptcy case, the Debtor questions whether there was a reasonable need for the extensive financial services and analysis provided by BGA. … Second, based on a review of the invoices submitted by BGA, there appears to be duplication of services provided by Chris Tomas and David Burke. Third, the Debtor questions whether the rates of $450-400 per hour for Mr. Tomas and Mr. Burke are in fact "reasonable."

Objection at *2.

While the Debtor has positioned this proceeding as a controlled liquidation case with no need for extensive financial analysis, it overlooks the discovery and litigation issues that have already been raised in these proceedings. This is not a quick and dirty controlled sale. Rather, this is a controlled liquidation which includes the release of millions of dollars of potential insider

liability. While disputing the need for discovery at a prior hearing, Debtor's counsel admitted the near certainty that creditors of the estate will receive fractional distributions, with a total difference between debt and repayment of over $1 million. Considering that the unsecured creditors will bear the entire cost of BGA Management LLC ("Alliance"), it is unreasonable to question their decision and judgment as it relates to Alliance's compensation. Additionally, if the expense to the estate was a primary concern of the Debtor, the Committee questions the lack of informal comments. It would have been far more efficient for the Debtor to raise these issues informally prior to filing the Objection in order to save the expense of preparing and arguing pleadings. This is particularly true as all of the attorneys involved in this process are compensated out of the estate.

<u>Was there a reasonable need for the financial services and analysis provided?</u>

This is a question that should have been asked and answered at the time of Alliance's retention. It was determined at that point that it was necessary to retain a financial analyst with relevant experience in the myriad jurisdictions in which Vanity operated. Accordingly, the Committee approved of this choice prior to retaining Alliance and the retention was approved by this Court.

<u>Alleged Duplication of Services</u>

While there was certainly overlap in the services provided, as there is in any situation involving more than one person coordinating services, there was no needless duplication of efforts. Mr. Burke or Mr. Tomas intend to participate remotely in the hearing on this issue and will be in a position to refute any allegations of duplication of effort and expand upon any perceived brevity in their recording of services.

<u>The Rates of Mr. Tomas and Mr. Burke</u>

The Committee was aware of, and approved, the rates charged by both Mr. Tomas and Mr. Burke prior to their engagement. Additionally, both Mr. Burke and Mr. Tomas were engaged in the Pawn America Minnesota, LLC bankruptcy case in the Bankruptcy Court for the District of

2

Minnesota at the same rates that are being questioned in this case.  The Committee determined it to be in the best interest of its constituents to ensure that suitably experienced professionals were reviewing the assets and liabilities it this case.  And just like attorneys, experienced finance professionals demand higher rates than their inexperienced counterparts.

WHEREFORE, the Committee respectfully requests that this Court enter an order (i) overruling the Objection and approving the Application; and (ii) providing such other relief as the Court deems just and proper under the circumstances.

Date: July 28, 2017              **FOX ROTHSCHILD LLP**

By: /s/ Mette H. Kurth
Mette H. Kurth (Admitted in CA #187100)
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
Telephone: (302) 622-4209
Facsimile: (302) 656-8920


E-Mail:  *mkurth@foxrothschild.com*-and-

Ellie Barragry (MN #395207)
Campbell Mithun Tower, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota  55402-3338
Telephone:  (612) 607-7000
Fax Telephone:  (612) 607-7100
E-Mail:  *ebarragry@foxrothschild.com*

*Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on July 28, 2017 by this Court's CM/ECF System on all parties receiving electronic notice in this case.


       /s/ Mette H. Kurth
       METTE H. KURTH

ACTIVE\50265002.v1-7/28/17