## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>VANITY SHOP OF GRAND FORKS, INC.,<br><br>          Debtor. | Chapter 11<br><br>Case No. 17-30112 |

## NOTICE OF B.E. CAPITAL'S APPLICATION TO ALLOW
## CLAIM NO. 292 AS ADMINISTRATIVE EXPENSE

NOTICE IS HEREBY GIVEN that B.E. Capital Management Fund LP has filed an application to allow Proof of Claim No. 292 as an administrative expense, a copy of which is attached and is served upon you.

NOTICE IS FURTHER GIVEN that written objections to said motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 201, Fargo, North Dakota 58102, within TWENTY-ONE (21) days from the date of service hereof.  Any objections not filed and served may be deemed waived.

Dated: August 25, 2017

STORCH AMINI PC

/s/ Jeffrey Chubak
Jeffrey Chubak (admitted pro hac vice)
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 490-4208
E-mail: jchubak@storchamini.com

*Attorneys for Creditor B.E. Capital*
*Management Fund LP*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

|  |  |
|---|---|
| In re:<br><br>VANITY SHOP OF GRAND FORKS, INC.,<br><br>                                        Debtor. | Chapter 11<br><br>Case No. 17-30112 |

## B.E. CAPITAL'S APPLICATION TO ALLOW
## CLAIM NO. 292 AS ADMINISTRATIVE EXPENSE

B.E. Capital Management Fund LP ("B.E. Capital") moves for an order, substantially in the form attached hereto as Exhibit 1, allowing Proof of Claim No. 292 (the "Claim"), filed by trade creditor Anfield Apparel Group, Inc. ("Anfield Apparel") in the amount of $249,841.09 and subsequently transferred to B.E. Capital, a copy of which is attached hereto as Exhibit 2, as an administrative expense, and respectfully states:

## INTRODUCTION

1.      At the hearing held March 23, 2017, this Court invited Anfield Apparel to file an application for allowance of its unsecured claim an administrative expense, as a remedy for the Debtor's acknowledged failure to segregate and return goods subject to Anfield Apparel's timely reclamation demand.  By this motion, B.E. Capital, as transferee of Anfield Apparel's claim and associated reclamation rights, moves for an order granting said relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).  Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

3.      The Debtor commenced this case on March 1, 2017.

4.      The Debtor stated in its First Day Declaration [ECF No. 26] that it had $4.3 million in first lien debt owed to Wells Fargo, and approximately $5 million in second lien debt owed

to TGC, L.P. ("TGC"), a partnership owned-and-controlled by the Bottrell family (insiders) (*id*. ¶27) that filed its financing statement on February 1, 2017, a mere month before the petition date (*id*. ¶29).

5.      The Wells Fargo loan was paid shortly following the petition date [ECF No. 278 ¶8].

6.      Serious questions exist as to whether the TGC claim, filed in the amount of $5.25 million (*see* Proof of Claim No. 281, a copy of which is attached as Exhibit 3), is entitled to treatment as a secured claim.  The First Day Declaration references a Subordinated Credit and Intercreditor Agreement, dated as of August 27, 2013 (*id*. ¶28), but does not state that a security interest was granted by that instrument (or any other instrument).  Moreover, TGC's claim states it relates to various transfers made beginning July 2013, but the Debtor stated TGC's alleged security interest was perfected on February 1, 2017, making 11 U.S.C. § 547(e)(2) likely inapplicable.[1]  *See also* ECF No. 278 ¶9 (representation by Official Committee of Unsecured Creditors ("Committee") that it intends to seek to avoid perfection of TGC's security interest as a preference).  The Committee also stated it is exploring whether the TGC claim should be recharacterization as equity.  *Id*. ¶10; *see also* ECF No. 355 pp.1-2 (describing this case as "a controlled liquidation which includes the release of millions of dollars of potential insider liability," suggesting it is highly unlikely the TGC claim would be allowed in full as a secured claim).

---

[1]      Section 547(e)(2) provides that if a security interest is perfected within 30 days of the grant of the security interest, the transfer for section 547 purposes takes place at the time the security interest is granted, but if perfection occurs after the 30-day period the transfer takes place when the security interest is perfected.

7.      On March 15, 2017, Anfield Apparel served a reclamation demand on the Debtor, a copy of which is attached to the Claim as Exhibit A.  Five days later Anfield Apparel filed a notice with this Court that it timely served such a demand [ECF No. 142].

8.      At the March 23, 2017 hearing on the Debtor's motion for authorization to pay prepetition taxes and related relief, the Debtor admitted that it did not keep records sufficient to identify which goods were subject to reclamation at the time a reclamation demand was served:

> Mr. Brakke: To the extent the goods are, so to speak, in the warehouse, Your Honor, and essentially are still in the original shipping cartons, it is possible to identify goods subject to a reclamation claim.
>
> We believe, Your Honor, that with one exception, which is a shipment of sunglasses with a value of approximately $3,000, all of the other goods on which we've received reclamation claims have been shipped out of the warehouse long before the case was started … It is simply impossible to trace …
>
> The Court: So actually returning merchandise, once it's been shipped from the crates at the original point of reception of the goods that were received, once it was shipped out to various stores, there's virtually no way to return the goods to the suppliers that provided them?
>
> Mr. Brakke: There's no way to return them and there's also really no way to trace them to a particular shipment that might be the subject of a reclamation claim.

Mar. 23, 2017 Hr'g Tr. [ECF No. 250] ("Tr.") 34:17-35:5, 37:24-38:9.

9.      At the hearing, the Debtor suggested creditors deprived of their reclamation rights by the Debtor's inability to trace goods subject to reclamation seek allowance of their claims as an administrative expense:

> The Court: Okay.  So the remedy would be --
>
> Mr. Brakke: An administrative expense claim, which I would think would have far more value than inventory with Vanity labels that the manufacturers really can't make any use of if they recover it …

3

Tr. 38:10-16.

10.    And this Court agreed that an administrative expense was the appropriate remedy:

> The Court: [I]f representations are correct and the goods cannot be traced and so you aren't going to have a genuine opportunity to retrieve inventory that your clients may have sent, then what you have is a claim for compensation. [I]f Mr. Brakke is correct, you may seek an administrative claim and receive that type of priority in the event you can achieve all of the necessary elements.

Tr. 64:24-65:13.

11.    On April 18, 2017, Anfield Apparel commenced an adversary proceeding against the Debtor asserting claims for reclamation and imposition of a constructive trust (No. 17-30112).

12.    Count 1 of the adversary complaint (cause of action for reclamation) sought a judgment directing the Debtor "to account for and return all of Plaintiff's goods supplied in the three prepetition shipments to Plaintiff," notwithstanding the Debtor's prior admission that returning such goods was no longer possible (Adv. Compl. ¶44; *see also* Prayer for Relief ¶1 (same)).

13.    Count 2 of the complaint (cause of action for imposition of a constructive trust) sought a judgment "impress[ing] a constructive trust on Defendant's monies," or an "alternative equitable remedy using the Court's powers under title 11 § 105." (Adv. Compl. ¶¶52-53; *see also* Prayer for Relief ¶2 (same)).

14.    On June 28, 2017, Anfield Apparel filed the Claim in the amount of $249,841.09, representing the total amount of invoices attached to its reclamation demand. (A duplicate claim (Proof of Claim No. 282) was filed two days prior, which B.E. Capital has since withdrawn.)

15.    B.E. Capital subsequently acquired the Claim and associated reclamation rights and filed a notice of transfer [ECF No. 385].

16.     B.E. Capital agrees with the Debtor that if the goods subject to a reclamation demand cannot be traced, let alone returned, the remedy (but not the claim) of reclamation is unavailable.  *See*, *e.g.*, *In re Griffin Retreading Co.*, 795 F.2d 676, 679 (8th Cir. 1986) ("In this case the right to reclaim was meaningless since [the debtor] sold the goods thus removing them from the corpus of the bankrupt's assets).

17.     Because B.E. Capital does not wish to pursue the constructive trust claim asserted in the adversary complaint (a remedy disfavored in bankruptcy), and the cause of action for reclamation asserted in the adversary complaint only sought the return of goods, and did not seek the alternative relief sought herein, B.E. Capital withdrew the adversary proceeding after substituting in for Anfield Apparel as plaintiff, without prejudice, preserving its right to seek allowance of the Claim as an administrative expense.

## **RELIEF REQUESTED AND BASIS THEREFOR**

18.     By this motion, B.E. Capital requests entry of an order allowing the Claim as an administrative expense.

## **I.    ALL ELEMENTS OF A RECLAMATION CLAIM HAVE BEEN SATISFIED**

### **A.    All Statutory Elements of Section 546(c) are Satisfied**

19.     Section 546(c)(1) grants:

> a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, [the right] to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—
>
> (A) Not later than 45 days after the date of receipt of such goods by the debtor; or
>
> (B) Not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

20.     The plain language of the statute makes reclamation an easy claim for a trade creditor to invoke.  All it needs to do is show: (a) the goods subject to reclamation were sold in the ordinary course of business, (b) the debtor received the goods within 45 days prior to the petition date, (c) the debtor was insolvent when the goods were received, and (d) a timely written demand was made.

21.     Each of the foregoing elements has been satisfied.  It is undisputed the subject goods were sold in the ordinary course of Anfield Apparel's business, and that the goods were received by the Debtor during the 45-day window.  Moreover, the Debtor admitted that it was balance sheet insolvent during this period.  Specifically, the Debtor stated in its Schedules of Assets and Liabilities that as of the petition date, it owned assets worth $12 million, but had $9.6 million in secured debt (the Wells Fargo loan and TGC claim) and $7.9 million in unsecured debt [ECF No. 188]; *see also* First Day Decl. ¶31 (acknowledging unsecured trade debt of $5.7 million, in addition to secured debt outstanding as of the petition date).

**B.     Any Implicit Requirement that the Subject Goods be Identifiable in the Debtor's Possession is Also Satisfied**

22.     The Debtor has stated Anfield Apparel is ineligible for a reclamation claim because it cannot satisfy a non-statutory requirement that the goods sold be identifiable in the Debtor's possession at the time that the reclamation demand was received (Adv. Pro. No. 17-7011, ECF No. 7 pp.2-3).

23.     That argument fails.  At the outset, the (implicit) identification requirement does not mean what the Debtor says it means.  The Debtor states it means a seller must establish that a debtor is capable of tracing goods subject to reclamation to a specific store location at the time a reclamation demand is received, so that the goods can be segregated and returned.  However, the case law is clear the identification requirement means a seller need only demonstrate the debtor

6

possessed goods subject to reclamation when the demand was received. *In re Morken*, 182 B.R. 1007, 1016-17 (Bankr. D. Minn. 1995) (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1344, 1347 (11th Cir. 1988) (identifiable and in the debtor's possession requirement means "the debtor must possess the goods when the reclamation demand is made and therefore that the seller must prove possession as part of its prima facie case"), *In re Landy Beef Co.*, 30 B.R. 19, 20-21 (Bankr. D. Mass. 1983) (requirement means the goods must be in the debtor's possession and identifiable as those of the seller on the date of the demand), and *Oliver Rubber Co. v. Griffin Retreading Co. (In re Griffin Retreading Co.)*, 56 B.R. 239, 241 (D. Minn. 1985), *aff'd sub nom.*, 795 F.2d at 676 (8th Cir. 1986) (same)).

