# STORCH AMINI PC

**Jeffrey Chubak**
MEMBER NY & NJ BARS

212.497.8247
jchubak@storchamini.com

September 19, 2017

<u>Via ECF</u>

Hon. Shon Hastings, Chief Bankruptcy Judge
Quentin N. Burdick United States Courthouse
655 First Avenue North
Fargo, North Dakota 58102

Re:   In re Vanity Shop of Grand Forks, Inc., Ch. 11 Case No. 17-30112

Dear Judge Hastings:

    I am counsel to B.E. Capital Management Fund LP. I write not to reply to the Debtor's objection, but rather, to point out that the sole reported decision the Debtor cited for the proposition that the 2005 amendments to section 546(c) deprive this Court of authority to award an administrative expense in lieu of the remedy of reclamation—*In re Circuit City Stores, Inc.*, 441 B.R. 496, 507 (Bankr. E.D. Va. 2010) (citing *In re First Magnus Fin. Corp.*, No. 07-01578, 2008 WL 5046596, at *2 (Bankr. D. Ariz. Oct. 16, 2008))—was appealed; and that on appeal the trade creditor raised the exact same arguments asserted by B.E. Capital herein (see Appellant's Opening Brief, enclosed); and the resulting District Court decision (reported at 445 B.R. 521) described those arguments as "persuasive" but ultimately affirmed because the trade creditor had slept on its rights (*id.* at 538-29), not because the administrative expense remedy is unavailable. This is not obvious, as the "history" tab on Westlaw associated with the Bankruptcy Court's decision does not link to the District Court decision, let alone to the appellant's opening brief.

Very truly yours,

Jeffrey Chubak

cc: Counsel of Record

Enclosure