UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

VANITY SHOP OF GRAND FORKS, INC.,

Debtor.

Chapter 11

Case No. 17-30112

### OBJECTION TO DEBTOR'S MOTION TO CONTINUE
### HEARING ON B.E. CAPITAL'S MOTION TO CONVERT CASE

B.E. Capital Management Fund LP hereby objects to the Debtor's motion, filed this afternoon [ECF No. 637], to continue the hearing on B.E. Capital's motion to convert this case, filed March 14, 2018 [ECF No. 602], presently scheduled for April 10, 2018 at 2:30 p.m., and respectfully states:

1.  The Debtor states the hearing on the motion to convert should be continued because its proposed plan administrator, David Velde, is in Europe for the next three weeks, and his testimony "would assist the Court in determining if the creditors would benefit by keeping this case as a Chapter 11 vs. converting to a Chapter 7."

2.  The Debtor's motion should be denied for several reasons.

3.  <u>First</u>, it is based on the false premise that the legal question of whether to convert this case hinges on whether creditors would do better in chapter 11 than in chapter 7. That is false. The best interest test under Bankruptcy Code section 1129(a)(7)(A) is not relevant to the conversion inquiry under section 1112(b)(1). As the Debtor has admitted it has no prospect of rehabilitation in its objection to the motion to convert [ECF No. 628, p.3], the sole issue under B.E. Capital's motion to convert is whether the Debtor is presently experiencing "continuing loss," under section 1112(b)(4)(A), a question on which Mr. Velde has no greater knowledge than the Debtor or B.E. Capital or this Court.[1]

---

[1] The Debtor has taken the position that professional fees do not count towards the "continuing loss" inquiry under section 1112(b)(4)(A) [ECF No. 628, p.4-5], an argument the Debtor acknowledges was rejected by

4. <u>Second</u>, even if Mr. Velde's testimony were somehow relevant, witness unavailable is not a recognized basis for a continuance under section 1112(b)(3), which only permits a hearing more than 30 days after the filing of a motion to convert if "the movant expressly consents to a continuance for a specific period of time" or "compelling circumstances prevent the court from meeting the time limits established by this paragraph."  B.E. Capital does <u>not</u> consent to a continuance of tomorrow's hearing, which would not have been scheduled for tomorrow had compelling circumstances existed.

5. <u>Third</u>, the Committee has not filed an opposition to the motion to convert.  The Debtor offers no reason why its view on what is better for creditors (chapter 11 vs. 7) is entitled to greater deference than the Committee, which is comprised of and represents the interests of unsecured creditors as a legal matter.

6. <u>Fourth</u>, pursuant to Local Bankruptcy Rule 9013-1, fourteen days' prior written notice is required on a motion for a continuance.  The Debtor has not asked to shorten notice, and has not articulated why cause exists to shorten notice under Rule 9006(c).  Further, the Debtor knew that it intended to seek the appointment of Mr. Velde as plan administrator long before today.

---

the Eighth Circuit in *Loop* (*id*. p.6) and by many other courts, putting aside the question of U.S. Trustee fees.  Moreover, the authority cited by the Debtor for the proposition that its loss is not "continuing" is inapposite (*id*. pp.6-7).  Nor are Debtor's past actions in this case (*id*. pp.7-8) relevant to the conversion inquiry, as noted in B.E. Capital's motion [ECF No. 602, ¶21].

2

WHEREFORE, B.E. Capital requests that the Court deny the Debtor's motion to continue the hearing on B.E. Capital's motion to convert, and grant B.E. Capital such other and further relief as this Court deems just and proper.

Dated: April 9, 2018                                            STORCH AMINI PC

/s/ Jeffrey Chubak
Jeffrey Chubak (admitted pro hac vice)
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 490-4208
jchubak@storchamini.com

*Attorneys for Creditor B.E. Capital Management Fund LP*

# CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, causing notice of such filing to be sent to all parties that have appeared in this chapter 11 case.

/s/ Jeffrey Chubak