UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy No. 17-30112 |
| | ) | |
| Vanity Shop of Grand Forks, Inc. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**TGC, L.P., BOTTRELL FAMILY INVESTMENTS, L.P., SHAZZAM!, INC., AND VANITY, INC., RESPONSE IN OPPOSITION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR DERIVATIVE STANDING TO PURSUE CLAIMS ON BEHALF OF DEBTOR**

## I. INTRODUCTION

On December 18, 2017, the Unsecured Creditors Committee sought standing to pursue alleged insider claims on behalf of the Debtor. See Doc #543. The Motion was never heard by the Court. On March 28, 2018, the Court noticed the Unsecured Creditors' Motion for Derivative Standing to be heard May 22, 2018. The Court's Notice of Hearing does not state a deadline in which an objection must be filed to the Unsecured Creditor's Motion. For the reasons outlined herein, TGC, LP, Bottrell Family Investments, LP, Shazzam!, Inc., and Vanity, Inc., hereinafter jointly and severally referred to as "TGC", respectfully requests denial of the Committee's Motion for derivative standing to pursue claims on behalf of the Debtor. The Unsecured Creditor's Committee's motion is premature.

## II. LAW AND ARGUMENT

For its objection to the Unsecured Creditors' Motion for Derivative Standing, TGC, hereby adopts the Debtor's Response in Opposition to the Unsecured Creditors' Motion for

1

Derivative Standing filed on March 19, 2018. TGC reserves the right to supplement this response prior to the May 22, 2018, hearing.

TGC recognizes that some courts have granted creditor's committee's standing to pursue claims in certain circumstances. *Nangle v Lauer (In re Lauer)*, 98 F.3d 378, 388 (8th Cir. 1996). Derivative standing is not granted as a matter of course. Otherwise, the unsecured creditors committee could circumvent the pivotal role the trustee or debtor-in-possession in representing the estate. *PW Enters. Inc., v N.D. Racing Comm'n (In re Racing Servs. Inc.)*, 540 F.3d 892, 899-900 (8th Cir. 2008) (citations omitted).

Case law is clear that for an unsecured creditor to successfully obtain derivative standing to pursue claims on behalf of the Debtor/Estate, the Unsecured Creditors Committee must demonstrate: (1) the unsecured creditors requested that proceedings be brought on behalf of the debtor against insiders, and the request was refused; and (2) the refusal to pursue the claims was unjustified. *Id*. at 900.

The Unsecured Committee's present Motion is premature and must be denied. Within the next 60 days, either the Debtor's Chapter 11 Plan of Reorganization will be approved by the Court, or, it is anticipated, BE Capital once again will file a motion with the court to convert the Debtor's Chapter 11 proceedings to Chapter 7. After the status of the Debtor's present Chapter 11 proceedings is determined and shortly thereafter, an independent trustee, whether David Velde pursuant to the Debtor's proposed Chapter 11 Plan of Reorganization or a Chapter 7 trustee appointed by the Trustee's office, will retain legal counsel and will investigate all insider claims. In the present Chapter 11 proceedings, after Trustee David Velde has had a reasonable time to investigate all claims, and if Trustee David Velde has rendered an opinion that there are no claims to be

2

pursued against insider entities, then the Unsecured Creditor's Committee has standing to seek derivative standing to pursue claims on behalf of the Debtor if valid claims exist. For the reasons cited herewithin, the Unsecured Creditor's Committee's present Motion should be denied since it is premature. No liquidating agent has been appointed in the present proceedings.

Pursuant to the Debtor's Response to the Unsecured Creditor's Committee's motion for derivative standing, the Debtor has not refused to pursue insider claims. The Debtor has confirmed with the Unsecured Creditor's Committee that all claims will be addressed by the liquidating agent, David Velde, pursuant to a confirmed Chapter 11 liquidating plan. The Debtor has represented that the Debtor will propose Chapter 11 plan provisions that will make the plan administrator, David Velde, immune to possible influence by any targets of claims the present Unsecured Creditors Committee desires to pursue. Case law is clear that when the Debtor's Chapter 11 liquidating plan addresses insider claims, the claims are not refused. See *In re Caesars Entertainment Operating Co., Inc.*, 561 B.R. 457, 469 (Bankr. N.D. Ill. 2016). Not pursuing claims at a specific time or in exact manner sought by an unsecured creditor's committee is not a refusal. *Larson v. Foster (In re Foster)*, 516 B.R. 537, 542 (B.A.P. 8th Cir. 2014).

The evidence is clear that the Debtor has not refused to pursue claims against insiders. Instead, the Debtor is seeking confirmation of a Chapter 11 Plan that proposes a mechanism for the trustee to pursue insider claims by the liquidating agent, Trustee David Velde.

At this time, it is premature to grant the Unsecured Creditor's Committee any derivative standing. If the liquidating Chapter 11 plan is approved, David Velde should be

3

granted the opportunity to review and make a decision regarding insider claims and if David Velde decides not to pursue insider claims, and if the Unsecured Creditor's Committee believe that valid insider claims exists that would clearly benefit the estate, then at that specific period in time the Unsecured Creditor's Committee can seek derivative standing to pursue claims on behalf of the Debtor.

The Unsecured Creditor's Committee has failed to demonstrate the Debtor has unreasonably denied pursuit of any insider claims. As the Debtor's response provides, the Debtor understands the refusal to pursue insiders is unjustified if the claim, if successful, would clearly benefit the estate. The Debtor also recognizes the refusal to pursue a claim that only marginally benefits the estate is also justified. When assessing justifiability, the court should assess: (1) the probabilities of legal success and financial recovery in the event of success; (2) the creditor's fee arrangement; and (3) the anticipated delay and expense to the bankruptcy estate that the initiation and continuation of liquidation will likely produce. *In re Racing Servs.*, 540 F.3d 892, 900 (8th Cir. 2008).

