UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

2018 MAY 11 A 11: 36

FILED

IN RE:

VANITY SHOP OF GRAND FORKS, INC.       )   Chapter 11
                                       )   Case No. 17-30112
Debtor.                                )
                                       )
                                       )

KERRY L. BONDY (P42786)
Petrangelo Bondy & Crossley, P.C.
Attorney for Frenchtown Charter Township
212 E. First St.
Monroe, MI 48161

## CREDITOR FRENCHTOWN CHARTER TOWNSHIP'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT AND PLAN FOR LIQUIDATION

Creditor Frenchtown Charter Township ("Township"), by and through its Treasurer, files this Objection to the Trustee's Disclosure Statement as to Debtor Vanity Shop of Grand Forks, Inc. (the "Debtor") Free and Clear of Liens ("Disclosure Statement"), and states as follows:

1. On April 11, 2018 Debtor filed a Chapter 11 bankruptcy case with this Court. Said Notice of Chapter 11 Bankruptcy Case filing provided that Creditors should not file a claim unless they received a notice to do so.

2. Debtor is indebted to Creditor Township in the amount of $2153.23 for 2017 delinquent personal property taxes on the Debtor's property described as Tax Parcel No. 58-07-000-524-00 located in Frenchtown Charter Township, Monroe County, Michigan.

3. Creditor Frenchtown Charter Township objects to the Trustee's Disclosure Statement based on the outstanding personal property tax liability claims and submits the following in support thereof:

A. Debtor was operating in Frenchtown Charter Township on certain real property known as 2121 North Monroe Street, Unit No. 5, Monroe, Michigan ("Real Property") on which personal property was located.

B. Debtor filed Personal Property Statements with the Township as to that personal property for the 2017 tax year.

C. Personal property taxes were assessed to the Debtor as required by law as to Tax Parcel No. 58-07-000-524-00.

D. No protest was made to the Frenchtown Charter Township Board Review as to the 2017 personal property taxes assessed to Debtor.

4. Creditor Township's claims must be given secured status because the personal property was assessed prior to the petition date and the claims of the Township are established as such pursuant to the State of Michigan General Property Tax Act. The Claims for unpaid personal property taxes are a secured and first priority lien on the Debtor's personal property.

5. In Michigan, "all taxes become a debt due to the township ...from the owner or person otherwise to be assessed on the tax date provided for in §2 and §13..." MCL §211.40. The tax day in Michigan is December 31 of the previous year. MCL §211.2 and §211.13. Copies of MCL 211.40, 211.2 and 211.13 are attached hereto as support for the Township's claims and the Township's Objection to Trustee's Disclosure Statement and Plan for Liquidation.

6. The lien for unpaid property taxes is afforded the first priority by statute:

2

"All personal taxes levied or assessed shall also be a first lien, prior, superior, and paramount, and all personal property of the persons so assessed from and after December 1 for taxes levied before 1995 or the tax day provided for in §2 in each year for state, county, village, or township taxes levied after 1994, or upon a date provided for by the charter of a city or village, and shall remain until paid. The tax liens shall take precedence over all other claims, encumbrances and liens upon that personal property, whether created by chattel mortgage, title retaining contract, execution, upon any final process of a court, attachment, replevin, judgment or otherwise."

See attached MCL §211.40.

7. Any transfer of the property after the date of assessment does not destroy or divest the lien, except where the personal property is sold in the regular course of retail trade. Id.

8. The Township Treasurer's Office is charged by law with the collection of property taxes levied for libraries, schools, senior citizens, fire, police, and many other entities that support the community and therefore the Township must make every effort to collect delinquent property taxes owed to those entities.

9. The interest in the public and the residents and taxpayers of Frenchtown Charter Township must take precedence over the interest of a proposed purchaser in the sale of personal property and equipment at distress prices. The Township should not be forced to expend taxpayer dollars to chase down the property sold after the sale which may be taken outside of the Township or otherwise disposed of and to expend even more taxpayer dollars to try to collect from the yet undetermined purchaser.

10. All personal property taxes owing should be paid to the Township from the proceeds of any proposed sale.

11. Frenchtown Charter Township's claims and Objection to the Trustee's Disclosure Statement and Plan for Liquidation are based on and supported by the State of Michigan General Property Tax Act.

3

WHEREFORE, Frenchtown Charter Township requests that this Honorable Court deny the Trustee's Request for approval of its Disclosure Statement and Plan for Liquidation as it applies to Creditor Frenchtown Charter Township and that the Court order the payment of the 2017 Personal Property Taxes for Tax Parcel No. 58-07-000-524-00 in the amount now owing of $2153.23 based on the evidence and the law and award such other and further relief as it deems appropriate and just.

May 8th, 2018

_____
KERRY L. BONDY (P42786)
Petrangelo Bondy & Crossley, P.C.
Attorney for Creditor Frenchtown Charter Township

Vanity shop of grand forkspd

4

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NORTH DAKOTA | PROOF OF MAILING | FILE NO. 17-30112 |
|---|---|---|
| **Court address** U.S. Bankruptcy Court District of North Dakota | | **Court telephone no.** |

| Plaintiff(s) | v | Defendant(s) |
|---|---|---|

☑ Bankruptcy: In the Matter of Vanity Shop of Grand Forks, Inc.

On the date below I sent by first class mail a copy of Creditor Frenchtown Charter Township's Objection to Debtor's Disclosure Statement and Plan for Liquidation.

TO:

Bankruptcy Court for the District of North Dakota
655 1st Avenue North, #210
Fargo, ND 58102

United States Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Jon R. Brakke
Caren W. Stanley
Vogel Law Firm
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389

Mette Kurth
Fox Roghschild LLP
1800 Centyury Park East
Suite 300
Los Angeles, CA 90067-1506

FILED 2018 MAY 11 A 11:36
UNITED STATES BANKRUPTCY COURT DISTRICT OF NORTH DAKOTA

I declare that the statements above are true to the best of my information, knowledge, and belief.

May 8, 2018
Date

Signature

Sharon M. Ringel

POMfctvanityshoppd