# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>VANITY SHOP OF GRAND FORKS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-30112<br><br>Objection Deadline: May 15, 2018<br>Hearing Date: May 22, 2018 at 9:30 a.m. CT<br><br>Related to Docket No. 646 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS BY
THE MACERICH COMPANY, STARWOOD RETAIL PARTNERS LLC,
PGIM REAL ESTATE, SOUTHGATE MALL ASSOCIATES, LLP, ST MALL OWNER
LLC, AND CENTENNIAL REAL ESTATE COMPANY, LLC WITH RESPECT TO THE
DEBTOR'S SECOND PLAN OF LIQUIDATION DATED APRIL 9, 2018**

The Macerich Company, Starwood Retail Partners LLC, PGIM Real Estate, Southgate Mall Associates, LLP, ST Mall Owner LLC, and Centennial Real Estate Company, LLC (hereinafter, "Landlords"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (the "Limited Objection") to the Debtor's Second Plan of Liquidation Dated April 9, 2018 (the "Plan"),[1] and respectfully represent as follows:

## I. BACKGROUND FACTS

1. Vanity Shop of Grand Forks, Inc. (the "Debtor"), filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on March 1, 2017. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Plan and Disclosure Statement and accompanying documents.

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.  The Debtor leased retail space (the "Premises") from the Landlords pursuant to unexpired leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") at the locations (the "Centers") set forth on the attached Schedule A.

3.  The Leases were leases "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4.  On April 11, 2018, the Debtor filed the Plan [Docket No. 646]. While the Landlords have concerns with respect to several components in the Plan as identified in the objection by the Official Committee of Unsecured Creditors (the "Committee Objection"), Landlord files this Limited Objection and Reservation of Rights to ensure that (a) any dispute with Landlords' claims are adjudicated through a separate claim objection process, and (b) that the separate classification of its unsecured claims does not result in disparate treatment under the Plan.

## II.  LIMITED OBJECTION AND RESERVATION OF RIGHTS

5.  The Plan provides three (3) separate classes for unsecured claims, two of which involve exclusively (or almost exclusively) claims filed by landlords.[3]  Class 3 is identified as Effective Date Unsecured Claims, and the individual claims are listed at Exhibit C to the Plan. *See* Plan at Article V, Section 5.3.  Exhibit C appears to list all landlord claims, and it identifies the Class 3 portion of those claims as the portion of the claim that was scheduled by the Debtor. The Exhibit C identifies this portion of the Landlords' claim as allowed or undisputed.

6.  Class 4 is identified as Post-Effective Date Unsecured Claims, and the individual claims are listed at Exhibit D to the Plan. *See* Plan at Article V, Section 5.4.  Exhibit D appears to again list all landlord claims, and it identifies the Class 4 portion of those claims as the portion

---

[3] Class 2 is a Convenience Class Claims, which does not appear to list any of Landlords claims.  Out of an abundance of caution, Landlords have not agreed to accept a convenience class treatment for their claims.

of the claim not scheduled by the Debtor. In most cases, this is likely the rejection damage portion of landlords' claims. Exhibit D identifies this portion of Landlords' claims as disputed.

7. Putting aside the question of whether it is proper to separately classify Landlords' unsecured claims in this manner for a moment, Landlords objects to the any attempt to have the Plan serve as a disposition of their claims. To the extent there is any dispute with respect to the amount of any claim filed by Landlords, such dispute should be made through claim objection process. Landlords request that the Debtor confirm that the Plan does not seek any ruling on the allowed amount of any claims filed by Landlords, and Landlords reserve the right to assert all claims that it has against the estate and to respond to any claim objection prosecuted by the Debtor or its post-confirmation representative at the appropriate time.

8. Landlords do not believe that there is any legitimate purpose for separating Landlords unsecured claims into separate classes, and that there is no legal basis for providing disparate treatment of these claims. While it is difficult to tell at this time whether the separate classifications of these claims may lead to the possibly of disparate treatment of unsecured claims, the Debtor should confirm that Class 3 and allowed Class 4 claims will receive the same pro rata distribution percentage under the Plan. Specifically, allowed Class 4 claims receive a pro rata share of Subsequent Interim Distributions after the First Interim Distribution on Class 3 claims.

### III.  JOINDER IN OTHER OBJECTIONS

9. In addition to the foregoing, and to the extent not inconsistent with the relief sought herein, Landlords also join in the objection(s) of other real property lessors, as well as the Committee Objection.

## IV. CONCLUSION

In order to protect Landlords rights in connection with confirmation of the Plan, any disputed claims of Landlords should be resolved through a separate claim objection process, the Debtor should confirm that Class 3 and allowed Class 4 claims will receive the same pro rata distribution percentage under the Plan, and the Court should grant such other and further relief that it deems just and proper.

Dated this 15th day of May, 2018.

        **BALLARD SPAHR LLP**

By: */s/ Dustin P. Branch*
Dustin P. Branch, Esquire
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4354
Facsimile: 424.204.4350
E-mail: branchd@ballardspahr.com

*Attorneys for The Macerich Company, Starwood Retail Partners LLC, Southgate Mall Associates, LLP, ST Mall Owner LLC, PGIM Real Estate, and Centennial Real Estate Company, LLC*

## **SCHEDULE A**

| | | |
|---|---|---|
| **The Macerich Company** | | |
| Store No. 170 | South Plains Mall | Lubbock, TX |
| **Starwood Retail Partners LLC** | | |
| Store No. 60 | Gateway Mall | Lincoln, NE |
| Store No. 15 | Rimrock Mall | Billings, MT |
| **Centennial Real Estate Company, LLC** | | |
| Store No. 165 | Pueblo Mall | Pueblo, CO |
| **PGIM Real Estate** | | |
| Store No. Unknown | Southern Hills Mall | Sioux City, IA |
| **Southgate Mall Associates, LLP** | | |
| Store No. 126 | Southgate Mall | Missoula, MT |
| **ST Mall Owner LLC** | | |
| Store No. 122 | South Towne Center | Sandy, UT |

CERTIFICATE OF SERVICE

On this 15th day of May, 2018, the *LIMITED OBJECTION AND RESERVATION OF RIGHTS BY THE MACERICH COMPANY, STARWOOD RETAIL PARTNERS LLC, PGIM REAL ESTATE, SOUTHGATE MALL ASSOCIATES, LLP, ST MALL OWNER LLC, AND CENTENNIAL REAL ESTATE COMPANY, LLC WITH RESPECT TO THE DEBTOR'S SECOND PLAN OF LIQUIDATION DATED APRIL 9, 2018*, was filed and served upon the parties receiving CM/ECF notices in this case and by first-class U.S. mail upon the parties listed below:

Sarah J. Wencil, Esq.
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Jon R. Brakke, Esq.
Caren W. Stanley, Esq.
Vogel Law Firm
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107

Ellie J. Barragry, Esq.
Fox Rothschild LLP
Campbell Mithun Tower – Suite 2200
222 South Ninth Street
Minneapolis, MN 55402-3338

Mette Kurth, Esq.
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506

By: */s/ Dustin P. Branch*
　　　Dustin P. Branch

DMWEST #17749891 v2