# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Vanity Shop of Grand Forks, Inc.,<br><br>Debtor. | Case No.: 17-30112<br><br>Chapter 11 |

## DEBTOR'S DISCLOSURE STATEMENT SUPPLEMENT DATED JULY 11, 2018

This Disclosure Statement Supplement (the "**Disclosure Statement Supplement**") is filed by Debtor Vanity Shop of Grand Forks, Inc. ("**Debtor**"), debtor-in-possession in the above-captioned Chapter 11 case, to reflect certain material changes to Debtor's Disclosure Statement dated April 9, 2018 [Doc. 645] ("**Disclosure Statement**"), which was approved by the Court in its order entered on April 10, 2018 [Doc. 655].

### A. Plan Administrator

1. The Disclosure Statement identified the Plan Administrator as "David Velde." (*See*, Disclosure Statement, pg. 11, ¶ 3.1.2). Since filing and approval of the Disclosure Statement, the Debtor and the Committee of Unsecured Creditors have agreed the Debtor's Plan will provide for the appointment of Phillip L. Kunkel, Gray Plant Mooty, 1010 West St. Germain St., Suite 500, St. Cloud, MN 56301, as Plan Administrator.

### B. Classification of Claims and Interests

2. The Disclosure Statement identified the Classification of Claims and Interests as follows:

**3.2.1.** *Class 1.* Class 1 consists of the Wells Fargo secured claim. Class 1 is deemed unimpaired by the Plan.

**3.2.2** *Class 2.* Class 2 consists of general unsecured Claims with a Face Amount less than $1,500.00, including unsecured creditors with claims in excess of $1,500.00 that elect to reduce their Claim to $1,500.00 and be treated as a Class 2 creditor. Class 2 is impaired by the Plan.

*3.2.3* *Class 3.* Class 3 consists of general unsecured Claims that are Allowed as of the Record Date. Class 3 is impaired by the Plan.

*3.2.4* *Class 4.* Class 4 consists of general unsecured Claims that are Disputed as of the Record Date. Class 4 is impaired by the Plan.

*3.2.5* *Class 5.* Class 5 consists of all Equity Interests. Class 5 is impaired by the Plan.

Prior to and at the confirmation hearing on the Debtor's Second Plan of Liquidation dated April 9, 2018 [Doc. 646] held on May 22, 2018, objections were raised as to the manner in which the Debtor had identified or classified claims and interests. Accordingly, Debtor has reclassified claims and interests in Debtor's Third Plan of Liquidation dated July 3, 2018 [Doc. 773]. The Third Plan of Liquidation identifies the classes of claims and interest as follows:

5.1 **Class 1 (Wells Fargo Bank, N.A.)**. Wells Fargo Bank, N.A. was paid in full during the pendency of the Chapter 11 case. Wells Fargo has no further claim against the Debtor and will not receive a Distribution under the Plan.

5.2 **Class 2 (Other Secured Claims)**. This class consists of state-law personal property tax claims that are entitled to secured status by virtue of applicable state law and the Final Order: (I) Authorizing the Debtor to Assume the Consulting Agreement, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief of date May 23, 2017 (Doc. 172). Allowed Class 2 –Other Secured Claims shall be paid by the Plan Administrator, at the Plan Administrator's option, as follows: (a) cash funds equal to the Allowed amount of such Class 2 – Other Secured Claims on the later of the Effective Date or thirty (30) calendar days following the date on which such Class 2 – Other Secured Claim becomes an Allowed Claim; or (b) such other treatment as to which the holder of an Allowed Class 2 – Other Secured Claim and the Plan Administrator shall have agreed upon in writing. These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable statutory rate pursuant to 11 U.S.C. §§ 506(b), 511 and 1129. Holders of Class 2 - Other Secured Claims shall retain their liens with the same validity, extent, and priority until all taxes and related penalties, interest, and fees (if any) have been paid in full. Class – 2 Other Secured Claims may be paid in full at any time without penalty. Creditors with Allowed Class 2 – Other Secured Claims as of the Record Date are identified on **Exhibit B**.

5.3 **Class 3 (Convenience Unsecured Claims).** This class shall consist of unsecured Allowed Claims not entitled to priority where the total of the unsecured Allowed Claim does not exceed $1,500.00. Any unsecured creditor whose claim exceeds $1,500.00 may elect by voting on the Plan to be treated as a Class 3 Convenience Class creditor by electing to reduce their Claim to $1,500.00. The holders of Class 3 Allowed Claims will

be paid a total of 50% of their Allowed Claims as soon as reasonably practicable after the Effective Date. Such payments shall be in full satisfaction of each Class 3 Allowed Claim. The Debtor estimates there are approximately $105,000 in Allowed Claims in Class 3. Creditors with Class 3 Allowed Claims as of the Record Date are identified on **Exhibit C**.

**5.4**   **Class 4 (General Unsecured Claims)**. Except to the extent that a holder of a Class 4 Allowed Claim agrees to a less favorable treatment, each holder of a Class 4 General Unsecured Claim shall receive its Pro Rata share of the First Interim Distribution (if the Claim is deemed Allowed as of the Record Date) and Subsequent Interim Distributions after payment in full of (or reserve for) Plan Administration Expenses, all Allowed Administrative Claims as set forth in Article IV above (including Professional Fee Claims, Administrative Tax Claims, and Priority Tax Claims), Allowed Claims in Class 2, and Allowed Claims in Class 3, and the Claims Reserve. Subsequent Interim Distributions and the final Distribution on Class 4 Allowed Claims shall be made as soon as reasonably practicable after the Effective Date and after the reconciliation of all Class 4 Claims. Such Distributions shall be in full satisfaction of each Class 4 Allowed Claim with the effective date of the satisfaction being the Final Distribution Date. The holders of Allowed Claims in Class 4 shall be paid Pro Rata based on the aggregate Face Amount of all Allowed Class 4 - General Unsecured Claims. Creditors with Class 4 General Unsecured Claims as of the Record Date are identified on **Exhibit D**.

5.5   **Class 5 (Equity Interests).** The holders of Equity Interests in Class 5 shall have their Equity Interests against the Debtor extinguished as of the Effective Date and shall receive no Distributions under this Plan.

Dated this 11th day of July, 2018.

          Vanity Shop of Grand Forks, Inc.

          _____

          James Bennett, President

Dated this 11th day of July, 2018.      **VOGEL LAW FIRM**

      BY: /s/ Caren W. Stanley
           Caren W. Stanley (#06100)
           cstanley@vogellaw.com
           218 NP Avenue
           PO Box 1389
           Fargo, ND 58107-1389
           Telephone: (701) 237-6983
           Fax: (701) 476-7676
           ATTORNEYS FOR DEBTOR

3324109.2