24.     The Debtor does not dispute it possessed goods subject to reclamation when Anfield Apparel's reclamation demand was received, but rather states it had no obligation investigate the matter because the determination of which goods it possessed could not be made without great difficulty due to the Debtor's inability to trace the subject goods.

25.     That excuse is unacceptable. The Eighth Circuit made clear in *Griffin* the Debtor was required to seek prior court authorization before selling the Anfield Apparel goods once a reclamation demand was made. 795 F.2d at 679 ("If Griffin desired to utilize the goods for the purpose of effecting a reorganization then it had the burden of requesting such use from the court"). No exception was carved out by the Eighth Circuit where the goods were traceable only with great difficulty, or were not traceable, which makes sense given that possession, not traceability, is the sole implied element of a reclamation claim. *See also In re Hartz Foods, Inc.*, 264 B.R. 33, 36 (Bankr. D. Minn. 2001) (quoting *Griffin*, 795 F.2d at 679) (it is the "debtor-buyer's 'obligation,' once it had received notice of the seller's intent to reclaim, 'to hold the goods for re-delivery to the seller' or seek court approval to use the goods otherwise").

26.     It is undisputed the Debtor did not seek Court authorization to sell Anfield Apparel goods after receipt of its reclamation demand.  It would make no sense to permit the Debtor to defeat a reclamation claim by ignoring its obligation to do so, as it would in effect reward the Debtor for ignoring its obligations as debtor in possession.   As noted in *In re McLouth Steel Prods. Corp.*, 213 B.R. 978, 986 (E.D. Mich. 1997):

> Appellant should not be allowed to both have its proverbial cake and eat it, too, by claiming on the one hand that Appellees made improper claims because they did not establish that the goods were on hand [*i.e.*, identifiable in the debtor's possession], and, on the other, by claiming that Appellees' claims were extinguished because the goods, which were on hand, after all, were sold to a third-party … Appellant's arguments are particularly unpersuasive where it has been conceded by all of the parties to this appeal, that none of them are now in a position to make such a determination without incurring great expense.  It is Appellant's conduct which prevented timely discovery of the facts which it now claims are crucial, and which are now likely beyond ascertaining.

(Emphasis added.)  *See also In re Georgetown Steel Co.*, 318 B.R. 340, 348 (Bankr. D. S.C. 2004) ("Reclamation Creditors should not be prejudiced by any argument that their rights are somehow diminished because they cooperated with a sale of Debtor's assets which included their goods").

## II.     B.E. CAPITAL IS ENTITLED TO AN ADMINISTRATIVE EXPENSE

### A.     The Reclamation Right Extends to Proceeds of Subject Goods

27.     It is well established the right of reclamation extends to proceeds of goods.  *Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)*, 964 F.2d 842, 846 (8th Cir. 1992) ("after the secured creditors' superior interests have been satisfied or released, the reclaiming seller retains a priority interest in any remaining goods and in any surplus proceeds from the secured creditors' foreclosure sale"); *U.S. v. Westside Bank*, 732 F.2d 1258, 1263 (5th Cir. 1984) (reclamation right "extends to traceable proceeds from the sale of goods where all prior interests in those goods have been satisfied.  To hold otherwise would in many instances render the statutory

8

remedy a nullity"); *In re Victory Mkts.*, 212 B.R. 738, 743 (Bankr. N.D.N.Y. 1997) ("The reclaiming seller retains a priority interests in any goods remaining and in any surplus proceeds remaining after the superior secured creditor's interests have been satisfied or released"); *In re Child World*, 145 B.R. 5, 8 (Bankr. S.D.N.Y. 1992) (same); 4 White & Summers, Uniform Commercial Code § 32-11 (6th ed. 2005) ("a seller of goods in compliance with statutory requirements for reclamation of goods retains priority status to the traceable proceeds from the sale of goods seller seeks to reclaim, but takes subject to the rights of prior perfect secured lenders").

28.     As noted above, the Debtor admitted it did not keep records sufficient to trace Anfield Apparel goods upon receipt of its reclamation demand.  Therefore, B.E. Capital, as transferee of the Claim, is entitled to a remedy.

29.     The Debtor's disregard for the reclamation demand and continued sale of goods subject to reclamation should not be allowed to defeat the reclamation right.  As reclamation is intended to protect the vendor from the insolvent buyer's deemed fraud (as described below), the right should not disappear as a result of the buyer's continued bad behavior; otherwise debtors would be incentivized to ignore reclamation demands and continue to sell goods subject to those demands even where no prior lien exists or where such lien is satisfied.  *See McLouth* Steel, 213 B.R. at 986 (quoted *supra*).  This interpretation is not consistent with historical practice and is clearly not the purpose of section 546(c).

**B.**    **BAPCPA Did Not Eliminate this Court's Ability to Award an Administrative Expense as a Remedy for a Debtor's Failure to Segregate and Return Goods Subject to Reclamation**

30.    The 2005 amendments to the Bankruptcy Code, and to section 546(c) in particular, did not deprive this Court of authority to grant a reclaiming vendor a remedy other than retaking possession of its goods, including the ability to grant an administrative claim.[2]

31.    B.E. Capital readily acknowledges section 546(c) no longer provides a court <u>must</u> grant a reclaiming vendor an administrative claim or junior lien if it prevents the creditor from reclaiming goods.  However, the fact that Congress granted vendors a remedy in section 503(b)(9) in no way implies that it curtailed vendors' rights to reclaim under an entirely separate section. The two sections (546(c) and 503(b)(9)) create separate remedies such that there are two separate rights.  Although a vendor assuredly cannot be paid under section 503(b)(9) for goods reclaimed under section 546(c), there is no basis for curtailing a broad remedy (546(c)) because a vendor also has a narrow one (503(b)(9)).

32.    Such an interpretation would also be inconsistent with the principle that "[w]hen Congress amends the bankruptcy laws, it does not write 'on a clean slate.'"  *Dewsnup v. Timm*, 502 U.S. 410, 419 (1993).  Changes in prior practice are not presumed based on vague language absent "at least some discussion in the legislative history."  *Id*.  *See also Keene Corp. v. U.S.*, 508 U.S. 200, 209 (1993) ("We do not presume that a revision worked a change in the underlying substantive law 'unless an intent to make such [a] change is clearly expressed'"); *Hamilton v.*

---

[2]    Prior to BAPCPA, section 546(c)(2) provided "the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or (B) secures such claim by a lien."  That subsection was replaced with current section 546(c)(2), which provides "If a seller of goods fails to provide notice in the manner described in paragraph (1), the sellers still may assert the rights contained in section 503(b)(9)."

*Lanning*, 560 U.S. 505, 515 (2010) ("Pre-BAPCPA bankruptcy practice is telling because we will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure").  Abolition of the right to a remedy for reclamation other than the retaking of goods is inconsistent with longstanding precedent and an unreasonable reading of the statute.

33.    Such an interpretation would also be unreasonable because BAPCPA was designed to underline enhance trade creditor remedies under the Bankruptcy Code.  The changes to section 546(c) expanded the look-back period before bankruptcy during which goods may be subject to reclamation from 10 to 45 days and enlarged the postpetition grace period for making a reclamation demand from 10 to 20 days.  Those changes reflect a clear congressional intent to improve reclaiming vendors' rights, and it would be wholly inconsistent with those changes to limit courts' ability to grant the relief sought herein.  *See*, *e.g.*, *In re Circuit City Stores, Inc.*, 416 B.R. 531, 536 (Bankr. E.D. Va. 2009) (section 1227 of BAPCPA (entitled "reclamation"), which is the provision through which section 546(c) was amended, "appears to have been adopted as an attempt by Congress to enhance certain types of reclamation claims raised by creditors in bankruptcy cases"); *In re SRC Liquidation, LLC*, No. 15-10541, 2017 WL 2992718, at *3 (D. Del. July 13, 2017) (citing *In re Circuit City Stores, Inc.*, 432 B.R. 225, 229 (Bankr. E.D. Va. 2010)) (same).

34.    The deletion of the express requirement that a court grant replacement remedies under former section 546(c) cannot be read to strip the court of its authority and discretion to award an appropriate remedy under, *inter alia*, Bankruptcy Code section 105 to a reclaiming vendor when the court allows the debtor to retain its goods despite a vendor's demand that the debtor return them.[3]

---

[3]    In fact, if the deletion of former section 546(c)(2) (the only section referencing alternative remedies to physical reclamation) could be read to do this, then under the same logic, it must be

11

35.     Indeed, the leading bankruptcy treatise continues to recognize an administrative expense award is appropriate where a vendor's goods have been sold notwithstanding its assertion of reclamation rights. 5 Collier on Bankruptcy ¶546.04[2][b][vii] (16th ed.) ("A seller's administrative expense priority with regard to its reclamation claim is not extinguished by the sale of the goods subject to reclamation, even when the proceeds of the sale are used to satisfy a secured creditor's superior claim").

36.     Further, reclamation is an equitable right.  The Official Comment to UCC § 2-702, as adopted in North Dakota and California (the state the goods were delivered and received), states that the seller's right to reclaim from an insolvent buyer "takes as its base line the proposition that any receipt of goods on credit by an insolvent buyer amounts to a tacit business misrepresentation of solvency and therefore is fraudulent as against the particular seller."  There must be a remedy for the victim of this deemed fraud, particularly in this case where the Debtor obtained goods in this deemed fraudulent manner and then sold the goods after receipt of a valid reclamation demand.  Presumably, Congress would not intend to facilitate this type of behavior by relating reclaiming vendors to the status of general unsecured creditors and enriching the estate at the expense of the defrauded party.  Or, as the Sixth Circuit held in rejecting the interpretation advanced by the Debtor, "It would be unjust to permit general creditors to benefit at the expense of one whose assets come into a bankrupt's possession under conditions which warrant rescission."  *Phar-Mor, Inc. v. McKesson Corp.*, 534 F.3d 502 (6th Cir. 2008) (quoting *In re Federal's Inc.*, 553 F.2d 509,

---

read to do so much more—because former section 546(c)(2) was also the only section referencing the court's authority to <u>deny</u> a reclamation demand and allow the debtor to keep and use the goods, under the Debtor's interpretation courts have also lost the power to deny reclamation, making it an absolute right.  (B.E. Capital acknowledges this is not a reasonable interpretation of the statute. Courts have repeatedly recognized the importance of allowing a debtor to keep and pay for goods subject to reclamation to facilitate reorganization.  *See, e.g.*, *Pester Refining*, 964 F.2d at 845; *Griffin Retreading*, 795 F.2d at 679.)

518 (6th Cir. 1977)); *accord Manley v. Ohio Shoe Co.*, 25 F.2d 384, 385 (4th Cir. 1928) ("Such [general] creditors have no right to profit by the fraud of the bankrupt to the wrong and injury of the party who has been deceived and defrauded").

37.    Finally, reclamation under the UCC itself affords the reclaiming party a right to priority, by permitting the reclaiming creditor to recover goods received by an insolvent debtor, even though the insolvent debtor's other creditors do not have such right and may not be paid in full on account of goods they delivered.  As section 546(c) was intended to preserve state law reclamation rights, the right to priority afforded thereby can only be preserved where the subject goods cannot be returned or traced by the debtor through the award of an administrative expense.