TGC asserts that the Unsecured Creditor's Committee's request for derivative standing is premature and at this juncture, should be denied. This Court must first entertain the pending Chapter 11 liquidating plan and upon approval of the plan, allow the liquidating agent, David Velde, a reasonable period of time to evaluate claims and if Attorney David Velde refuses to pursue or evaluate claims against insiders, then and only at that time can the Unsecured Creditor's Committee once against renew their motion for derivative standing if justifiable claims exist.

TGC, LP, Bottrell Family Investments, LP, Shazzam!, Inc., and Vanity, Inc., assert the only rationale for the Unsecured Creditor's Committee recently objecting to TBC's

4

Proof of Claim in the amount of $5,248,777.43, prior to the confirmation of a Chapter 11 Plan of Reorganization in addition to the Unsecured Creditor's Committee filing of the present motion for derivative standing is simply to "generate" legal fees and nothing more.

## CONCLUSION

For the reasons cited herewithin, TGC, LP, Bottrell Family Investments, LP, Shazzam!, Inc., and Vanity, Inc., respectfully request that this Court deny the Unsecured Creditor's Motion for Derivative Standing since the Unsecured Creditor's Motion is premature at this juncture.

Dated this 11th day of April, 2018.

/s/ Brad A. Sinclair
Brad A. Sinclair (#04225)
KALER DOELING, PLLP
3429 Interstate Boulevard
PO Box 9231
Fargo, ND 58106
701-232-8757
Email: brad@kaler-doeling.com
Attorneys for TGC, LP, Bottrell Family Investments, LP, Shazzam!, Inc., and Vanity, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy No. 17-30112 |
| | ) | |
| Vanity Shop of Grand Forks, Inc. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I, Sherry Michelson, being first duly sworn and under oath, depose and say: I am of legal age, a citizen of the United States and not a party to the action herein; that on the 11th day of April, 2018, I served the following documents:

TGC, L.P., BOTTRELL FAMILY INVESTMENTS, L.P., SHAZZAM!, INC., AND VANITY, INC., RESPONSE IN OPPOSITION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR DERIVATIVE STANDING TO PURSUE CLAIMS ON BEHALF OF DEBTOR

electronically on the person listed below via CM/ECF:

- Ellie J Barragry    ebarragry@foxrothschild.com, jaanderson@foxrothschild.com
- L. John Bird    lbird@foxrothschild.com
- Robert A Boghosian    rboghosian@ctswlaw.com
- Jon R. Brakke    jbrakke@vogellaw.com, jnona@vogellaw.com;parmstrong@vogellaw.com;sthompson@vogellaw.com;r51072@notify.bestcase.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com
- D'Layne Carter    dpcarter@pbfcm.com
- Shawn M Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- Jeffrey Chubak    jchubak@storchamini.com
- Andrew S Conway    Aconway@taubman.com
- David G Crooks    dcrooks@foxrothschild.com, etaylor@foxrothschild.com,jsagui@foxrothschild.com
- Richard T Davis    rdavis@cafarocompany.com
- Steven R Fox    srfox@foxlaw.com
- Steven A Ginther    Steve.Ginther@dor.mo.gov
- Ivan M Gold    igold@allenmatkins.com
- Ronald E Gold    rgold@fbtlaw.com, awebb@fbtlaw.com;eseverini@fbtlaw.com
- Jeffrey E Krumpe    Jeffrey.krumpe@mhtlaw.com
- Mette H Kurth    mkurth@foxrothschild.com, msteen@foxrothschild.com;pblazer@foxrothschild.com
- Jeffrey D Kurtzman    kurtzman@kurtzmansteady.com
- Kurtzman Carson Consultants LLC    anguyen@kccllc.com, ecfpleadings@kccllc.com
- Paul J Labov    plabov@foxrothschild.com
- Harlan Lazarus    Hlazarus@lazarusandlazarus.com
- Robert L LeHane    KDWbankruptcydepartment@kelleydrye.com;MVicinanza@ecf.inforuptcy.com

- Thor McLaughlin    tmclaughlin@allenmatkins.com
- Roger J. Minch    rminch@serklandlaw.com
- Laura Monroe    lmbkr@pbfcm.com
- Robert B. Raschke    USTPRegion12.SX.ECF@usdoj.gov
- Alexander G Rheaume    arheaume@riemerlaw.com
- Donald E Rothman    drothman@riemerlaw.com
- Luis Salazar    luis@salazar.law, Aguilar@Salazar.Law;Cabrera@Salazar.Law;Lee-Sin@Salazar.Law;Davila@Salazar.Law
- Brad A. Sinclair    brad@kaler-doeling.com, sherry@kaler-doeling.com
- Caren W. Stanley    cstanley@vogellaw.com, jnona@vogellaw.com;parmstrong@vogellaw.com;sthompson@vogellaw.com;kjohnson@vogellaw.com;r51072@notify.bestcase.com
- Kesha L. Tanabe    kesha@tanabelaw.com
- Michael M. Thomas    mthomas@conmylaw.com, cgronwold@conmylaw.com
- Ronald M Tucker    rtucker@simon.com
- Elizabeth Weller    bethw@lgbs.com
- Sarah J. Wencil    sarah.j.wencil@usdoj.gov
- Michael B. Willey    michael.willey@ag.tn.gov

_____
Sherry Michelson

Subscribed and sworn to before me this 11th day of April, 2018.

JANAE R. KRAGERO
Notary Public
State of North Dakota
My Commission Expires May 8, 2020

_____
NOTARY PUBLIC
Cass County, ND