### C.    The Absence of a Determination With Respect to the TGC Claim Should Not Preclude a Determination of the Subject Reclamation Claim

38.    That the alleged perfection of TGC's security interest has not yet been avoided as a preference, and that its claim has not yet been recharacterized, or otherwise compromised, should not preclude this Court from granting the relief sought herein.  First, the Debtor and the Committee agree that even if the TGC claim—the sole outstanding secured claim—were allowed in full, there would be at least $1 million available for distribution to unsecured creditors.  ECF No. 355 pp.2-3 ("at a prior hearing, Debtor's counsel admitted the near certainty that creditors of the estate will receive fractional distributions, with a total difference between and repayment of over $1 million").  Second, nothing would preclude this Court from allowing the Claim as an administrative expense, subject to satisfaction of the TGC claim, to the extent that it is determined to be secured, should it determine conditioning of allowance on likely events to be appropriate.  Third, it would be unfair to deny this motion as premature, given the risk that B.E. Capital would be penalized for sitting on its reclamation rights.  *Cf. Paramount Home Entm't v. Circuit City Stores, Inc.*, 445 B.R. 521, 529 (E.D. Va. 2010).

WHEREFORE, B.E. Capital requests that its Claim be afforded administrative priority and such other relief as this Court deems appropriate.

Dated: August 25, 2017                              STORCH AMINI PC

                                                    /s/ Jeffrey Chubak
                                                    Jeffrey Chubak (admitted pro hac vice)
                                                    140 East 45th Street, 25th Floor
                                                    New York, New York 10017
                                                    Tel: (212) 490-4100
                                                    Fax: (212) 490-4208
                                                    E-mail: jchubak@storchamini.com

                                                    *Attorneys for Creditor B.E. Capital*
                                                    *Management Fund LP*

14

## **EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br><br>VANITY SHOP OF GRAND FORKS, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 17-30112 |

## ORDER ALLOWING CLAIM NO. 292 AS ADMINISTRATIVE EXPENSE

On the application of B.E. Capital Management Fund LP for an order allowing Proof of Claim No. 292 as an administrative expense; and due and proper notice having been provided; now therefore, IT IS ORDERED:

1.  The motion is granted.

2.  Proof of Claim No. 292 is hereby allowed as an administrative expense.

Dated: _____, 2017

_____
United States Bankruptcy Judge

**<u>EXHIBIT 2</u>**

**Proof of Claim No. 292, Filed by Anfield Apparel**

Claim #292  Date Filed: 6/28/2017

| Fill in this information to identify the case: |
| --- |

Debtor _____Vanity Shop of Grand Forks, Inc._____

United States Bankruptcy Court for the: _____ District of __North Dakota__
(State)

Case number ___17-30112_____

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Anfield Apparel Group, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No

☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Anfield Apparel Group, Inc.
c/o The Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316

Contact phone   8187743545
Contact email   srfox@foxlaw.com

**Where should payments to the creditor be sent?** (if different)

Anfield Apparel Group, Inc.
20851 Currier Rd.
City of Industry, CA 91789

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No

☐ Yes.   Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? _____

Official Form 410

**Proof of Claim**

1730112170628000000000004

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

---

7. **How much is the claim?**   $ 249841.09 _____ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

goods sold _____

---

9. **Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**          $_____

**Amount of the claim that is secured:**          $_____

**Amount of the claim that is unsecured:**          $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Official Form 410                    **Proof of Claim**

17301121706280000000000004

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | $_____ | |

---

| **Part 3:** | **Sign Below** |
|---|---|

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☐ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☑ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date  <u>06/28/2017</u> |
| | MM / DD / YYYY |
| | |
| | <u>/s/Angela Yu</u> |
| | Signature |
| | **Print the name of the person who is completing and signing this claim:** |
| | Name  <u>Angela Yu</u> |
| | First name          Middle name          Last name |
| | Title  <u>Authorized Agent</u> |
| | Company  <u>Anfield Apparel Group, Inc.</u> |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| | Address  20851 Currier Rd., City of Industry, CA, 91789 |
| | |
| | Contact phone  _____          Email  _____ |

1730112170628000000000004

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 634-7181 | International (424) 236-7226

| | |
|---|---|
| **Debtor:** | |
| 17-30112 - Vanity Shop of Grand Forks, Inc. | |
| **District:** | |
| District of North Dakota, Fargo Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| Anfield Apparel Group, Inc. | Yes, supporting documentation successfully uploaded |
| c/o The Fox Law Corporation | **Related Document Statement:** |
| 17835 Ventura Blvd., Suite 306 | |
| | **Has Related Claim:** |
| Encino, CA, 91316 | No |
| **Phone:** | **Related Claim Filed By:** |
| 8187743545 | |
| **Phone 2:** | |
| | **Filing Party:** |
| **Fax:** | Authorized agent |
| 8187743545 | |
| **Email:** | |
| srfox@foxlaw.com | |

| |
|---|
| **Disbursement/Notice Parties:** |
| Anfield Apparel Group, Inc. |
| 20851 Currier Rd. |
| City of Industry, CA, 91789 |
| **Phone:** |
| **Phone 2:** |
| **Fax:** |
| **E-mail:** |
| **DISBURSEMENT ADDRESS** |

| | |
|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:** |
| | No |
| | **Acquired Claim:** |
| | No |
| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
| goods sold | No | |
| **Total Amount of Claim:** | **Includes Interest or Charges:** | |
| 249841.09 | No | |
| **Has Priority Claim:** | **Priority Under:** | |
| No | | |
| **Has Secured Claim:** | **Nature of Secured Amount:** | |
| No | **Value of Property:** | |
| **Amount of 503(b)(9):** | **Annual Interest Rate:** | |
| No | | |
| **Based on Lease:** | **Arrearage Amount:** | |
| No | | |
| **Subject to Right of Setoff:** | **Basis for Perfection:** | |
| No | **Amount Unsecured:** | |

| |
|---|
| **Submitted By:** |
| Angela Yu on 28-Jun-2017 1:20:22 p.m. Pacific Time |
| **Title:** |
| Authorized Agent |
| **Company:** |
| Anfield Apparel Group, Inc. |

VN: 4BF3A60C535F78B086A4A3243EFA012E

**Optional Signature Address:**

    Angela Yu

    20851 Currier Rd.

    City of Industry, CA, 91789

**Telephone Number:**

**Email:**

VN: 4BF3A60C535F78B086A4A3243EFA012E

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Vanity Shop Of Grand Forks, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of North Dakota |
| Case number | 17-30112 |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:    Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Anfield Apparel Group, Inc. <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| The Fox Law Corporation <br> Name | Anfield Apparel Group, Inc. <br> Name |
| 17835 Ventura Blvd., Suite 306 <br> Number      Street | 20851 Currier Rd. <br> Number      Street |
| Encino            CA          91316 <br> City          State          ZIP Code | City of Industry      CA        91789 <br> City          State          ZIP Code |
| Contact phone (818) 774-3545 | Contact phone _____ |
| Contact email srfox@foxlaw.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ <br> MM  / DD  / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No |
| | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**   $_____ 249,841.09 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

goods sold _____

9. **Is all or part of the claim secured?**

☑ No   * See attachment. Claim may be secured.

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/21/2017
                  MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Angela Yu |
| | First name      Middle name      Last name |
| Title | *Authorized agent* |
| Company | Anfield Apparel Group, Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 20851 Currier Rd. |
| | Number      Street |
| | City of Industry        CA      91789 |
| | City        State      ZIP Code |
| Contact phone | _____    Email  _____ |

Vanity Shop Of Grand Forks, Inc.
Case No. 17-30112

Attachment to claim of Anfield Apparel Group, Inc.:

* Anfield Apparel Group, Inc. Has asserted a claim for reclamation (Exhibit "A") and filed a complaint seeking reclamation and impressment of a construction trust (Exhibit "B").

# Exhibit "A"

**The Fox Law Corporation**

Bankruptcy & Related Matters

17835 Ventura Boulevard
Suite 306
Encino, CA 91316
818. 774. 3545 Ph / 818. 774. 3707 FAX
emails@foxlaw.com

March 15, 2017

Jon R. Brakke                    by email only to jbrakke@vogellaw.com
Caren W. Stanley                 by email only to cstanley@vogellaw.com
Vogel Law Firm
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389

Re:    Vanity Shop of Grand Rapids, Inc., chapter 11 filing, 17-30112
       Demand for Reclamation

Dear Sir and Madam:

This firm represents Anfield Apparel, Inc., a creditor in the chapter 11 case holding a claim for reclamation of goods.

Attached to this letter are three invoices and bills of lading for shipment of goods in or about early February by Anfield to the Debtor. The attached invoices, in the amounts of $19,422, $120,499 and $109,919.60.

Anfield demands that the Debtor promptly segregate all of the delivered goods, account for them to Anfield and promptly return all of the goods referenced in the three attached invoices and bills of lading. 11 U.S.C. §546(c)(1) Anfield will separately file a notice with the Court.

Anfield reserves all of its legal rights. I would appreciate the chance to speak with you about this in the next few days.

Sincerely yours,

THE FOX LAW CORPORATION

Steven R. Fox

cc:    Anfield Apparel, Inc.

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | **NOTICE OF PERFECTION OF CLAIMS OF** |
| | ) | **CREDITOR ANFIELD APPAREL GROUP,** |
| Vanity Shop of Grand Forks, Inc., | ) | **INC. UNDER 11 U.S.C. §546 AND DEMAND** |
| | ) | **FOR SEGREGATION OF RECLAIMED** |
| | ) | **GOODS** |
| | ) | |
| | ) | Bankruptcy No.: 17-30112 |
| | ) | |
| Debtor. | ) | Chapter 11 |

Comes Now Anfield Apparel Group, Inc., ("Anfield") an active California corporation, with its Notice of Perfection under 11 U.S.C. §546.

Anfield delivered goods (the "reclaimed goods") to the Debtor in or about early February, 2017. Anfield was not paid for the goods. As of the filing date of this case was owed monies as reflected in the attached invoices and bills of lading. The reclaimed goods are described in the attached invoices and bills of lading.

Anfield's claim to reclamation of the reclaimed goods is based on valid and perfected and non-avoidable liens.

Anfield sold the goods on credit to the Debtor in the ordinary course of business, in the course of transactions with the Debtor. The Debtor was insolvent when Anfield delivered the goods. Anfield, here and by letter dated March 14, 2017, and addressed to Debtor's counsel, has made timely written demands for the return of the reclaimed goods and has sufficiently described the reclaimed goods by reference to invoices and bills of lading which were attached to the March 14, 2017, letter and which are attached to this Notice. The Debtor had possession of the

goods as of the bankruptcy petition date and as of the date of both demands and the goods were

not then in the hands of a buyer in the ordinary course of a good faith purchaser.

Anfield does not consent to the placing of any liens on the reclaimed goods for any

purpose including any post-petition financing.

Dated: March 16, 2017                                    Respectfully submitted,


                                                         /s/ Steven R. Fox
                                                         Steven R. Fox
                                                         Fox Law Corporation
                                                         17835 Ventura Blvd., Suite 306
                                                         Encino, CA 91316
                                                         Telephone: (818) 774-3545
                                                         Facsimile: (818) 774-3707
                                                         Srfox@foxlaw.com
                                                         Attorney for Anfield Apparel Group,
                                                         Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2017, I electronically filed the foregoing NOTICE OF

PERFECTION OF CLAIMS OF CREDITOR ANFIELD APPAREL GROUP, INC. UNDER 11

U.S.C. §546 AND DEMAND FOR SEGREGATION OF RECLAIMED GOODS with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to all parties of

record.

/s/ Steven R. Fox
Steven R. Fox
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
Telephone: (818) 774-3545
Facsimile: (818) 774-3707
Srfox@foxlaw.com
Attorney for Anfield Apparel Group,
Inc.

**REVISED**

*Tom*

| Date: 1/31/2017 | **BILL OF LADING** | Page ___1___ |
|---|---|---|

**SHIP FROM**

The Vendor
Name: Anfield Apparel Group, Inc.
Address: 20851 Currier Road,
City/State/Zip: City of Industry, CA 91789
Tel: 909-595-6058 x 109
Fax: 909-598-2691

Bill of Lading Number: 170131

LOADING APPT:

ARRIVAL TIME:

LOADED:

**BAR CODE SPACE**

**SHIP TO**

Name: Vanity c/o West Coast Warehouse
Address: 100 W. Manville Street,,
City/State/Zip: Compton, CA 90220
Tel: 310-835-9938 x227  attn: Carlos        FOB: ☐

CARRIER NAME:  AEF FREIGHT
Trailer number:
Seal number(s):
SCAC:
Pro number:

**BAR CODE SPACE**

**THIRD PARTY FREIGHT CHARGES BILL TO:**

Name:
Address:

City/State/Zip:

SPECIAL INSTRUCTIONS:

Freight Charge Terms: *(freight charges are prepaid unless marked otherwise)*
Prepaid ___X___    Collect ____    3rd Party ____

☐ Master Bill of Lading: with attached
(check box)  underlying Bills of Lading

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | #PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | | DESCRIPTION |
|---|---|---|---|---|---|
| P/O#241482  Sty#VJING00059A | 192 ctns | 2764 pcs | Y | N | Lady's Cotton Pants |
| 241480    VJING0055 | 206 " | 3371 " | Y | N | |
| 241476    VJING0045 | 182 " | 3684 " | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| **GRAND TOTAL** | 580 ctns | 9819 Pcs | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | Commodities requiring special care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | NMFC # | CLASS |
| 11 | Plts | 580 | Ctns | 10338 Lbs | | | | |
| 11 | | 580 | | 10338 Lbs | | **GRAND TOTAL** | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding

____ per ____

COD Amount: $ _____
Fee Terms:  Collect: ☐  Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. • 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____Shipper
Signature

| RECEIVER'S SIGNATURE / DATE | Trailer Loaded: | Freight Counted: | CARRIER SIGNATURE / PICKUP DATE |
|---|---|---|---|
| This is to certify that we have well received goods described above with good condition | ☐ By Shipper  ☐ By Driver | ☐ By Shipper  ☐ By Driver/pallets said to contain  ☐ By Driver/Pieces | Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted. |

*Juan Enriquez   01/31/17*

Anfield Apparel Group, Inc.

20851 Currier Road
City of Industry, CA 91789

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/2/2017 | 2017-099 |

| Bill To | Ship To |
|---------|---------|
| Vanity Shop of GRand Forks, Inc. | VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | 45 DAYS |  |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| VJING0056... | 11 SAS 5P HR LT HIGH LOW V 25 | 241527 | 1504 | 0 | 0 | 1,494 | 13.00 | 19,422.00 |

| | |
|---|---|
| **Total** | $19,422.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $19,422.00 |

Date: 2/2/2017

# BILL OF LADING

Page 1

| SHIP FROM | |
|---|---|
| The Vendor<br>Name: Anfield Apparel Group, INC.,<br>Address: 20851 Currier Road,<br>City/State/Zip: City of Industry, CA 91789<br>Tel: 909-595-6088 x 109<br>Fax: 909-598-2691 | Bill of Lading Number: 170133<br><br>LOADING APPT:<br><br>ARRIVAL TIME:<br><br>LOADED:<br>**BAR CODE SPACE** |

| SHIP TO | |
|---|---|
| Name: Vanity c/o CIS<br>Address: 100 W. Manville Street,<br>City/State/Zip: Compton, CA 90220<br>Tel: 310.635.9938 EXT 227                     FOB: ☐ | CARRIER NAME: __AEF__<br>Trailer number:<br>Seal number(s):<br>SCAC:<br>Pro number:<br><br>**BAR CODE SPACE** |

| THIRD PARTY FREIGHT CHARGES BILL TO: | |
|---|---|
| Name:<br>Address:<br><br>City/State/Zip:<br><br>SPECIAL INSTRUCTIONS: | Freight Charge Terms: *(freight charges are prepaid unless marked otherwise)*<br>Prepaid __X__    Collect ____    3rd Party ____<br><br>☐    Master Bill of Lading: with attached<br>(check box)    underlying Bills of Lading |

## CUSTOMER ORDER INFORMATION

| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | | DESCRIPTION |
|---|---|---|---|---|---|
| 241527 | 115 | 1494 | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| GRAND TOTAL | 115 ctns | 1494 | | | |

## CARRIER INFORMATION

| HANDLING UNIT | | PACKAGE | | | | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | WEIGHT | H.M. (X) | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | NMFC # | CLASS |
| 2 | PLTs | 115 | ctns | 1675lbs | | | | |
| 2 | | 115 | | 1675lbs | | **GRAND TOTAL** | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding
_____ per _____

COD Amount: $ _____
Fee Terms:    Collect: ☐    Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. ☐ 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____Shipper

Signature

| RECEIVER'S SIGNATURE / DATE<br>This is to certify that we have well received goods described above with good condition | Trailer Loaded:<br>☐ By Shipper<br>☐ By Driver | Freight Counted:<br>☐ By Shipper<br>☐ By Driver/pallets said to contain<br>☐ By Driver/Pieces | CARRIER SIGNATURE / PICKUP DATE<br>Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle.<br><br>Property described above is received in good order, except as noted. |

**Anfield Apparel Group, Inc.**

20851 Currier Road
City of Industry, CA 91789

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2017 | 2017-098 |

| Bill To | Ship To |
|---------|---------|
| Vanity Shop of GRand Forks, Inc. | VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | 45 DAYS |  |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| VJING0056... | 11 SAS SP LT ROLL V25 | 241484 | 1504 | 0 | 5 | 1,499 | 13.00 | 19,487.00 |
| vjing0043-... | 10 HAR 5P HR TINT RELEASE | 241476 | 3694 | 3,371 | 0 | 323 | 13.20 | 4,263.60 |
| VJING0048... | 12 GIRLFRIEND 5P DEST ROLL | 241477 | 3000 | 0 | 0 | 3,000 | 13.25 | 39,750.00 |
| MVP0778-... | 4 SAS 5P DEST ROLL MED | 241486 | 320 | 0 | 0 | 320 | 9.50 | 3,040.00 |
| MVP0778A... | 4 SAS 5P DEST ROLL | 241489 | 320 | 0 | 0 | 320 | 9.50 | 3,040.00 |
| VJING0055... | 11 SAS 5P FULL DEST RELEASE | 241478 | 3150 | 0 | 47 | 3,103 | 13.00 | 40,339.00 |

| | |
|---|---|
| **Total** | $109,919.60 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $109,919.60 |

**REVISED**

Date: 2/1/2017                    **BILL OF LADING**                    Page   1

**SHIP FROM**

The Vendor
Name: Anfield Apparel Group, INC.,
Address: 20851 Currier Road,
City/State/Zip: City of Industry, CA 91789
Tel: 909-595-6088 x 109
Fax: 909-598-2691

Bill of Lading Number: 170132

LOADING APPT:

ARRIVAL TIME:

LOADED:        BAR CODE SPACE

**SHIP TO**

Name: Vanity c/o CIS
Address: 201 W. Manville Street,
City/State/Zip: Compton, CA 90220
Tel: 562-295-4373        attn: Willie / Carlos    FOB: ☐

CARRIER NAME:   AEF
Trailer number:
Seal number(s):
SCAC:
Pro number:

BAR CODE SPACE

**THIRD PARTY FREIGHT CHARGES BILL TO:**

Name:
Address:
City/State/Zip:

SPECIAL INSTRUCTIONS:

Freight Charge Terms: (freight charges are prepaid unless marked otherwise)
Prepaid   X     Collect ____   3rd Party ____

☐ (check box)   Master Bill of Lading: with attached underlying Bills of Lading

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | | DESCRIPTION |
|---|---|---|---|---|---|
| 241484 | 115 | 1499 | Y | N | |
| 241486 | 15 | 320 | Y | N | |
| 241489 | 15 | 320 | Y | N | |
| 241476 | 17 | 323 | Y | N | |
| 241477 | 134 | 3000 | Y | N | |
| 241478 | 204 | 3103 | Y | N | |
| GRAND TOTAL | 500 ctns | 8565 | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | | NMFC # | CLASS |
| 12 | PLTs | 500 | ctns | 9549lbs | | | | |
| 13 | | | | | | | | |
| 13 | | | | | | | | |
| 12 | | 500 | | 9549lbs | | GRAND TOTAL | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding
_____ per _____.

COD Amount: $ _____
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. □ 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ Shipper
Signature

| RECEIVER'S SIGNATURE / DATE | Trailer Loaded: | Freight Counted: | CARRIER SIGNATURE / PICKUP DATE |
|---|---|---|---|
| This is to certify that we have well received goods described above with good condition | ☐ By Shipper ☐ By Driver | ☐ By Shipper ☐ By Driver/pallets said to contain ☐ By Driver/Pieces | Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted. |

2-1-31
No Pallt
Exch

Anfield Apparel Group, Inc.

20851 Currier Road
City of Industry, CA 91789

*revised.*

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2017 | 2017-097 |

| Bill To |
|---------|
| Vanity Shop of GRand Forks, Inc. |

| Ship To |
|---------|
| VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | 45 DAYS |  |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| vjing0043-... | 10 HAR 5P HR TINT RELEASE | 241476 | 3694 | 0 | 323 | 3,371 | 13.20 | 44,497.20 |
| VJING0058... | 10 HAR 5P FULL DEST DBL | 241480 | 3139 | 0 | 2 | 3,137 | 12.85 | 40,310.45 |
| VJING0036... | 11 SAS POTASSIUM V DBL BTN | 241482 | 2754 | 0 | 0 | 2,754 | 12.96 | 35,691.84 |

| | |
|---|---|
| **Total** | $120,499.49 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $120,499.49 |

# Exhibit "B"

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re Vanity Shop of Grand Forks, Inc.,<br><br>Debtor. | Bankruptcy Case No.: 17-30112<br><br>Chapter 11<br><br>Adversary No.: |
| Anfield Apparel Group, Inc. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Vanity Shop of Grand Forks, Inc.,<br><br>Defendant. | |

## COMPLAINT FOR RECLAMATION FOR IMPOSITION AND IMPRESSMENT OF A CONSTRUCTIVE TRUST

Plaintiff, for its Complaint, states as follows:

### I.

### Preliminary Statement.

1.    This Complaint seeks reclamation of goods delivered by Plaintiff to Defendant in the 45 day period immediately prepetition. Plaintiff made timely written demands on Defendant for reclamation. Defendant did not return or account for any of Plaintiff's supplied goods.

2. At all times relevant, Defendant did not track vendor supplied goods as to their location and whether such goods had been sold.

3. Defendant does not know if particular goods were in Defendant's warehouse, in one of its stores or if it had sold any particular goods.

4. For these reasons, Defendant has frustrated claims for reclamation and the Court should impose alternative remedies - a trust, an accounting to the extent possible and damages as an administrative claim.

## II.

### Jurisdiction and Venue.

5. This is a core proceeding as provided for under 28 U.S.C. §157(b)(2)(A), (B) and (O) over which this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 and provisions of the Local Rules of the United States Bankruptcy Court for the District of North Dakota.

6. Defendant's case, No. 17-30112, was filed on March 1, 2017. It is pending in the U. S. Bankruptcy Court for the District of North Dakota.

7. Venue is proper in this district under 28 U.S.C. § 1409(a) as Defendant's bankruptcy case is pending in this district.

## III.

### Parties.

8. Plaintiff is a California corporation.

- 2 -

9.    Defendant is the Debtor-in-Possession with its principal office in Fargo, North Dakota.

## IV.

## Factual Background.

10.    In the 45 day period before Defendant filed its petition, Plaintiff supplied to Defendant, and Defendant received, goods, as indicated in the documents which are attached here as **Exhibit "A"** and incorporated herein by reference as though set forth in full.

- Invoice No. 2017-099, $19,422

- Invoice No. 2017-098, $109,919.60.

- Invoice No. 2017-097, $120,499.49

11.    The goods Defendant received from Plaintiff in three shipments were clothing meant for sale by Defendant to the public.  (Unless indicated otherwise, all references to "goods" shall mean the three shipments referred to above in paragraph 9.)

12.    Plaintiff has been in the business of selling clothing to retailers such as Defendant for seven years.  Plaintiff has sold clothing goods to Defendant multiple times over a period of seven years.

13.    Defendant did not pay Plaintiff for the three shipments of goods Plaintiff supplied to Defendant.

- 3 -

14.   Defendant filed its voluntary petition under title 11 on March 1, 2017.

15.   At the time Defendant filed its voluntary petition, Plaintiff is informed and thereupon alleges that Defendant was in possession of the goods Plaintiff supplied to Defendant.

16.   Plaintiff sent a written demand for reclamation ("First Notice") on March 15, 2017, to Defendant. A copy of the First Notice is attached here, marked **Exhibit "B,"** and incorporated herein by reference as though set forth in full herein.

17.   Defendant did not return any goods to Plaintiff.

18.   Defendant did not responded to Plaintiff's First Notice.

19.   Plaintiff also filed its "Notice of Perfection of Claims of Creditor Anfield Apparel Group, Inc., Under 11 U.S.C. §546(c) and Demand for Segregation of Reclaimed Goods" ("Second Notice")with the Bankruptcy Court via the Court's electronic filing system on March 20, 2017. (Docket no. 142)

20.   Defendant received service of the Second Notice through the Court's electronic noticing system. A copy of the Second Notice is attached hereto, marked **Exhibit "C"** and incorporated herein by reference as though set forth in full herein.

21.   Again, Defendant did not return any goods.

- 4 -

22.   Also, Defendant did not respond to the Second Notice.

23.   Plaintiff is informed and believes and thereupon alleges that at the time

Plaintiff sent the two notices and Defendant received the two notices,

Defendant had possession and control of the goods Plaintiff supplied.

24.   At a hearing held in the Bankruptcy Court on March 23, 2017, Defendant

stated it did not track goods supplied to it by vendors and Defendant would

be unable to ascertain where any of the goods Plaintiff supplied to

Defendant were in its warehouse in any of Defendant's many stores or if the

goods had been sold as of any date, e.g., the petition date, the dates of the

First Notice and Second Notice.

25.   Post-petition, a prepetition security interest asserted by Plaintiff's lender,

Wells Fargo, Bank, N.A., was paid in full.

26.   Prepetition, on February 1, 2017, TGC, LP, a Montana limited partnership,

an insider of the Debtor, recorded a lien against Defendant's personal

property assets including inventory.

27.   The lien was recorded allegedly to secure claims which the insider alleges it

holds against the Debtor for monies and which allegedly accrued over a

period of years.

28.   Given the date when TGC filed this lien, the lien is ineffective as to any

reclaiming creditor as TGC did not file its lien in good faith.  The lien is

- 5 -

subject to avoidance under the trustee's avoidance powers.

29. Defendant cannot identify and return any of the goods Plaintiff supplied to Plaintiff.

30. Defendant has either sold the goods Plaintiff supplied or has otherwise disposed of these goods, both violating Plaintiff's legal rights.

31. Defendant did not file a motion to address Plaintiff's two written demands for reclamation.

## Count 1

## For Reclamation.

32. Plaintiff incorporates paragraphs 1 through 30 as though set forth in full herein.

33. Plaintiff seeks reclamation pursuant to title 11 §546(c) and pursuant to statutory and common law.

34. In three shipments in the 45 days prepetition, Plaintiff sold goods to Defendant in the ordinary course of Plaintiff's business.

35. When these sales occurred, Defendant was insolvent. That the Debtor was insolvent is evidenced by the Debtor's admissions in its declarations and financial information filed in this case.

36. Plaintiff made two written reclamation demands on Defendant with both demands made in the statutory time limits provided for by title 11 §546(c).

- 6 -

37.    Defendant did not process Plaintiff's goods into other products.

38.    At the petition date and at the dates the First Notice and the Second Notice were sent, Defendant had possession and control of Plaintiff's goods.

39.    Defendant cannot ascertain what quantity of Plaintiff's supplied goods were in its warehouse, in its stores or if it had sold any portion of these goods once the goods Plaintiff supplied were received by Defendant, at the time the bankruptcy case began or when Plaintiff sent its two notices.

40.    Defendant does not maintain records tracking goods nor does Defendant code its inventory for tracking.

41.    The Defendant's lender's lien was satisfied post-petition.

42.    As to TGC's lien, it was filed shortly before the bankruptcy case began, it allegedly secures obligations incurred over a period of years allegedly in favor of TGC. TGC did not file its lien in good faith.

43.    TGC's lien is subject to avoidance.

44.    Plaintiff requests that the Court order Defendant to account for and return all of Plaintiff's goods supplied in the three prepetition shipments to Plaintiff.

## Count 2

### For Imposition and Impressment of a Constructive Trust

45.    Plaintiff incorporates paragraphs 1 through 30 and 33 to 42 as though set forth in full herein.

- 7 -

46.  By not tracking the goods which Plaintiff supplied, Defendant has (1)

frustrated the purposes of the common law and statutory reclamation and

has (2) rendered Plaintiff's reclamation remedies ineffective.

47.  In the normal course, Defendant should ascertain from its records what

portion of the goods Plaintiff supplied prepetition remained in Defendant's

possession or control and Defendant would then return those goods

identified as being in Defendant's possession or control.

48.  Defendant cannot ascertain what goods Plaintiff supplied remained in

Defendant's possession or control at any time after the goods where

received by Defendant in February, 2017.

49.  Due to Defendant's failure to track Plaintiff's goods, Defendant has gained

an advantage, whether by fraud, by accident, by mistake, by undue

influence, by violation of a trust, or by another wrongful act over Plaintiff.

50.  As a result, Defendant is an implied trustee for Plaintiff of the benefit which

Defendant gained as a result of the advantage it improperly obtained.

51.  Had Defendant not gained this advantage, Defendant (1) would have

accounted for Plaintiff's goods in its possession or control and (2) would

have returned these goods.

52.  In equity, the Court should impress a constructive trust on Defendant's

monies as Defendant unfairly holds Plaintiff's property, monies and the

Court should require Defendant to convey those monies to Plaintiff.

53.    In the alternative, if the Court determines that impressing a trust on

proceeds is not an appropriate remedy, then the Court should fashion an

alternative equitable remedy using the Court's powers under title 11 §105.

54.    The Court should act so to prevent Defendant from being unjustly enriched

by its wrongful interference with Plaintiff's right of reclamation.

55.    As Defendant cannot account for Plaintiff's goods or to determine if any of

these goods were sold, Defendant should have to pay to Plaintiff the total

sum of the three shipments, or $249,841.09.  This result is fair as it is

Defendant who did not track the goods and who has frustrated Plaintiff's

reclamation rights.

### Attorneys' Fees, Conclusion and Prayer

56.    The parties' agreement includes a provision for reasonable attorneys' fees

for the prevailing party.  Plaintiff has incurred fees in its efforts to assert

reclamation and will continue to accrue fees and costs.  Plaintiff requests an

award of reasonable attorneys' fees and costs according to proof.

WHEREFORE: Plaintiff prays for judgment as follows:

1.    On Count 1, a judgment in Plaintiff's favor for reclamation of goods,

for an accounting and an order Defendant return to Plaintiff all of

Plaintiff's goods supplied in the three shipments referenced *supra*.

2. For a judgment in Plaintiff's favor on Count 2 imposing a trust on the value of the goods Plaintiff supplied to Defendant in the 45 day prepetition period, $249,841.09, plus interest as may be allowed from the dates Defendant failed to timely pay Plaintiff for the three shipments, or such other equitable remedy as the Court may determine appropriate and consistent with this Complaint.

3. For reasonable attorneys' fees and costs as the Court may allow.

4. For such further alternative relief which is consistent with this Complaint and with this prayer.

Dated: April 18, 2017

Respectfully submitted,

___/s/ Steven R. Fox_____
Steven R. Fox
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
Telephone: (818) 774-3545
Facsimile: (818) 774-3707
Srfox@foxlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2017, I electronically filed the foregoing Complaint for Reclamation for Imposition and Impressment of a Constructive Trust with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

_/s/ Steven R. Fox_____

Steven R. Fox
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
Telephone: (818) 774-3545
Facsimile: (818) 774-3707
Srfox@foxlaw.com

Attorneys for Plaintiff

- 11 -

# Exhibit "A"

*Tom*

## REVISED

| **BILL OF LADING** | Page __1__ |
|---|---|

Date: 1/31/2017

**SHIP FROM**

The Vendor
Name: Anfield Apparel Group, Inc.
Address: 20851 Currier Road,
City/State/Zip: City of Industry, CA 91789
Tel: 909-595-6058 x 109
Fax: 909-598-2691

Bill of Lading Number: 170131

LOADING APPT:

ARRIVAL TIME:

LOADED:
**BAR CODE SPACE**

**SHIP TO**

Name: Vanity c/o West Coast Warehouse
Address: 100 W. Manville Street,,
City/State/Zip: Compton, CA 90220
Tel: 310-635-9938x227 attn: Carlos          FOB: ☐

CARRIER NAME:   AEF FREIGHT
Trailer number:
Seal number(s):
SCAC:
Pro number:

**BAR CODE SPACE**

**THIRD PARTY FREIGHT CHARGES BILL TO:**

Name:
Address:
City/State/Zip:

SPECIAL INSTRUCTIONS:

Freight Charge Terms: *(freight charges are prepaid unless marked otherwise)*
Prepaid   X___      Collect____      3rd Party _____

☐   Master Bill of Lading: with attached
underlying Bills of Lading
(check box)

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | | DESCRIPTION |
|---|---|---|---|---|---|
| P/O #241482  Sty#VJING00036A | 192 ctns | 2754 pcs | Y | N | Lady's Cotton Pants |
| 241480      VJING0058 | 206 " | 3371 " | Y | N | |
| 241476      VJING0043 | 182 " | 3694 " | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| **GRAND TOTAL** | **580 ctns** | **9819 Pcs** | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | NMFC # | CLASS |
| 11 | Pllts | 596 | Ctns | 10338 Lbs | 00 | | | |
| 11 | | 580 | | 10338 Lbs | | **GRAND TOTAL** | | |

Where the rate is dependant on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding
_____ per _____

COD Amount: $ _____
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. = 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

Signature _____ Shipper

| RECEIVER'S SIGNATURE / DATE | Trailer Loaded: | Freight Counted: | CARRIER SIGNATURE / PICKUP DATE |
|---|---|---|---|
| This is to certify that we have well received goods described above with good condition | ☐ By Shipper  ☐ By Driver | ☐ By Shipper  ☐ By Driver/pallets said to contain  ☐ By Driver/Pieces | Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted. |

*Juan Enriquez  01/31/17*

13

Anfield Apparel Group, Inc.

20851 Currier Road
City of Industry, CA 91789

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/2/2017 | 2017-099 |

| Bill To | Ship To |
|---------|---------|
| Vanity Shop of GRand Forks, Inc. | VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| | P.O. No. | Terms | Project |
|--|----------|-------|---------|
| | | 45 DAYS | |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| VJING0056... | 11 SAS 5P HR LT HIGH LOW V 25 | 241527 | 1504 | 0 | 0 | 1,494 | 13.00 | 19,422.00 |

| | |
|--|--|
| **Total** | $19,422.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $19,422.00 |

14

Date: 2/2/2017

# BILL OF LADING

Page 1

**SHIP FROM**

The Vendor
Name: Anfield Apparel Group, INC.,
Address: 20861 Currier Road,
City/State/Zip: City of Industry, CA 91789
Tel: 909-595-6088 x 109
Fax: 909-598-2691

Bill of Lading Number: 170133

LOADING APPT:

ARRIVAL TIME:

LOADED:

BAR CODE SPACE

**SHIP TO**

Name: Vanity c/o CIS
Address: 100 W. Manville Street,
City/State/Zip: Compton, CA 90220
Tel: 310.635.9938 EXT 227        FOB: ☐

CARRIER NAME:   AEF
Trailer number:
Seal number(s):
SCAC:
Pro number:

BAR CODE SPACE

**THIRD PARTY FREIGHT CHARGES BILL TO:**

Name:
Address:

City/State/Zip:

SPECIAL INSTRUCTIONS:

Freight Charge Terms: (freight charges are prepaid unless marked otherwise)
Prepaid   X        Collect____        3rd Party____

☐  Master Bill of Lading: with attached
(check box)   underlying Bills of Lading

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | | DESCRIPTION |
|---|---|---|---|---|---|
| 241527 | 115 | 1494 | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| GRAND TOTAL | 115 ctns | 1494 | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | NMFC # | CLASS |
| 2 | PLTs | 115 | ctns | 1675lbs | | | | |
| | | | | | | | | |
| | | | | | | | | |
| 2 | | 115 | | 1675lbs | | GRAND TOTAL | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding

_____ per _____.

COD Amount: $ _____
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

NOTE  Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 0 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.
_____ Shipper

Signature

**RECEIVER'S SIGNATURE / DATE**
This is to certify that we have well received goods described above with good condition

Trailer Loaded:
☐ By Shipper
☐ By Driver

Freight Counted:
☐ By Shipper
☐ By Driver/pallets said to contain
☐ By Driver/Pieces

**CARRIER SIGNATURE / PICKUP DATE**
Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle.

Property described above is received in good order, except as noted.

Anfield Apparel Group, Inc.

20851 Currier Road
City of Industry, CA 91789

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2017 | 2017-098 |

| Bill To | Ship To |
|---------|---------|
| Vanity Shop of GRand Forks, Inc. | VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|          | 45 DAYS |       |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| VJING0056... | 11 SAS SP LT ROLL V25 | 241484 | 1504 | 0 | 5 | 1,499 | 13.00 | 19,487.00 |
| vjing0043-... | 10 HAR 5P HR TINT RELEASE | 241476 | 3694 | 3,371 | 0 | 323 | 13.20 | 4,263.60 |
| VJING0048... | 12 GIRLFRIEND 5P DEST ROLL | 241477 | 3000 | 0 | 0 | 3,000 | 13.25 | 39,750.00 |
| MVP0778-... | 4 SAS 5P DEST ROLL MED | 241486 | 320 | 0 | 0 | 320 | 9.50 | 3,040.00 |
| MVP0778A... | 4 SAS 5P DEST ROLL | 241489 | 320 | 0 | 0 | 320 | 9.50 | 3,040.00 |
| VJING0055... | 11 SAS 5P FULL DEST RELEASE | 241478 | 3150 | 0 | 47 | 3,103 | 13.00 | 40,339.00 |

| Total | $109,919.60 |
|-------|-------------|
| **Payments/Credits** | $0.00 |
| **Balance Due** | $109,919.60 |

16

# REVISED

| | BILL OF LADING | Page 1 |
|---|---|---|

**Date: 2/1/2017**

**SHIP FROM**

The Vendor
Name: Anfield Apparel Group, INC.,
Address: 20851 Currier Road,
City/State/Zip: City of Industry, CA 91789
Tel: 909-595-6088 x 109
Fax: 909-598-2691

Bill of Lading Number: 170132

LOADING APPT:

ARRIVAL TIME:

LOADED:

**BAR CODE SPACE**

**SHIP TO**

Name: Vanity c/o CIS
Address: 201 W. Manville Street,
City/State/Zip: Compton, CA 90220
Tel: 562-295-4373       attn: Willie / Carlos       FOB: ☐

CARRIER NAME:   AEE
Trailer number:
Seal number(s):

SCAC:
Pro number:

**BAR CODE SPACE**

**THIRD PARTY FREIGHT CHARGES BILL TO:**

Name:
Address:
City/State/Zip:

SPECIAL INSTRUCTIONS:

Freight Charge Terms: (freight charges are prepaid unless marked otherwise)
Prepaid   X      Collect ____      3rd Party ____

☐   Master Bill of Lading: with attached
(check box)      underlying Bills of Lading

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | | DESCRIPTION |
|---|---|---|---|---|---|
| 241484 | 115 | 1498 | Y | N | |
| 241486 | 15 | 320 | Y | N | |
| 241489 | 15 | 320 | Y | N | |
| 241476 | 17 | 323 | Y | N | |
| 241477 | 134 | 3000 | Y | N | |
| 241478 | 204 | 3103 | Y | N | |
| GRAND TOTAL | 500 ctns | 8565 | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | | | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | WEIGHT | H.M. (X) | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC item 360 | NMFC # | CLASS |
| 42 1/ 13 | PLTS | 500 | ctns | 9549lbs | | | | |
| 13 42 1/ | | 500 | | 9549lbs | | GRAND TOTAL | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding _____ per _____"

COD Amount: $ ___
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

**NOTE** Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ Shipper
Signature

RECEIVER'S SIGNATURE / DATE
This is to certify that we have well received goods described above with good condition

Trailer Loaded:
☐ By Shipper
☐ By Driver

Freight Counted:
☐ By Shipper
☐ By Driver/pallets said to contain
☐ By Driver/Pieces

CARRIER SIGNATURE / PICKUP DATE
Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle.
Property described above is received in good order, except as noted.

*(handwritten)* 2-1-31
No Pallt
Exch

Anfield Apparel Group, Inc.

20851 Currier Road
City of Industry, CA 91789

revised .

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2017 | 2017-097 |

| Bill To |
|---------|
| Vanity Shop of GRand Forks, Inc. |

| Ship To |
|---------|
| VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | 45 DAYS |  |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| vjing0043-... | 10 HAR 5P HR TINT RELEASE | 241476 | 3694 | 0 | 323 | 3,371 | . 13.20 | 44,497.20 |
| VJING0058... | 10 HAR 5P FULL DEST DBL | 241480 | 3139 | 0 | 2 | 3,137 | 12.85 | 40,310.45 |
| VJING0036... | 11 SAS POTASSIUM V DBL BTN | 241482 | 2754 | 0 | 0 | 2,754 | 12.96 | 35,691.84 |

| Total | $120,499.49 |
|-------|-------------|
| **Payments/Credits** | $0.00 |
| **Balance Due** | $120,499.49 |

# Exhibit "B"

**The Fox Law Corporation**
Bankruptcy & Related Matters

17835 Ventura Boulevard
Suite 306
Encino, CA 91316
818. 774. 3545 Ph / 818. 774. 3707 FAX
emails@foxlaw.com

March 15, 2017

Jon R. Brakke                              by email only to jbrakke@vogellaw.com
Caren W. Stanley                           by email only to cstanley@vogellaw.com
Vogel Law Firm
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389

Re:   Vanity Shop of Grand Rapids, Inc., chapter 11 filing, 17-30112
      Demand for Reclamation

Dear Sir and Madam:

This firm represents Anfield Apparel, Inc., a creditor in the chapter 11 case holding a claim for reclamation of goods.

Attached to this letter are three invoices and bills of lading for shipment of goods in or about early February by Anfield to the Debtor. The attached invoices, in the amounts of $19,422, $120,499 and $109,919.60.

Anfield demands that the Debtor promptly segregate all of the delivered goods, account for them to Anfield and promptly return all of the goods referenced in the three attached invoices and bills of lading. 11 U.S.C. §546(c)(1) Anfield will separately file a notice with the Court.

Anfield reserves all of its legal rights. I would appreciate the chance to speak with you about this in the next few days.

Sincerely yours,

THE FOX LAW CORPORATION

Steven R. Fox

cc:   Anfield Apparel, Inc.

20

# Exhibit "C"

Case 17-30112   Doc 392   Filed 08/25/17   Entered 08/25/17 00:59:14   Desc Main
Document      Page 61 of 77
Case 17-07011   Doc 1   Filed 04/18/17   Entered 04/18/17 17:02:55   Desc Main
Document      Page 22 of 30
Case 17-30112   Doc 142   Filed 03/20/17   Entered 03/20/17 11:31:32   Desc Main
Document      Page 1 of 9

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | ) NOTICE OF PERFECTION OF CLAIMS OF |
| | ) CREDITOR ANFIELD APPAREL GROUP, |
| Vanity Shop of Grand Forks, Inc., | ) INC. UNDER 11 U.S.C. §546 AND DEMAND |
| | ) FOR SEGREGATION OF RECLAIMED |
| | ) GOODS |
| | ) |
| | ) Bankruptcy No.: 17-30112 |
| | ) |
| Debtor. | ) Chapter 11 |

Comes Now Anfield Apparel Group, Inc., ("Anfield") an active California corporation, with its Notice of Perfection under 11 U.S.C. §546.

Anfield delivered goods (the "reclaimed goods") to the Debtor in or about early February, 2017. Anfield was not paid for the goods. As of the filing date of this case was owed monies as reflected in the attached invoices and bills of lading. The reclaimed goods are described in the attached invoices and bills of lading.

Anfield's claim to reclamation of the reclaimed goods is based on valid and perfected and non-avoidable liens.

Anfield sold the goods on credit to the Debtor in the ordinary course of business, in the course of transactions with the Debtor. The Debtor was insolvent when Anfield delivered the goods. Anfield, here and by letter dated March 14, 2017, and addressed to Debtor's counsel, has made timely written demands for the return of the reclaimed goods and has sufficiently described the reclaimed goods by reference to invoices and bills of lading which were attached to the March 14, 2017, letter and which are attached to this Notice. The Debtor had possession of the

Case 17-30112    Doc 392    Filed 08/25/17    Entered 08/25/17 00:59:14    Desc Main
Document      Page 62 of 77
Case 17-07011    Doc 1    Filed 04/18/17    Entered 04/18/17 17:02:55    Desc Main
Document      Page 23 of 30
Case 17-30112    Doc 142    Filed 03/20/17    Entered 03/20/17 11:31:32    Desc Main
Document      Page 2 of 9

goods as of the bankruptcy petition date and as of the date of both demands and the goods were

not then in the hands of a buyer in the ordinary course of a good faith purchaser.

Anfield does not consent to the placing of any liens on the reclaimed goods for any

purpose including any post-petition financing.

Dated: March 16, 2017                                    Respectfully submitted,


                                                        /s/ Steven R. Fox
                                                        Steven R. Fox
                                                        Fox Law Corporation
                                                        17835 Ventura Blvd., Suite 306
                                                        Encino, CA 91316
                                                        Telephone: (818) 774-3545
                                                        Facsimile: (818) 774-3707
                                                        Srfox@foxlaw.com
                                                        Attorney for Anfield Apparel Group,
                                                        Inc.

Case 17-30112    Doc 392    Filed 08/25/17    Entered 08/25/17 00:59:14    Desc Main
Document      Page 63 of 77
Case 17-07011    Doc 1    Filed 04/18/17    Entered 04/18/17 17:02:55    Desc Main
Document      Page 24 of 30
Case 17-30112    Doc 142    Filed 03/20/17    Entered 03/20/17 11:31:32    Desc Main
Document      Page 3 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2017, I electronically filed the foregoing NOTICE OF

PERFECTION OF CLAIMS OF CREDITOR ANFIELD APPAREL GROUP, INC. UNDER 11

U.S.C. §546 AND DEMAND  FOR SEGREGATION OF RECLAIMED GOODS with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to all parties of

record.

/s/ Steven R. Fox
Steven R. Fox
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
Telephone: (818) 774-3545
Facsimile: (818) 774-3707
Srfox@foxlaw.com
Attorney for Anfield Apparel Group,
Inc.

24

Case 17-30112    Doc 392    Filed 08/25/17    Entered 08/25/17 00:59:14    Desc Main
Document    Page 64 of 77
Case 17-07011    Doc 1    Filed 04/18/17    Entered 04/18/17 17:02:55    Desc Main
Document    Page 25 of 30
Case 17-30112    Doc 142    Filed 03/20/17    Entered 03/20/17 11:31:32    Desc Main
Document    Page 4 of 9

**REVISED**

Tom

| Date: 1/31/2017 | **BILL OF LADING** | Page ___1___ |
|---|---|---|

| SHIP FROM | CARRIER INFORMATION |
|---|---|
| **The Vendor**<br>Name: Anfield Apparel Group, Inc.<br>Address: 20851 Currier Road,<br>City/State/Zip: City of Industry, CA 91789<br>Tel: 909-595-6098 x 109<br>Fax: 909-598-2691 | Bill of Lading Number: 170131<br><br>LOADING APPT:<br><br>ARRIVAL TIME:<br><br>LOADED:<br>    BAR CODE SPACE |

| SHIP TO | |
|---|---|
| Name: Vanity c/o West Coast Warehouse<br>Address: 100 W. Manville Street,,<br>City/State/Zip: Compton, CA 90220<br>Tel: 310-635-9538x227  attn: Carlos                    FOB: ☐ | CARRIER NAME:   AEF FREIGHT<br>Trailer number:<br>Seal number(s):<br>SCAC:<br>Pro number:<br><br>    BAR CODE SPACE |

| THIRD PARTY FREIGHT CHARGES BILL TO: | |
|---|---|
| Name:<br>Address:<br><br>City/State/Zip:<br><br>SPECIAL INSTRUCTIONS: | Freight Charge Terms: (freight charges are prepaid unless marked otherwise)<br>Prepaid __X__          Collect ___          3rd Party ___<br>  ☐  Master Bill of Lading: with attached<br>(check box)  underlying Bills of Lading |

| CUSTOMER ORDER INFORMATION | | | | |
|---|---|---|---|---|
| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | DESCRIPTION |
| PO#241482  Sty#VJING0006A | 192 ctns | 2764 pcs | Y    N | Lady's Cotton Pants |
| 241480    VJING0005B | 206 " | 3371 " | Y    N | |
| 241476    VJING0043 | 182 " | 3684 " | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| GRAND TOTAL | 580 ctns | 9819 Pcs | | |

| CARRIER INFORMATION | | | | | | | |
|---|---|---|---|---|---|---|---|
| HANDLING UNIT | | PACKAGE | | | | COMMODITY DESCRIPTION | LTL ONLY |
| QTY | TYPE | QTY | TYPE | WEIGHT | H.M. (X) | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | NMFC #      CLASS |
| 11 | Plts | 595 | Ctns | 10338 Lbs | | | |
| 11 | | 580 | | 10338 Lbs | | **GRAND TOTAL** | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding _____."

COD Amount: $ _____
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

**NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. • 14706(c)(1)(A) and (B).**

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.
_____ Shipper

Signature

| RECEIVER'S SIGNATURE / DATE<br>This is to certify that we have well received goods described above with good condition | Trailer Loaded:<br>☐ By Shipper<br>☐ By Driver | Freight Counted:<br>☐ By Shipper<br>☐ By Driver/pallets said to contain<br>☐ By Driver/Pieces | CARRIER SIGNATURE / PICKUP DATE<br>Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle.<br>Property described above is received in good order, except as noted. |

*Juan Enriquez   01/31/17*

25

**Anfield Apparel Group, Inc.**

20851 Currier Road
City of Industry, CA 91789

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/2/2017 | 2017-099 |

| Bill To |
|---------|
| Vanity Shop of GRand Forks, Inc. |

| Ship To |
|---------|
| VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|          | 45 DAYS |       |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| VJIING0056... | 11 SAS 5P HR LT HIGH LOW V 25 | 241527 | 1504 | 0 | 0 | 1,494 | 13.00 | 19,422.00 |

| | |
|---|---|
| **Total** | $19,422.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $19,422.00 |

26

Case 17-30112  Doc 392  Filed 08/25/17  Entered 08/25/17 00:59:14  Desc Main
Document  Page 66 of 77
Case 17-07011  Doc 1  Filed 04/18/17  Entered 04/18/17 17:02:55  Desc Main
Document  Page 27 of 30
Case 17-30112  Doc 142  Filed 03/20/17  Entered 03/20/17 11:31:32  Desc Main
Document  Page 6 of 9

Date: 2/2/2017

# BILL OF LADING

Page ___1___

| SHIP FROM | |
|---|---|
| The Vendor<br>Name: Anfield Apparel Group, INC.,<br>Address: 20851 Currier Road,<br>City/State/Zip: City of Industry, CA 91789<br>Tel: 909-595-6088 x 109<br>Fax: 909-598-2691 | Bill of Lading Number: 170133<br><br>LOADING APPT:<br><br>ARRIVAL TIME:<br><br>LOADED:<br>**BAR CODE SPACE** |

| SHIP TO | |
|---|---|
| Name: Vanity c/o CIS<br>Address: 100 W. Manville Street,<br>City/State/Zip: Compton, CA 90220<br>Tel: 310.635.9938 EXT 227<br>FOB: ☐ | CARRIER NAME:  AEF<br>Trailer number:<br>Seal number(s):<br>SCAC:<br>Pro number:<br><br>**BAR CODE SPACE** |

| THIRD PARTY FREIGHT CHARGES BILL TO: | |
|---|---|
| Name:<br>Address:<br>City/State/Zip: | Freight Charge Terms: (freight charges are prepaid unless<br>marked otherwise)<br>Prepaid __X__     Collect ____     3rd Party ____ |
| SPECIAL INSTRUCTIONS: | ☐ (check box)   Master Bill of Lading: with attached<br>underlying Bills of Lading |

| CUSTOMER ORDER INFORMATION | | | | |
|---|---|---|---|---|
| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (CIRCLE ONE) | DESCRIPTION |
| 241527 | 115 | 1494 | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| | | | Y    N | |
| GRAND TOTAL | 115 ctns | 1494 | | |

| CARRIER INFORMATION | | | | | | | |
|---|---|---|---|---|---|---|---|
| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY |
| QTY | TYPE | QTY | TYPE | | | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | NMFC #    CLASS |
| 2 | PLTs | 115 | ctns | 1675lbs | | | |
| 2 | | 115 | | 1675lbs | | GRAND TOTAL | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding _____ per _____ .

COD Amount: $
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. § 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ Shipper
Signature

| RECEIVER'S SIGNATURE / DATE<br>This is to certify that we have well received goods described above with good condition | Trailer Loaded:<br>☐ By Shipper<br>☐ By Driver | Freight Counted:<br>☐ By Shipper<br>☐ By Driver/pallets said to contain<br>☐ By Driver/Pieces | CARRIER SIGNATURE / PICKUP DATE<br>Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle.<br>Property described above is received in good order, except as noted. |

Anfield Apparel Group, Inc.

20851 Currier Road
City of Industry, CA 91789

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2017 | 2017-098 |

| Bill To | Ship To |
|---------|---------|
| Vanity Shop of GRand Forks, Inc. | VANITY<br>201 W. MANVILLE ST<br>COMPTON, CA 90220 |

| | P.O. No. | Terms | Project |
|---|----------|-------|---------|
| | | 45 DAYS | |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| VJING0056... | 11 SAS SP LT ROLL V25 | 241484 | 1504 | 0 | 5 | 1,499 | 13.00 | 19,487.00 |
| vjing0043-... | 10 HAR 5P HR TINT RELEASE | 241476 | 3694 | 3,371 | 0 | 323 | 13.20 | 4,263.60 |
| VJING0048... | 12 GIRLFRIEND 5P DEST ROLL | 241477 | 3000 | 0 | 0 | 3,000 | 13.25 | 39,750.00 |
| MVP0778-... | 4 SAS 5P DEST ROLL MED | 241486 | 320 | 0 | 0 | 320 | 9.50 | 3,040.00 |
| MVP0778A... | 4 SAS 5P DEST ROLL | 241489 | 320 | 0 | 0 | 320 | 9.50 | 3,040.00 |
| VJING0055... | 11 SAS 5P FULL DEST RELEASE | 241478 | 3150 | 0 | 47 | 3,103 | 13.00 | 40,339.00 |

| | |
|---|---|
| **Total** | $109,919.60 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $109,919.60 |

28

Case 17-30112   Doc 392   Filed 08/25/17   Entered 08/25/17 00:59:14   Desc Main
Document   Page 68 of 77
Case 17-07011   Doc 1   Filed 04/18/17   Entered 04/18/17 17:02:55   Desc Main
Document   Page 29 of 30
Case 17-30112   Doc 142   Filed 03/20/17   Entered 03/20/17 11:31:32   Desc Main
Document   Page 8 of 9

# REVISED

**BILL OF LADING**   Page 1

Date: 2/1/2017

**SHIP FROM**

The Vendor
Name: Ahfield Apparel Group, INC.,
Address: 20851 Currier Road,
City/State/Zip: City of Industry, CA 91789
Tel: 909-595-8088 x 109
Fax: 909-598-2691

Bill of Lading Number: 170132

LOADING APPT:

ARRIVAL TIME:

LOADED:
**BAR CODE SPACE**

**SHIP TO**

Name: Vanity c/o OIS
Address: 201 W. Manville Street,
City/State/Zip: Compton, CA 90220
Tel: 562-295-4373      attn: Willie / Carlos   FOB: ☐

CARRIER NAME: AEF
Trailer number:
Seal number(s):
SCAC:
Pro number:

**BAR CODE SPACE**

**THIRD PARTY FREIGHT CHARGES BILL TO:**

Name:
Address:
City/State/Zip:

SPECIAL INSTRUCTIONS:

Freight Charge Terms: (freight charges are prepaid unless marked otherwise)
Prepaid  X      Collect ____    3rd Party ____
(check box)
☐ Master Bill of Lading with attached underlying Bills of Lading

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | PCS | PALLET/SLIP (Circle one) | | DESCRIPTION |
|---|---|---|---|---|---|
| 241484 | 116 | 1498 | Y | N | |
| 241486 | 15 | 320 | Y | N | |
| 241489 | 15 | 320 | Y | N | |
| 241476 | 17 | 323 | Y | N | |
| 241477 | 134 | 3000 | Y | N | |
| 241478 | 204 | 3103 | Y | N | |
| GRAND TOTAL | 500 ctns | 8565 | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | Commodities requiring special or additional care or attention in handling or stowing must be stated and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC item 360 | NMFC # | CLASS |
| 42 | PLTs | 500 | ctns | 9549lbs | | | | |
| 13 | | | | | | | | |
| 15 | | | | | | | | |
| 42+1 | | 500 | | 9549lbs | | **GRAND TOTAL** | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding
_____ per _____

COD Amount: $ _____
Fee Terms:   Collect: ☐   Prepaid: ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. § 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.
_____
Shipper

Signature _____

RECEIVER'S SIGNATURE / DATE
This is to certify that we have well received goods described above with good condition

Trailer Loaded:
☐ By Shipper
☐ By Driver

Freight Counted:
☐ By Shipper
☐ By Driver/pallets said to contain
☐ By Driver/Pieces

CARRIER SIGNATURE / PICKUP DATE
Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the U.S. DOT emergency response guidebook or equivalent documentation in the vehicle.
Property described above is received in good order, except as noted.

2-1-31
No Patt
Exch

29

Case 17-30112   Doc 392   Filed 08/25/17   Entered 08/25/17 00:59:14   Desc Main
Document      Page 69 of 77
Case 17-07011   Doc 1   Filed 04/18/17   Entered 04/18/17 17:02:55   Desc Main
Document      Page 30 of 30
Case 17-30112   Doc 142   Filed 03/20/17   Entered 03/20/17 11:31:32   Desc Main
Document      Page 9 of 9

**Anfield Apparel Group, Inc.**

20851 Currier Road
City of Industry, CA 91789

*revised.*

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2017 | 2017-097 |

| Bill To |
|---------|
| Vanity Shop of GRand Forks, Inc. |

| Ship To |
|---------|
| VANITY
201 W. MANVILLE ST
COMPTON, CA 90220 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | 45 DAYS |  |

| Item | Description | S.O. ... | Order... | Prev. Inv... | Backor... | Invoiced | Rate | Amount |
|------|-------------|----------|----------|--------------|-----------|----------|------|--------|
| vjing0043-... | 10 HAR 5P HR. TINT RELEASE | 241476 | 3694 | 0 | 323 | 3,371 | 13.20 | 44,497.20 |
| VJING0058... | 10 HAR 5P FULL DEST DBL | 241480 | 3139 | 0 | 2 | 3,137 | 12.85 | 40,310.45 |
| VJING0036... | 11 SAS POTASSIUM V DBL BTN | 241482 | 2754 | 0 | 0 | 2,754 | 12.96 | 35,691.84 |

| Total | $120,499.49 |
|-------|-------------|
| **Payments/Credits** | $0.00 |
| **Balance Due** | $120,499.49 |

## **EXHIBIT 3**

**Proof of Claim No. 281, Filed by TGC**

Claim #281  Date Filed: 6/26/2017

**Fill in this information to identify the case:**

Debtor ___Vanity Shop of Grand Forks, Inc.___

United States Bankruptcy Court for the: _____ District of _____

Case number __17-30112__

**RECEIVED**

**JUN 2 6 2017**

**KURTZMAN CARSON CONSULTANTS**

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | TGC, LP<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>TGC, LP<br>Name<br>PO Box 80743<br>Number        Street<br>Billings          MT          59108<br>City          State          ZIP Code<br><br>Contact phone (406) 652-8328<br>Contact email jimb@diamondbco.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number        Street<br><br>City          State          ZIP Code<br><br>Contact phone _____<br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410

Proof of Claim



1730112170626000000000004

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6.  **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7.  **How much is the claim?** | $ _____ 5,248,777.43  **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8.  **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Loan and interest |

| | |
|---|---|
| 9.  **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**RECEIVED**<br>**JUN 2 6 2017**<br>**KURTZMAN CARSON CONSULTANTS**<br><br>Value of property:  $_____<br>Amount of the claim that is secured:  $_____<br><br>Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:  $_____<br><br>Annual Interest Rate (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10.  **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |

| | |
|---|---|
| 11.  **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/23/2017
MM / DD / YYYY

**RECEIVED**

**JUN 2 6 2017**

**KURTZMAN CARSON CONSULTANTS**

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        James R. Bennett
            First name          Middle name          Last name

Title       President

Company
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     3529 Gabel Road
            Number          Street
            Billings                                        MT          59102
            City                                            State       ZIP Code

Contact phone  (406) 652-8328              Email  jimb@diamondbco.com

TGC, LP
PO Box 80743
Billings, MT 59108

**Statement Date:** 6/22/2017
**Amounts as of:** 2/28/2017

# STATEMENT OF ACCOUNT

Vanity Shop of Grand Forks, Inc.
PO Box 547
Fargo, ND 58107-0547

| DATE | DESCRIPTION | CHARGES | CREDITS | ACCOUNT BALANCE |
|---|---|---|---|---|
| 2/28/2017 | Loan Principal Outstanding | $5,000,000.00 | | $5,000,000.00 |
| 2/28/2017 | Interest Outstanding | $248,777.43 | | $5,248,777.43 |
| | | | | |
| | | | | |

ATTACHMENT CLAIM 281

| TGC, LP | | | Prin | |
|---|---|---|---|---|
| Borrowed | 7/11/2013 | $ | | 2,000,000.00 |
| Borrowed | 9/26/2013 | $ | | 1,000,000.00 |
| Borrowed | 2/11/2014 | $ | | 1,000,000.00 |
| | | $ | | 4,000,000.00 |
| | | | | |
| Interest Rate per Annum | 6.50% | | | |

| | Interest Accr | Balance (P&I) | |
|---|---|---|---|
| 7/11/2013 | | $ 2,000,000.00 | |
| 7/31/2013 | 7,479.45 | 2,007,479.45 | |
| 8/31/2013 | 11,041.10 | 2,018,520.55 | |
| 9/24/2013 | 8,547.95 | 2,027,068.50 | Advance on 9/25/13 of $1M; interest on $2M for 9/1/13-9/24/13 |
| 9/30/2013 | 3,205.48 | 3,030,273.98 | interest on $3M for 9/25/13-9/30/13 |
| 10/31/2013 | 16,561.64 | 3,046,835.62 | |
| 11/30/2013 | 16,027.40 | 3,062,863.02 | |
| 12/31/2013 | 16,561.64 | 3,079,424.66 | |
| 1/31/2014 | 16,561.64 | 3,095,986.30 | |
| 2/10/2014 | 5,342.47 | 3,101,328.77 | Advance on 2/11/14 of $1M; interest on $3M for 2/1/14-2/10/14 |
| 2/28/2014 | 12,821.92 | 4,114,150.69 | interest on $4M for 2/11/14-2/28/14 |
| 3/31/2014 | 22,082.19 | 4,136,232.88 | |
| 4/30/2014 | 21,369.86 | 4,157,602.74 | |
| 5/31/2014 | 22,082.19 | 4,179,684.93 | |
| 6/30/2014 | 21,369.86 | 4,201,054.79 | |
| 7/31/2014 | 22,082.19 | 4,223,136.98 | |
| 8/31/2014 | 22,082.19 | 4,245,219.17 | |
| 9/30/2014 | 21,369.86 | 4,266,589.03 | |
| 10/31/2014 | 22,082.19 | 4,288,671.22 | |
| 11/30/2014 | 21,369.86 | 4,310,041.08 | |
| 12/31/2014 | 22,082.19 | 4,332,123.27 | |
| 1/31/2015 | 22,082.19 | 4,354,205.46 | |
| 2/28/2015 | 19,945.21 | 4,374,150.67 | |
| 3/2/2015 | 1,424.66 | 4,375,575.33 | Interest on $4M 3/1/15-3/2/15 |
| 3/3/2015 | (374,150.47) | (2,374,150.47) | Payment |
| | 1,424.86 | 2,001,424.86 | 3/3/15 Balance |
| 3/31/2015 | 10,328.77 | 2,011,753.63 | Interest 3/3/15-3/31/15 |
| 4/30/2015 | 10,684.93 | 2,022,438.56 | |
| 5/31/2015 | 11,041.10 | 2,033,479.66 | |
| 6/30/2015 | 10,684.93 | 2,044,164.59 | |
| 7/31/2015 | 11,041.10 | 2,055,205.69 | |
| 8/31/2015 | 11,041.10 | 2,066,246.79 | |
| 9/30/2015 | 10,684.93 | 2,076,931.72 | |
| 10/31/2015 | 11,041.10 | 2,087,972.82 | |
| 11/30/2015 | 10,684.93 | 2,098,657.75 | |
| 12/31/2015 | 11,041.10 | 2,109,698.85 | |
| 1/30/2016 | 11,010.93 | 2,120,709.78 | |
| 2/29/2016 | 10,300.55 | 2,131,010.33 | |
| 2/29/2016 | (131,010.33) | (131,010.33) | Interest Payment |
| | - | 2,000,000.00 | 2/29/16 Balance |
| 3/31/2016 | 11,010.93 | 2,011,010.93 | |
| 4/30/2016 | 10,655.74 | 2,021,666.67 | |
| 5/31/2016 | 11,010.93 | 2,032,677.60 | |
| 6/23/2016 | 12,254.10 | 3,044,931.70 | Advance on 6/1/16 of $1M |

RECEIVED

JUN 2 8 2017

| | | | |
|---|---|---|---|
| 6/30/2016 | 4,972.68 | 4,049,904.38 | Advance on 6/24/16 of $1M |
| 7/31/2016 | 22,021.86 | 4,071,926.24 | |
| 8/31/2016 | 22,021.86 | 4,093,948.10 | |
| 9/30/2016 | 21,311.48 | 4,115,259.58 | |
| 10/4/2016 | 2,841.53 | 4,118,101.11 | |
| 10/31/2016 | 23,975.41 | 5,142,076.52 | Advance on 10/5/16 of $1M |
| 11/30/2016 | 26,639.34 | 5,168,715.86 | |
| 12/31/2016 | 27,527.32 | 5,196,243.18 | |
| 1/31/2017 | 27,602.74 | 5,223,845.92 | |
| 2/28/2017 | 24,931.51 | 5,248,777.43 | |
| 3/31/2017 | 27,602.74 | 5,276,380.17 | |
| 4/29/2017 | 25,821.92 | 5,302,202.09 | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, causing notice of such filing to be sent to all parties that have appeared in this chapter 11 case.

/s/ Jeffrey Chubak