## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.:  17-30112 |
| | Chapter 11 |
| Vanity Shop of Grand Forks, Inc., | |
| Debtor. | |

### DEBTOR'S THIRD PLAN OF LIQUIDATION DATED JULY 18, 2018

### ARTICLE I.
### SUMMARY

Vanity Shop of Grand Forks, Inc. ("**Debtor**"), debtor-in-possession in the above-captioned Chapter 11 case, hereby proposes the following Chapter 11 plan of liquidation pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

For a discussion of the Debtor's history, business, property, and a summary and analysis of the Plan, stakeholders of the Debtor should review the Disclosure Statement filed with the Bankruptcy Court to which the Plan is attached. ALL CLAIMHOLDERS AND INTERESTHOLDERS ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

The Plan provides for the wind down of the Debtor's affairs, continued liquidation and conversion of all of the Debtor's remaining assets and the distribution of the net proceeds realized to creditors holding Allowed Claims in accordance with the relative priorities established in the Bankruptcy Code. The Plan does not provide for a distribution to holders of Equity Interests, and their votes are not being solicited. The Plan contemplates the appointment of a Plan Administrator to, among other things, finalize the wind down of the Debtor's affairs, resolve Disputed Claims, pursue any Causes of Action, implement the terms of the Plan and make Distributions to holders of Allowed Claims. This Plan also provides for the payment of Administrative Claims in full on the Effective Date of the Plan or pursuant to agreement with the claimant.

The Debtor expressly reserves its right to alter, amend or modify the Plan, one or more times, before its substantial consummation, subject to the restrictions on modification set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and as otherwise set forth in this Plan.

### ARTICLE II.
### DEFINITIONS

**2.1     Scope of definitions and rules of construction.** For purposes of the Plan, except as expressly provided or unless the context otherwise requires:

a.     all Defined Terms shall have the meanings ascribed to them in Section 2.2 of the Plan;

b.     any term used in the Plan that is not a Defined Term, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise;

c.     whenever the context requires, terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine;

d.     any reference in the Plan to an existing document, instrument, or exhibit means such document, instrument, or exhibit as it may be amended, modified, or supplemented from time to time;

e.     any reference to a specific Person includes any successors or assigns of such Person, and all rights, benefits, interests, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, trustee, liquidator, rehabilitator, conservator, successor, or assign of such Person;

f.     unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to the Plan in its entirety rather than to only a particular portion of the Plan;

g.     whenever the Plan uses the word "including," such reference shall be deemed to mean "including, without limitation,";

h.     captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan;

i.     whenever the Plan provides that a document or thing must be "acceptable" or "satisfactory" to any Person, such requirement shall in each case be subject to a reasonableness qualifier;

j.     the definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement, on any Ballot, or in any other document; and

k.     all other rules of construction set forth in Bankruptcy Code section 102 and in the Bankruptcy Rules shall apply; and

l.     unless otherwise expressly provided herein, in computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**2.2**    **Definitions.** The following **Defined Terms** shall have the respective meanings specified below.

**2.201 "Administrative Claim"** means a claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section

507(a)(1) of the Bankruptcy Code, including, but not limited to, (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the businesses of the Debtor, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 case, (b) Professional Fee Claims, and (c) all fees and charges assessed against the Estate under chapter 123 of title 28, United States Code.

2.202 **"Administrative Claim Bar Date"** means the first Business Day that is thirty (30) calendar days after the Effective Date.

2.203 **"Administrative Tax Claim"** means a claim for any tax of a kind specified in section 503(b)(1)(B) and (C) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code.

2.204 **"Allowed Claim"** means a Claim or any portion thereof (a) that has been allowed by a Final Order, or (b) as to which, on or by the Effective Date, (i) no proof of claim has been filed with the Bankruptcy Court and (ii) the liquidated and noncontingent amount of which is scheduled, other than a Claim that is scheduled in an unknown amount or as disputed, or (c) for which a proof of claim in a liquidated amount has been timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any Final Order of the Bankruptcy Court or other applicable bankruptcy law, and as to which either (i) no objection to its allowance has been filed within the periods of limitation fixed by the Plan, the Bankruptcy Code or by any order of the Bankruptcy Court or (ii) any objection to its allowance has been settled or withdrawn, or has been denied by a Final Order, or (d) that is expressly allowed in a liquidated amount in the Plan. The amount of an Allowed Claim shall be the lesser of the amount stated in a proof of claim filed for such Claim (if less than the amount scheduled for such Claim), the amount agreed to in a written settlement, or the amount allowed by a Final Order. All Distributions on account of an Allowed Claim will be made to the Claimholder of record on the Record Date.

2.205 **"Avoidance Actions"** means, unless otherwise released under a prior Order of the Bankruptcy Court or under the Plan, Causes of Action against Persons arising under sections 502, 510, 541, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, or under related state or federal statutes and common law, including fraudulent transfer laws, whether or not litigation is commenced to prosecute such Avoidance Actions.

2.206 **"Ballot"** means the ballot form(s) that are distributed with the Disclosure Statement to Claimholders with Claims in Classes that are impaired under the Plan and entitled to vote under Articles III and V hereof in connection with the solicitation of acceptances of the Plan.

2.207 **"Bar Date"** means the date or dates established by the Bankruptcy Court and/or Bankruptcy Rule 3002 by which Proofs of Claim must be filed. The general bar date for proofs of claims was July 3, 2017 for most creditors and governmental entities.

2.208 **"Business Day"** means any day, excluding Saturdays, Sundays and legal holidays, on which commercial banks are open for business in Fargo, North Dakota.

2.209 **"Causes of Action"** means, unless otherwise released under a prior Order of the Bankruptcy Court or under the Plan, any and all actions, causes of action, suits, accounts, controversies, agreements, promises, rights (including rights to legal remedies, equitable remedies, and payment), claims, cross claims, third-party claims, interests, damages, debts, judgments, demands, obligations,

3

liabilities, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known, unknown, foreseen, unforeseen, existing, hereinafter arising, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, non-contingent, matured, unmatured, suspected, unsuspected, disputed, undisputed, secured, or unsecured, and whether asserted or assertable directly or derivatively, arising before, on, or after the Petition Date, in contract, tort, law, equity, or pursuant to any other theory of law or otherwise. Causes of Action also include: (a) any rights of setoff, counterclaim, or recoupment and any claims under contracts or for breaches of duties imposed by law or in equity; (b) the right to object to or otherwise contest Claims or Equity Interests; (c) claims pursuant to section 362 or Chapter 5 of the Bankruptcy Code; (d) any claims or defenses, including fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (e) any state law fraudulent transfer claim. For the avoidance of doubt, all Avoidance Actions and Preserved Claims are Causes of Action.

2.210 **"Claim"** means a claim against the Debtor, whether or not asserted, as defined in section 101(5) of the Bankruptcy Code.

2.211 **"Claim Objection Deadline"** means the date that is the first Business Day that is at least 180 calendar days after the Effective Date. For the avoidance of doubt, the Claim Objection Deadline may be extended one or more times by the Bankruptcy Court.

2.212 **"Claims Agent"** means Kurtzman Carson Consultants, LLC, the claims and noticing agent of the Debtor.

2.213 **"Claimholder"** means a holder of a Claim.

2.214 **"Claims Reserve"** means remaining cash funds and Revested Assets held by the Plan Administrator after payment in full of all Plan Administration Expenses, Allowed Administrative Claims (including Professional Fee Claims and Administrative Tax Claims), Allowed Priority Tax Claims, Allowed Claims in Class 2, Allowed Claims in Class 3, and the First Interim Distribution to Class 4.

2.215 **"Class"** means a category of Claimholders or Interestholders described in Article III and V of the Plan.

2.216 **"Confirmation Date"** means the date of entry of the Confirmation Order.

2.217 **"Confirmation Hearing"** means the hearing before the Bankruptcy Court on confirmation of the Plan and related matters under section 1128 of the Bankruptcy Code.

2.218 **"Confirmation Hearing Notice"** means the notice of, among other things, the time for submitting Ballots to accept or reject the Plan, the date, time and place of the Confirmation Hearing and the time for filing objections to the confirmation of the Plan.

2.219 **"Confirmation Order"** means the order entered by the Bankruptcy Court confirming in all respects all of the provisions, terms and conditions of this Plan.

**2.220 "Creditors' Committee"** means the Official Committee of Unsecured Creditors consisting of the Persons appointed to such Committee in the Chapter 11 case pursuant to section 1102(a) of the Bankruptcy Code and their appointed successors, as amended from time to time.

**2.221 "Disallowed Claim"** means a Claim, or any portion thereof, that (a) has been disallowed by a Final Order or (b) is scheduled at zero or as contingent, disputed or unliquidated and as to which a Bar Date has been established, but no proof of claim has been filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law.

**2.222 "Disclosure Statement"** means the written disclosure statement that relates to the Plan, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, as such disclosure statement may be amended, modified or supplemented from time to time.

**2.223 "Disclosure Statement Approval Order"** means a Final Order approving, among other things, the Disclosure Statement.

**2.224 "Disputed Claim"** means a Claim, or any portion thereof, that is neither an Allowed Claim nor a Disallowed Claim, and includes, without limitation, a Claim that (a) has not been Scheduled or is scheduled by the Debtor as unknown or as contingent, unliquidated or disputed for which a proof of claim has been filed or (b) is the subject of an objection filed with the Bankruptcy Court and which objection has not been withdrawn or resolved by a Final Order of the Bankruptcy Court. For the avoidance of doubt, Statutory Insider Claims are Disputed Claims.

**2.225 "Distribution"** means any distribution provided for in this Plan to holders of Allowed Claims in full or partial satisfaction of such Allowed Claims.

**2.226 "Distribution Dates"** means collectively, the First Distribution Date, any Subsequent Distribution Date and the Final Distribution Date.

**2.227 "Effective Date"** means, unless the Debtor agrees to an earlier Effective Date, the first Business Day that is thirty (30) calendar days following the date of the entry of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first Business Day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**2.228 "Effective Date Unsecured Claim"** means a Claim that is an unsecured Allowed Claim that is that will be subject to treatment as Class 4 under the Plan.

**2.229 "Estate Assets"** means all of the right, title and interest of the Debtor in and to property of whatever type or nature (real, personal, mixed, tangible or intangible), including property of the Debtor's Estate. For the avoidance of doubt, all Causes of Action, Preserved Claims and Avoidance Actions are included within Estate Assets.

**2.230 "Estate"** means the bankruptcy estate of the Debtor arising pursuant to section 541 of the Bankruptcy Code.

**2.231 "Face Amount"** means (a) when used in reference to a Disputed or Disallowed Claim, the full stated amount claimed by the Claimholder in any proof of claim filed with the Bankruptcy Court, and (b) when used in reference to an Allowed Claim, the allowed amount of such Claim.

**2.232 "Final Decree"** means the order entered pursuant to section 350, of the Bankruptcy Code and Bankruptcy Rule 3022 closing the Chapter 11 case.

**2.233 "Final Distribution Date"** means the date(s) on which a final Distribution is made to holders of Allowed Claims entitled to Distributions. The Final Distribution Date(s) shall be one or more dates, as determined by the Plan Administrator, which is after the liquidation of all Estate Assets (other than those assets abandoned by the Debtor, Liquidating Debtor or the Plan Administrator, as applicable) and the collection of other sums due or otherwise remitted or returned to the Estate.

**2.234 "Final Order"** means an order or judgment, the operation or effect of which has not been stayed, reversed or amended and as to which order or judgment (or any revision, modification or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

**2.235 "First Interim Distribution"** means the initial Distribution to be made to holders of Class 4 Allowed Claims.

**2.236 "First Distribution Date"** means with respect to a Claim that is Allowed as of the Effective Date (*i.e.*, Class 4 - General Unsecured Claims), the Effective Date or the date that is as soon as reasonably practicable after the Effective Date.

**2.237 "Impaired"** refers to any Claim or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

**2.238 "Equity Interest"** means the rights of any current or former holder or owner of any shares of common stock, preferred stock or any other equity securities of the Debtor authorized and issued prior to the Confirmation Date, exclusive of any such interests held in treasury by the Debtor.

**2.239 "Interestholder"** means a holder of an Equity Interest.

**2.240 "Internal Revenue Code"** means the Internal Revenue Code of 1986, as amended.

**2.241 "Liquidating Debtor"** means the Debtor on and after the Effective Date.

**2.242 "Person"** means an individual, corporation, partnership, joint venture, association, joint stock company, limited liability company, limited liability partnership, trust, estate, unincorporated organization or other entity.

**2.243 "Petition Date"** means March 1, 2017, which is the date Debtor filed its petition commencing its Chapter 11 case.

**2.244 "Plan"** means the plan which is proposed by the Debtor for the resolution of outstanding Claims and Equity Interests in the Chapter 11 case, as such plan may be amended or modified from time to time in accordance with the Bankruptcy Code.

**2.245 "Plan Administration Expenses"** means any and all reasonable and documented fees, costs, and expenses incurred by the Plan Administrator (or any Person engaged by the Plan Administrator to effect Distributions or otherwise assist the Plan Administrator with its duties under the Plan) in connection with any of its duties under the Plan, including (i) any administrative fees; (ii) attorneys' or other professionals' fees and expenses of the Plan Administrator; (iii) insurance fees; (iv) taxes; (v) fees payable under 28 U.S.C. § 1930; (vi) costs associated with any maintenance, liquidation, and administration of any going concern as part of the wind down of the Debtor's business operations; (vii) costs to maintain any Revested Assets while they are held for sale or otherwise liquidated; (viii) fees incurred in connection with the making of Distributions; and (ix) fees, costs, and expenses incurred in prosecution of Causes of Action, Preserved Claims and Avoidance Actions.

**2.246 "Plan Administrator"** means the Person designated for such position in the Plan Supplement or such other Person appointed in accordance with Section 7.2(a) of the Plan, acting pursuant to the authority granted under Section 7.2(c) of the Plan.

**2.247 "Plan Supplement"** means the compilation of documents and forms of documents, schedules and Exhibits to the Plan to be filed no later than seven (7) days before the Confirmation Hearing, on notice to parties in interest, and additional documents filed before the Effective Date as supplements or amendments to the Plan Supplement. The Debtor shall have the right to amend the documents contained in, and Exhibits to, the Plan Supplement through the Effective Date.

**2.248 "Preserved Claims"** means all Causes of Action (including Avoidance Actions) of the Debtor or the Estate, but excluding all Causes of Action that are expressly waived, relinquished, released, compromised, or settled in the Plan, pursuant to the Confirmation Order, or pursuant to any other order of the Bankruptcy Court. The failure to specifically identify in the Disclosure Statement or the Plan any potential or existing Causes of Action as a Preserved Claim is not intended to and shall not limit the rights of the Plan Administrator to pursue any such Causes of Action. The Debtor expressly reserves all Causes of Action, other than those Causes of Action that are expressly waived, relinquished, released, compromised, or settled in the Plan, pursuant to the Confirmation Order, or pursuant to any other order of the Bankruptcy Court, as Preserved Claims for later adjudication, and no preclusion doctrine (including the doctrines of *res judicata*, collateral estoppel, judicial estoppel, equitable estoppel, issue preclusion, claim preclusion, and laches) shall apply to such Causes of Action as Preserved Claims on or after the Effective Date.

**2.249 "Post-Effective Date Unsecured Claim"** means a Claim that is an unsecured Disputed Claim that is that will be subject to treatment as Class 4 under the Plan.

**2.250 "Priority Claim"** means an unsecured Claim that is entitled to payment before other unsecured creditors in accordance with section 507 of the Bankruptcy Code.

**2.251 "Priority Non-Tax Claim"** means any Claim of a kind specified in section 507(a)(3), (4), (5), (6), (7) or (9) of the Bankruptcy Code.

**2.252 "Priority Tax Claim"** means any Claim of a governmental unit of the kind specified in sections 502(i) or 507(a)(8) of the Bankruptcy Code.

**2.253 "Pro Rata"** means, at any time, the proportion that the Face Amount of a Claim in a particular Class bears to the aggregate Face Amount of all Claims (including Disputed Claims, but excluding Disallowed Claims) in such Class, unless the Plan provides otherwise.

**2.254 "Professional"** means a professional retained in the Chapter 11 case pursuant to sections 327, 328 and 1103 of the Bankruptcy Code, or otherwise.

**2.255 "Professional Fee Claim"** means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services rendered after the Petition Date and prior to and including the Effective Date.

**2.256 "Record Date"** means the date that is two (2) Business Days after the entry of an order by the Bankruptcy Court approving the Disclosure Statement.

**2.257 "Revested Assets"** means all Estate Assets and includes Causes of Action, Preserved Claims and Avoidance Actions.

**2.258 "Statutory Insider"** means any individual or entity within the meaning of Section 101(31) of the Bankruptcy Code and includes but is not limited to the following for purposes of this Plan:  Anderson, Bottrell, Sanden, & Thompson Law firm, Barrier Lake Investments, LLC Diamond B Technology Solutions, LLC, Sales Floor Live, LLC, TGC, LP, and Vanity, Inc.

**2.259 "Statutory Insider Claim"** means a Claim by a Statutory Insider, including but not limited to for purposes of this Plan the Claims of TGC, LP filed as proof of claim number 281, Sales Floor Live, LLC filed as proof of claim numbers 284 and 303, Diamond B Technology Solutions, LLC filed as proof of claim numbers 280 and 299, Bottrell Family Investments, LP filed as proof of claim numbers 285 and 304.

**2.260 "Subsequent Interim Distribution"** means a Distribution made by the Plan Administrator subsequent to the First Interim Distribution.

**2.261 "Subsequent Distribution Date"** means any date, as determined by the Plan Administrator which is after the First Distribution Date and prior to the Final Distribution Date, on which the Plan Administrator commences a Distribution to Holders of Allowed Claims pursuant to the Plan.

**2.262 "Tax Refunds"** means the Claim of the Debtor for a refund of state or federal income taxes other than any refund of state income taxes received by a Debtor prior to the Petition Date.

**2.263 "Unimpaired"** refers to any Claim which is not Impaired.

**2.264 "U.S. Trustee"** means the Office of the United States Trustee for the District of North Dakota.

**2.265 "Wind Down End Date"** means the date on which (a) the Plan Administrator determines that the pursuit of additional Preserved Claims is not likely to yield sufficient additional proceeds to justify further pursuit of such Preserved Claims or determines to abandon any remaining Revested Assets, (b) all objections to Disputed Administrative Claims, Post-Effective Date Unsecured Claims,

and Disputed Priority Claims are fully resolved, (c) all Distributions required to be made by the Plan Administrator have been made, (d) the Revested Assets have been liquidated, abandoned, or otherwise administered under the Plan, and (e) the Plan Administrator either has obtained authority from the Bankruptcy Court for the entry of the Final Decree or has been relieved of further duties pursuant to the Plan.

2.3    **Governing Law.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of North Dakota, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

2.4    **Exhibits.** All exhibits are incorporated into and are a part of the Plan as if set forth in full herein and as may be filed with the Plan Supplement.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims against and Equity Interests in the Debtor. A Claim or Equity Interest is placed in a particular Class for the purposes of voting on the Plan and receiving Distributions pursuant to the Plan only to the extent that such Claim or Equity Interest is an Allowed Claim in that Class and such Claim or Equity Interest has not been paid, released or otherwise settled prior to the Effective Date. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and their treatment is set forth in Article IV below.

All Allowed Claims and Equity Interests are consolidated into the Classes set forth below.

| Class | Description | Impairment | Voting Status |
|-------|-------------|------------|---------------|
| Unclassified | Administrative Claims | Unimpaired | Not entitled to vote |
| Unclassified | Professional Fee Claims | Unimpaired | Not entitled to vote |
| Unclassified | Priority Tax Claims | Unimpaired | Not entitled to vote |
| Class 1 | Wells Fargo Bank | Unimpaired | Not entitled to vote (deemed to accept) |
| Class 2 | Other Secured Claims | Impaired | Entitled to Vote |
| Class 3 | Convenience Class – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | General Unsecured | Impaired | Entitled to Vote |

| | Claims | | |
|---|---|---|---|
| Class 5 | Equity Interests | Impaired | Not Entitled to Vote (deemed to reject) |

## ARTICLE IV.
## TREATMENT OF UNCLASSIFIED ADMINISTRATIVE, PROFESSIONAL, AND PRIORITY TAX CLAIMS

**4.1    Administrative Claims -- Professional Claims.**

a.    <u>Final Professional Fee Claim Applications</u>. All final requests for payment of Professional Fee Claims pursuant to Bankruptcy Code sections 327, 328, 330, 331, 363, 503(b), or 1103 must be made by application filed with the Bankruptcy Court and served on counsel to the Plan Administrator, counsel to the Creditors' Committee, and the U.S. Trustee no later than the first Business Day that is thirty (30) calendar days after the Effective Date, unless otherwise ordered by the Bankruptcy Court (the **"Administrative Claim Bar Date"**). Objections to such applications must be filed and served on counsel to the Plan Administrator, counsel to the Creditors' Committee, the U.S. Trustee, and the requesting Professional on or before the date that is twenty-one (21) calendar days after the date on which the applicable application was served (or such longer period as may be allowed by order of the Bankruptcy Court or by agreement with the requesting Professional). Any Professional Fee Claim not timely filed and asserted will be forever barred and discharged.

b.    <u>Payment of Professional Fee Claims</u>. All Professional Fee Claims shall be paid by the Plan Administrator to the extent approved by order of the Bankruptcy Court within five (5) Business Days after entry of such order.

c.    <u>Post-Effective Date Services</u>. After the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate. The Plan Administrator shall pay any Professionals for Post-Effective Date services requested by the Plan Administrator.

**4.2    Administrative Claims –Administrative Tax Claims under section 503(b)(1)(B) and (C) of the Bankruptcy Code.** Allowed Administrative Claims under section 503(b)(1)(B) and (C) of the Bankruptcy Code shall be paid in full by the Plan Administrator as soon as reasonably practicable after the Effective Date. Creditors with Allowed Administrative Claims as of the Record Date are identified on **<u>Exhibit A</u>**.

**4.3    Priority Tax Claims.** In full satisfaction, settlement, and release of and in exchange for such Claims, Allowed Priority Tax Claims shall be paid by the Plan Administrator, at the Plan Administrator's option, as follows: (a) cash funds equal to the unpaid portion of the Face Amount of such Allowed Priority Tax Claim on the later of the Effective Date or thirty (30) calendar days following the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim; or (b) such other treatment as to which the holder of an Allowed Priority Tax Claim and the Plan Administrator shall have agreed upon in writing. Creditors with Allowed Administrative Claims as of the Record Date are identified on **<u>Exhibit A.</u>**

**4.4    All Other Administrative Claims.** Any person or entity who requests compensation or expense reimbursement in the Chapter 11 case pursuant to section 503 of the Bankruptcy Code (other than Professional Fee Claims, Administrative Tax Claims and Priority Tax Claims) must have timely filed a proof of claim asserting its administrative claim or must file an application with the clerk of the Bankruptcy Court and serve such application on counsel for the Plan Administrator and the U.S. Trustee no later than the first Business Day that is thirty (30) calendar days after the Effective Date, unless otherwise ordered by the Court (the "**Administrative Claim Deadline**"), or be forever barred from seeking such compensation or expense reimbursement. For the avoidance of doubt, Section 503(b)(9) Claims are subject to this section 4.4 of the Plan and requesting claimants must have timely filed a proof of claim or must file an application unless its treatment is Allowed as of the Record Date as identified on **Exhibit A**. Unless the Plan Administrator objects to an Administrative Claim, such Administrative Claim shall be deemed an Allowed Administrative Claim in the amount requested. Objections to such applications must be filed and served on counsel to the Plan Administrator, the U.S. Trustee, and the requesting claimant on or before the date that is twenty-one (21) calendar days after the date on which the applicable application was served (or such longer period as may be allowed by order of the Bankruptcy Court or by agreement with the requesting claimant). Administrative Claims asserted in a timely filed proof of claim will be determined through the claims objection process. All Allowed Administrative Claims (other than Professional Fee Claims, Administrative Tax Claims and Priority Tax Claims) shall be paid by the Plan Administrator within thirty (30) days of allowance by the Bankruptcy Court, unless appealed by the Plan Administrator. Creditors with Allowed Administrative Claims as of the Record Date are identified on **Exhibit A**.

**4.5    Statutory Insider and Related Parties Administrative Claims.** The administrative expense claims of Bottrell Family Investments, LP, Sales Floor Live, LLC, and Diamond B Technology Solutions, LLC will be litigated in the bankruptcy proceedings.

## ARTICLE V.
## TREATMENT OF CLAIMS AND EQUITY INTERESTS

**5.1    Class 1 (Wells Fargo Bank, N.A.).** Wells Fargo Bank, N.A. was paid in full during the pendency of the Chapter 11 case. Wells Fargo has no further claim against the Debtor and will not receive a Distribution under the Plan.

**5.2    Class 2 (Other Secured Claims).** This class consists of state-law personal property tax claims that are entitled to secured status by virtue of applicable state law and the Final Order: (I) Authorizing the Debtor to Assume the Consulting Agreement, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief of date May 23, 2017 (Doc. 172). Allowed Class 2 – Other Secured Claims shall be paid by the Plan Administrator, at the Plan Administrator's option, as follows:  (a) cash funds equal to the Allowed amount of such Class 2 – Other Secured Claims on the later of the Effective Date or thirty (30) calendar days following the date on which such Class 2 – Other Secured Claim becomes an Allowed Claim; or (b) such other treatment as to which the holder of an Allowed Class 2 – Other Secured Claim and the Plan Administrator shall have agreed upon in writing. These payments shall include interest from the petition date through the Effective Date and from the Effective Date through the date of payment in full at the applicable statutory rate pursuant to 11 U.S.C. §§ 506(b), 511 and 1129.  Holders of Class 2 - Other Secured Claims shall retain their liens with the same validity, extent, and priority until all taxes and related penalties, interest, and fees (if any) have

been paid in full. Class – 2 Other Secured Claims may be paid in full at any time without penalty. Creditors with Allowed Class 2 – Other Secured Claims as of the Record Date are identified on **Exhibit B.**

**5.3     Class 3 (Convenience Unsecured Claims).** This class shall consist of unsecured Allowed Claims not entitled to priority where the total of the unsecured Allowed Claim does not exceed $1,500.00. Any unsecured creditor whose claim exceeds $1,500.00 may elect by voting on the Plan to be treated as a Class 3 Convenience Class creditor by electing to reduce their Claim to $1,500.00. The holders of Class 3 Allowed Claims will be paid a total of 50% of their Allowed Claims as soon as reasonably practicable after the Effective Date. Such payments shall be in full satisfaction of each Class 3 Allowed Claim. The Debtor estimates there are approximately $105,000 in Allowed Claims in Class 3. Creditors with Class 3 Allowed Claims as of the Record Date are identified on **Exhibit C**.

**5.4     Class 4 (General Unsecured Claims)**. Except to the extent that a holder of a Class 4 Allowed Claim agrees to a less favorable treatment, each holder of a Class 4 General Unsecured Claim shall receive its Pro Rata share of the First Interim Distribution (if the Claim is deemed Allowed as of the Record Date) and Subsequent Interim Distributions after payment in full of (or reserve for) Plan Administration Expenses, all Allowed Administrative Claims as set forth in Article IV above (including Professional Fee Claims, Administrative Tax Claims, and Priority Tax Claims), Allowed Claims in Class 2, and Allowed Claims in Class 3, and the Claims Reserve. Subsequent Interim Distributions and the final Distribution on Class 4 Allowed Claims shall be made as soon as reasonably practicable after the Effective Date and after the reconciliation of all Class 4 Claims. Such Distributions shall be in full satisfaction of each Class 4 Allowed Claim with the effective date of the satisfaction being the Final Distribution Date. The holders of Allowed Claims in Class 4 shall be paid Pro Rata based on the aggregate Face Amount of all Allowed Class 4 - General Unsecured Claims. Creditors with Class 4 General Unsecured Claims as of the Record Date are identified on **Exhibit D**.

**5.5     Class 5 (Equity Interests).** The holders of Equity Interests in Class 5 shall have their Equity Interests against the Debtor extinguished as of the Effective Date and shall receive no Distributions under this Plan.

### ARTICLE VI.
### UNEXPIRED LEASES AND EXECUTORY CONTRACTS

**6.1     Assumed Executory Contracts and Unexpired Leases.** The Debtor assumes the following executory contracts and/or unexpired leases still in effect upon the Effective Date of the Plan:

NONE

**6.2     Deemed Rejection on the Effective Date.** On the Effective Date, the Debtor's executory contracts and unexpired leases will be conclusively deemed rejected. Section 6.2 does not apply to executory contracts or unexpired leases that (a) were previously assumed or rejected by the Debtor or are the subject of a pending assumption or rejection motion; (b) expired or terminated pursuant to their own terms; or (c) are identified in Section 6.1 above as an executory contract to be assumed. The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejections, pursuant to section 365 of the Bankruptcy Code.

**6.3      Rejection Bar Date**. If the rejection by the Debtor, pursuant to the Plan or otherwise, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtor, the Liquidating Debtor, the Plan Administrator or the properties of any of them unless a proof of claim was filed with the Claims Agent within the time allowed by the Bar Date or the Bankruptcy Court's applicable order authorizing the Debtor to reject an executory contract or unexpired lease; *provided, however,* that notwithstanding the foregoing, in the case of an executory contract or unexpired lease "deemed rejected" pursuant to Section 6.2 of this Plan which results in a Claim, such Claim shall be forever barred and shall not be enforceable against the Debtor, the Liquidating Debtor, the Plan Administrator, the Estate or the properties of any of them unless a proof of claim is filed with the Claims Agent and served upon counsel to the Plan Administrator within thirty (30) days after the Effective Date.

## ARTICLE VII.
## MEANS FOR IMPLEMENTATION OF THE PLAN

After the Effective Date, the Plan will be implemented by, among other things, the establishment of the Plan Administrator, and the making of Distributions by the Plan Administrator, as applicable, in accordance with the Plan.

**7.1      The Debtor's Post-Effective Date Corporate Affairs.**

a.      Debtor's Existing Directors, Officers, and Managers. On the Effective Date, the Debtor's existing directors, officers, and managers shall be terminated automatically without the need for any corporate action or approval and without the need for any corporate filings, and shall have no continuing obligations to the Debtor or the Estate following the occurrence of the Effective Date.

b.      Wind Down and Dissolution of the Debtor.

(i) On the Effective Date, all Equity Interests shall be cancelled and one new share of Debtor's common stock shall be issued to the Plan Administrator which will hold such share for the benefit of the holders of such former Equity Interests consistent with their former economic entitlements. Each holder of an Equity Interest shall neither receive nor retain any property or interest in property on account of such Equity Interests; provided however, that in the event that all Allowed Claims in Classes 2 through 4 have been satisfied in full in accordance with the Bankruptcy Code and the Plan, each holder of an Equity Interest may receive a pro rata equity share of any remaining assets of the Debtor consistent with such holder's rights of priority of payment existing immediately prior to the Petition Date. The rights of the holders of former Equity interests in Debtor shall be nontransferable. Unless otherwise determined by the Plan Administrator, on the date that Debtor's Chapter 11 case is closed, all such former Equity Interests in Debtor shall be deemed cancelled and of no force and effect provided that such cancellation does not adversely impact the Debtor's Estate.

(ii) After the Effective Date, the Plan Administrator may decide to (i) maintain the Debtor as a corporation in good standing until such time as all aspects of the Plan pertaining to Debtor have been completed, or (ii) at such time as the Plan Administrator considers appropriate and consistent with the implementation of the Plan, merge,

dissolve, or otherwise terminate the existence of the Debtor and complete the winding down of the Debtor without the necessity for any other or further actions to be taken by or on behalf of the dissolving Debtor or any other Person or any payments to be made in connection therewith.

(iii) On and after the Effective Date, pursuant to the Plan, the Plan Administrator shall have the right, but not the obligation, to wind down, sell, and otherwise liquidate all Revested Assets, including the Causes of Action, Preserved Claims and Avoidance Actions.

c.      Corporate Documents and Corporate Authority.

(i) As of the Effective Date, the certificate of incorporation, bylaws, or articles of organization, as applicable, of the Debtor and the Liquidating Debtor shall be deemed amended to the extent necessary to carry out the provisions of the Plan.

(ii) The entry of the Confirmation Order shall constitute authorization for the Debtor, the Liquidating Debtor, and the Plan Administrator to take or cause to be taken all actions (including, if applicable, corporate actions) necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act, or action under any applicable law, order, rule, or regulation.

**7.2     The Plan Administrator.**

a.      Appointment. On and after the Effective Date, the initial Plan Administrator shall be Mr. Phillip Kunkel, an attorney with Gray Plant Mooty Law Firm, 1010 W. St. Germain, Suite 500, St. Cloud, MN 56301. The Plan Administrator's fee shall be comparable to the hourly rates charged in *In re Tracy Clement*, U.S. Bankruptcy Court for the District of Minnesota, Case No. 16-31189.

If Phillip Kunkel is unable or is unwilling to serve as the Plan Administrator, then James Bartholomew, Lighthouse Management Group Inc., Minneapolis, Minnesota will be appointed as the initial Plan Administrator.

b.      Vesting of Revested Assets. On the Effective Date, the Debtor and its Estate shall irrevocably vest in the Liquidating Debtor for purposes of administration, by the Plan Administrator, of all of its respective rights, title, and interest in and to all Revested Assets, and in accordance with section 1141 of the Bankruptcy Code. For the avoidance of doubt, the Revested Assets include Causes of Action, Avoidance Actions and Preserved Claims. Except as specifically provided in the Plan or the Confirmation Order, the Revested Assets shall automatically vest in the Liquidating Debtor free and clear of all Claims, Liens, encumbrances, or interests, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The Plan Administrator shall be the exclusive representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code regarding all Revested Assets.

c.      <u>Authority</u>. The Plan Administrator shall have the sole authority and right on behalf of the Debtor, the Liquidating Debtor, and its Estate, without the need for Bankruptcy Court approval (unless otherwise indicated), to carry out and implement all provisions of the Plan, including to:

i.      proceed to liquidate the Debtor's estate for the best interests of the creditors;

ii.     review, reconcile, compromise, settle, or object to Administrative Claims (including Professional Fee Claims, Administrative Tax Claims, and Priority Tax Claims) and Claims in Class 2, Class 3, and Class 4 and resolve such objections as set forth in the Plan;

iii.    calculate the amount of Distributions to be made to holders of Allowed Administrative Claims (including Professional Claims, Administrative Tax Claims, and Priority Tax Claims) and Allowed Claims in Class 2, Class 3, Class 4, and Class 5 Claims in accordance with the Plan, and use cash funds to make Distributions in accordance with the Plan;

iv.     review, reconcile, enforce, collect, compromise, settle, or elect not to pursue any or all Causes of Action, Avoidance Actions and Preserved Claims or similar actions;

v.      provide a quarterly report to a three (3) person consultative committee of unsecured creditors as established in section 10.2, identifying Causes of Action, Avoidance Actions and Preserved Claims or similar actions that were pursued, settled and/or compromised;

vi.     retain, compensate, and employ Professionals and other Persons to represent the Plan Administrator with respect to and in connection with its rights and responsibilities;

vii.    establish, maintain, and administer all documents and accounts of the Liquidating Debtor as appropriate, which shall be segregated to the extent appropriate in accordance with the Plan;

viii.   maintain, conserve, supervise, prosecute, collect, settle, and protect the Revested Assets (subject to the limitations described herein);

ix.     sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the Revested Assets or any part thereof upon such terms as the Plan Administrator determines to be necessary, appropriate, or desirable in its sole discretion;

x.      invest cash funds of the Liquidating Debtor and the Estate, including any cash realized from the liquidation of the Revested Assets;

xi.     pay the Plan Administration Expenses;

xii.    the winding down of the remaining affairs of the Debtor (including, to the extent not already terminated, the 401K and other employee health and benefit plans of the Debtor);

xiii.   prepare and file any and all informational returns, reports, statements, returns, and other documents or disclosures relating to the Debtor or the Liquidating Debtor that are required under the Plan, by any governmental unit, or by applicable law;

xiv.    take such actions as are necessary or appropriate to close or dismiss the Chapter 11 case;

xv.     comply with the Plan, exercise the Plan Administrator's rights, and perform the Plan Administrator's obligations;

xvi.    exercise such other powers as deemed by the Plan Administrator to be necessary and proper to implement the provisions of the Plan;

xvii.   execute any and all documents and instruments necessary to effectuate the provisions of the Plan;

xviii.  amendment of any Liquidating Debtor's organizational documents and dissolution of the Liquidating Debtor under applicable state law; and

xix.    To the extent necessary to give full effect to its exclusive administrative rights and duties under the Plan, the Plan Administrator shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) a board of directors or an appropriate corporate officer of the Liquidating Debtor under any applicable non-bankruptcy law and (ii) a "trustee" of the Liquidating Debtor under sections 704 and 1106 of the Bankruptcy Code.

d.    <u>Tax Reporting</u>.

i.     The Plan Administrator shall file any and all tax returns for the Liquidating Debtor and the Estate, as applicable, provided however, the Plan Administrator shall have no personal liability for the signing or accuracy of the Debtor's or Liquidating Debtor's returns that are due to be filed after the Effective Date or for any tax liability related thereto.

ii.    The Plan Administrator shall be responsible for payment, out of the Revested Assets, of any taxes imposed on the Liquidating Debtor or the Revested Assets.

iii.   The Plan Administrator shall distribute such tax-related notices to the applicable holders of Allowed Claims as the Plan Administrator determines are necessary or desirable.

e.     Disbursing Agent. The Plan Administrator shall serve as the disbursing agent for all Allowed Claims under the Plan.

f.     Preservation of All Causes of Action, Avoidance Actions, and Preserved Claims. The Plan Administrator shall have the exclusive right, on behalf of the Estate, to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action, Avoidance Actions and Preserved Claims without any further order of the Bankruptcy Court. From and after the Effective Date, the Plan Administrator, in accordance with section 1123(b)(3) of the Bankruptcy Code, shall serve as a representative of the Estate with respect to any and all Causes of Action, Avoidance Actions, and Preserved Claims and shall retain and possess the right to commence, pursue, settle, compromise, or abandon, as appropriate, any and all Causes of Acton, Avoidance Actions, and Preserved Claims in any court or other tribunal.

g.     Removal of the Plan Administrator. The Plan Administrator may be removed for cause, as determined by an order of the Bankruptcy Court pursuant to a regularly-noticed motion by a party in interest in the Chapter 11 case.

h.     Resignation of the Plan Administrator. The Plan Administrator may resign by giving not less than thirty (30) calendar days' prior notice thereof in a notice filed in the Chapter 11 case.

i.     Successor Plan Administrator. In the event the Plan Administrator is removed or resigns, or if the Plan Administrator otherwise vacates the position, a successor Plan Administrator shall be appointed by a majority vote of the members of the Post-Confirmation Advisory Committee. Any successor Plan Administrator appointed hereunder shall execute an instrument accepting such appointment and shall deliver such acceptance to the Bankruptcy Court. Thereupon, such successor Plan Administrator shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of the predecessor Plan Administrator with like effect as if originally named herein; *provided, however*, that a removed or resigning Plan Administrator shall, nevertheless, when requested in writing by the successor Plan Administrator, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Plan Administrator all the estates, properties, rights, powers, trusts, and duties of such removed or resigning Plan Administrator.

j.     Termination of the Plan Administrator. The Plan Administrator's role as Plan Administrator shall be terminated on the Wind Down End Date.

k.     Limitation of Liability. No recourse will ever be had, directly or indirectly, against the Plan Administrator personally, or against any employee, contractor, agent, attorney, accountant or other professional retained in accordance with the terms of the Plan by the Plan Administrator ("**Administrator's Professionals**"), by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement executed by the Plan Administrator in implementation of the Plan, or by reason of the creation of any indebtedness by the Plan Administrator under the Plan for any purpose authorized by the Plan. All such liabilities or covenants, whether in writing or otherwise, shall be enforceable only against and be satisfied only out of the Estate Assets, and the Plan Administrator and Administrator's Professionals shall have no personal liability to satisfy any

17

such liability. The Plan Administrator and the Administrator's Professionals shall not be deemed to be the agent for any holder of a Claim in connection with Distributions made under this Plan. The Plan Administrator and the Administrator's Professionals will not be liable for any action they may do, or omit to do, hereunder in good faith and in the exercise of their sound judgment; *provided however*, the Plan Administrator and the Administrator's Professionals may be held liable for recklessness, gross negligence, willful misconduct, knowing and material violation of law, breach of fiduciary duty, or fraud. The Plan Administrator shall enjoy all of the rights, powers, immunities, and privileges available to a Chapter 7 trustee.

l.     Indemnification. The Liquidating Debtor shall defend, indemnify and hold the Plan Administrator, its officers, directors, agents, representatives, and employees harmless to the fullest extent that a corporation or trust organized under the laws of North Dakota is entitled to indemnify and defend its officers, directors, agents, and employees against any and all liabilities, expenses, claims, damages or losses incurred by them in the performance of their duties hereunder, provided that the Plan Administrator shall not be indemnified or defended in any way or held harmless for any liability, expense, claim, damage or loss for which he or she is ultimately liable.

## ARTICLE VIII.
## PROVISIONS GOVERNING OBJECTIONS TO CLAIMS AND DISTRIBUTIONS

**8.1     Claims Administration Responsibility.** The Plan Administrator shall retain sole responsibility for administering, disputing, objecting to, compromising or otherwise resolving issues related to Distributions to holders of all Claims.

**8.2     Resolution of Disputed Claims Exceeding $250,000.** On and after the Effective Date, the Plan Administrator shall have the authority to compromise, settle, otherwise resolve, or withdraw any objections to Administrative Claims or Claims and to compromise, settle, or otherwise resolve any disputed Administrative Claims and Disputed Claims without approval of the Bankruptcy Court, other than with respect to Administrative Claims relating to compensation of Professionals. Notwithstanding the foregoing, the Plan Administrator shall not have the authority to compromise, settle, or otherwise resolve any Disputed Claims where the Face Amount of such Disputed Claim exceeds $250,000 or any Statutory Insider administrative claims without the majority agreement of the Post-Confirmation Advisory Committee, if said committee can be formed, and subject to Bankruptcy Court approval if the compromise or settlement is not approved by a majority of the Post-Confirmation Advisory Committee.

**8.3     Interest on Claims.** Unless otherwise specifically provided for in the Plan or Confirmation Order, or as required by section 506 of the Bankruptcy Code, post-Petition Date interest shall not accrue or be paid on Claims, and no Claimholder shall be entitled to interest accruing on or after the Petition Date on any Claim. Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.

**8.4     Withholding, Payment and Reporting Requirements Regarding Distributions.** All Distributions under the Plan shall, to the extent applicable, comply with all tax withholding, payment and reporting requirements imposed by any federal, state, provincial, local or foreign taxing authority, and all Distributions shall be subject to any such withholding, payment and reporting requirements. The

Plan Administrator shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment and reporting requirements including requiring each Claimholder to provide a completed Form W-9 (or, if applicable, Form W-8) as set forth in Section 8.4 of this Plan. Notwithstanding any other provision of the Plan, (i) each Claimholder of an Allowed Claim that is to receive a Distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by a governmental unit, including income, withholding and other tax obligations on account of such Distribution, and including, in the case of a holder of a Disputed Claim that has become an Allowed Claim, any tax obligation that would be imposed on the Revested Assets or Liquidating Debtor, as applicable, in connection with such Distribution, and (ii) no Distribution shall be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements reasonably satisfactory to the Plan Administrator, as applicable, for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed in connection with such Distribution.

**8.5    Payments and Distributions With Respect to Class 4; Claims Reserve.** On the Effective Date, the Plan Administrator shall establish the Claims Reserve. The Claims Reserve shall vest in the Plan Administrator and shall be maintained by the Plan Administrator in accordance with the Plan. Any recovery from Causes of Action, Avoidance Actions or Preserved Claims will be included in the Claims Reserve.

The Plan Administrator shall hold the Claims Reserve for the benefit of holders of Class 4 Creditors whose Claims are Allowed and for the benefit of other parties entitled thereto under the Plan. The amount of the Claims Reserve will be equal to the funds held in the Debtor in Possession account as of the Effective Date, less the amounts on reserve for Plan Administration Expenses, Allowed Administrative Claims as set forth in Article IV above (including Professional Fee Claims, Administrative Tax Claims and Priority Tax Claims) and Allowed Class 2 and Allowed Class 3 Claims multiplied by the percentage that represents the Face Amount of Class 4 Claims compared to the amount of Class 4 Claims Allowed as of the Effective Date. Upon the allowance of any Class 4 Claims a Distribution on said Claims will be made from the Claims Reserve equal to the percentage Pro Rata distribution received by Class 4 Claims as a result of the First Interim Distribution and any Subsequent Interim Distributions. Allowed Claims in Class 4 shall be paid Pro Rata based on the aggregate Face Amount of all Allowed Class 4 Claims. For the avoidance of doubt, all Claimholders in Class 4 will receive the same percentage Pro Rata distribution under the Plan.

Notwithstanding anything in the Plan to the contrary, if any portion of a Claim is a Disputed Claim, no payment or distribution provided under the Plan shall be made on that portion of the Claim that is Disputed unless and until such portion is Allowed.

**8.6    Delivery of Distributions.** Distributions to holders of Allowed Claims, other than Professional Fee Claims, shall be delivered by the Plan Administrator, (a) to the addresses set forth on the proofs of claim filed by such Claimholders (or the address reflected in the Schedules if no proof of claim is filed), (b) to the addresses set forth in any written notices of address changes delivered to the Plan Administrator and filed with the Bankruptcy Court after the date of any related proof of claim, or (c) in the case of a Claimholder whose Claim is governed by an agreement and is administered by an agent or servicer, to the agent or servicer which shall then be responsible for making delivery of the Distribution to such Claimholder.

**8.7     Uncashed Checks.** Cash payments in the form of checks shall be null and void if not cashed within sixty (60) calendar days after the date of issuance. Distributions in respect of such voided checks shall be treated as unclaimed or undeliverable Distributions as provided in Section 8.8 of the Plan. Requests for reissuance of any check must be made in writing to the Plan Administrator by the Claimholder that originally was issued such check, which request shall be made within sixty (60) calendar days after the date of issuance thereof.

**8.8     Unclaimed or Undeliverable Distributions.** If the Distribution of any Claimholder, other than Professional Fee Claims, is returned as undeliverable, no further Distributions to such Claimholder shall be made unless and until the Plan Administrator is notified of such Claimholder's then-current address, *provided, however*, that unless a Claimholder asserts a claim for an undeliverable Distribution within 60 days after such Distribution is returned as undeliverable, such Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and all title to and beneficial interest in such undeliverable Distribution shall revert to and/or remain in either the Revested Assets automatically and without any need for further order by the Bankruptcy Court for all purposes, including for redistribution to other holders of Allowed Claims, notwithstanding any federal, provincial or state escheat, abandoned or unclaimed property laws to the contrary. If a Claimholder timely provides the Plan Administrator the necessary information within the period specified herein, all missed Distributions shall be made to the Claimholder as soon as is practicable, without interest.

**8.9     Minimum Distribution**. Notwithstanding any other provision of the Plan, the Plan Administrator or other disbursing agent will not be required to make Distributions of Cash less than $50.00 in value with the exception of Claimholders in Class 3 – Convenience General Unsecured Claims.

**8.10     Manner of Payment Under this Plan**. The Distributions made pursuant to this Plan shall be made by checks drawn on domestic banks selected by the Plan Administrator or in the Plan Administrator's sole discretion, by wire transfer from a domestic bank selected by the Plan Administrator.

**8.11     Post-Final Distribution Assets**. Any assets received by the Plan Administrator after the final Distribution is made shall be distributed Pro Rata to the holders of Class 4 Allowed Claims unless the Plan Administrator determines, in his, her or its discretion following consultation with the Post-Confirmation Advisory Committee, that the remaining Revested Assets are insufficient or it is otherwise impracticable to make any further or supplemental Distribution, in which case such assets may be donated to Legal Services of North Dakota.

<div align="center">

**ARTICLE IX.**
**RETENTION OF COUNSEL BY PLAN ADMINISTRATOR**

</div>

**9.1     Retention of Counsel.** On and after the Effective Date, the Plan Administrator shall retain the counsel as necessary and appropriate to analyze, object to, and/or prosecute the Claims, Causes of Action, and to take such other actions as are required to permit the Plan Administrator to fulfill his or her duties under the Plan.

## ARTICLE X.
## SETTLEMENT, RELEASE, INJUNCTION AND RELATED PROVISIONS

**10.1    Compromise and Settlement of Claims, Interests and Controversies.** Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the Distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Equity Interests, and controversies relating to the contractual, legal and subordination rights that a holder of a Claim may have with respect to any Allowed Claim or any Distribution to be made on account of such Allowed Claim with the effective date of the compromise of any Claim being the date of the final Distribution on the same. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Equity Interests and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interest of the Debtor, its Estate and Claimholders, and is fair, equitable and reasonable. In accordance with the provisions of the Plan, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Plan Administrator may compromise and settle Claims against the Debtor and Causes of Action against other Persons including Statutory Insiders, subject to the provisions of Sections 8.2 and 10.2.

**10.2    Post-Confirmation Advisory Committee.** Within ten (10) days after entry of the Confirmation Order, a Post-Confirmation Advisory Committee will be formed (consisting of the current Creditors' Committee members and B.E. Capital Management) to serve in an advisory capacity to the Plan Administrator. In the event a committee member is unwilling or unable to continue serving on the Post-Confirmation Advisory Committee, the remaining members will appoint a new member. The Post-Confirmation Advisory Committee members will agree to serve free of charge and may retain counsel at their own cost which shall not be passed along to the Debtor's Estate. The Plan Administrator will provide a quarterly report to the Post-Confirmation Advisory Committee consisting of the following information at a minimum:  identification of Causes of Action (including Avoidance Actions and Preserved Claims) to be pursued or abandoned, funds received or disbursed, and settlements of Disputed Claims. The Plan Administrator will consult and receive the majority approval of the Post-Confirmation Advisory Committee members as to any compromise, settlement, abandonment, or sale of assets including any Causes of Action or Claims, and the resolution of all Claims or Causes of Action where the amount exceeds $250,000 or any Statutory Insider related Claim or Cause of Action that has not been released. Any dispute between the Plan Administrator and the Post-Confirmation Advisory Committee will be resolved by the Bankruptcy Court.

**10.3    Settlement with Statutory Insiders and Related Parties.** Claims involving Statutory Insiders and Related Parties are treated as follows:

        a.        Vanity, Inc. will pay the sum of $170,000 to the Debtor.

        b.        The general unsecured claim of TGC, LP (Claim No. 281 - $5,248,777.43) will be reduced to $2,850,000 and allowed as a general unsecured, non-priority claim in the amount of $2,850,000 and otherwise disallowed.

        c.        Vanity, Inc., Apparel Real Estate LLP, Barrier Lakes Investments, LLC, Boothill Corporation, Bottrell Family Investments, LP, Diamond B Companies, Inc., Diamond B Technology Solutions, LLC, Parsec Data Management, Inc., Sales Floor Live, LLC, Shazzam!,

Inc., TGC, LP, Treco Constructors, Inc., Bottrell, Thompson, Hull, Hauff, Donarski, Knoll, Andrews, Gust & Andrews, P.C. (doing business as Anderson, Bottrell, Sanden & Thompson), the Estate of Don Bottrell, Teresa Bottrell, Marnie Bennett (formerly known as Marnie Kimbrough), James Bennett, Colette Anderson-Bottrell, Lowell Bottrell, Stephen J. Anderson, and Stephen J. Anderson IRA and their respective officers, directors, employees, shareholders, and members, whether past or present (collectively the "Statutory Insiders and Related Parties"), are released and forever discharged from any and all claims, controversies, causes of action, obligations, losses, damages and liabilities of every kind and character whatsoever, regardless of whether the basis of the liability is premised upon tort or contract, and any and all other unasserted causes of action whether known or unknown, and whether the causes of action are presently asserted or unasserted arising from or related to any transactions with the Debtor or its estate or acts or omissions relating to the Debtor or its estate, including any claims the Debtor, the Plan Administrator, the trustee in any Chapter 7 case, or the Committee could assert against the Statutory Insiders and Related Parties for preference, conversion, fraudulent conveyance and/or transfer, and any and all other causes of action commonly asserted against insiders and related corporate entities in Bankruptcy Court proceedings.

**10.4    Release of Liens.** Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan, all liens, pledges, or other security interests against any property of the Estate shall be fully released, and all of the right, title and interest of any holder of such lien, pledges or other security interest shall revert to the Estate and its successors and assigns.

**10.5    Release and Exculpation.  EFFECTIVE AS OF THE EFFECTIVE DATE, NEITHER THE DEBTOR, THE PLAN ADMINISTRATOR, THE CREDITORS' COMMITTEE, NOR ANY OF THEIR RESPECTIVE AGENTS, MEMBERS, OFFICERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES AND OTHER AGENTS, ADVISORS OR PROFESSIONALS (EACH AN "INDEMNIFIED PERSON") SHALL HAVE OR INCUR ANY LIABILITY TO ANY CLAIMHOLDER OR INTERESTHOLDER OR TO ANY OTHER PERSON FOR ANY POST-PETITION CONDUCT, OR FOR ACT TAKEN OR OMISSION MADE IN GOOD FAITH IN CONNECTION WITH OR ARISING OUT OF THE NEGOTIATION, PREPARATION AND PURSUIT OF CONFIRMAITON OF THIS PLAN, THE APPROVAL OF THE DISCLOSURE STATEMENT, THE CONSUMMATION OF THIS PLAN, THE ADMINISTRATION OF THIS PLAN, THE CHAPTER 11 CASE OR THE PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE STATUTORY AND CASE LAW EXCEPT THE PLAN ADMINISTRATOR SHALL BE LIABLE FOR THE PERFORMANCE OF OBLIGATIONS ASSUMED BY IT OR IMPOSED UPON IT UNDER OR BY THIS PLAN.**

**10.6    Liabilities to, and Rights of, Governmental Units.** Nothing in the Plan or Confirmation Order shall release, or preclude: (1) any liability to a Governmental Unit that is not a Claim; (2) any Claim of a Governmental Unit arising on or after the Effective Date; (3) any liability to a Governmental Unit on the part of any Person or Entity other than the Debtor or Plan Administrator; (4) any valid right of setoff or recoupment by a Governmental Unit; or (5) any criminal liability. Nothing in the Plan or Confirmation Order shall enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in the preceding

sentence. The injunction provisions contained in the Plan and Confirmation Order are not intended and shall not be construed to bar any Governmental Unit from, after the Effective Date, pursuing any police or regulatory action.

**10.7    Injunction.** FROM AND AFTER THE EFFECTIVE DATE, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR RELATED DOCUMENTS, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR RELATED DOCUMENTS, OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR EQUITY INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTION 10.5 OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS (A) SUCH CLAIMHOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, (B) SUCH CLAIMHOLDER INDICATED IN A TIMELY FILED PROOF OF CLAIM OR INTEREST THAT IT ASSERTS, HAS, OR INTENDS TO PRESERVE A RIGHT OF SETOFF, OR (C) SUCH CLAIMHOLDER IS A PARTY TO A NON-RESIDENTIAL REAL PROPERTY LEASE IN WHICH SUCH CLAIMHOLDER IS GRANTED A RIGHT OF SETOFF AND AFFIRMATIVELY ASSERTS THE RIGHT TO SETOFF AS A DEFENSE OR IN A CLAIM OBJECTION CONTESTED MATTER; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR EQUITY INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

**10.8    ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE CREDITORS' COMMITTEE THE PLAN ADMINISTRATOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ON OR AFTER THE EFFECTIVE DATE, EXCEPT AS OTHERWISE**

**PROVIDED HEREIN OR IN A PRIOR ORDER OF THE BANKRUPTCY COURT, A CLAIM MAY NOT BE FILED OR AMENDED WITHOUT THE PRIOR AUTHORIZATION OF THE BANKRUPTCY COURT OR THE CONSENT OF THE PLAN ADMINISTRATOR. ABSENT SUCH AUTHORIZATION OR CONSENT, ANY NEW OR AMENDED CLAIM FILED SHALL BE DEEMED DISALLOWED IN FULL AND EXPUNGED WITHOUT FURTHER ORDER OF THE BANKRUPTCY COURT.**

**10.9    Term of Injunctions or Stays.** Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

**10.10    Compromises and Settlements.** Pursuant to Bankruptcy Rule 9019(a), the Debtor may compromise and settle various (a) Claims against it, and (b) Causes of Action that it may have against other Persons. The Debtor expressly reserves the right (with Bankruptcy Court approval, following appropriate notice and opportunity for a hearing) to compromise and settle up to and including the Effective Date, Claims against it and Causes of Action that it may have against other Persons. After the Effective Date, such right shall pass exclusively to the Plan Administrator to which such claims shall be conveyed pursuant to the Plan.

**10.11    Cancellation of Agreements.** On the Effective Date, except to the extent of a right to receive a Distribution under this Plan and as otherwise provided herein, any note, bond, indenture or other instrument or document evidencing or creating any indebtedness or obligation of the Debtor shall be deemed automatically cancelled; provided, however, that each agreement that governs the rights of the Claimholder and that is administered by an agent or a servicer, shall continue in effect solely for the purposes of allowing such agent or servicer to make the Distributions to be made on account of such Claims or Equity Interests under the Plan.

**10.12    Objections to Claims.** Subsequent to the Effective Date, the Plan Administrator will have the right to object to the allowance of any Claim. Such objections, if any, will be filed with the Bankruptcy Court no later than the first Business Day that is 180 calendar days after the Effective Date (the "**Claim Objection Deadline**"). The Claim Objection Deadline may be extended one or more times by the Bankruptcy Court. The failure by the Debtor, Liquidating Debtor or the Plan Administrator to object to, or examine, any Claim or Equity Interest for purposes of voting shall not be deemed a waiver of any such entities' right to object to (to the extent of any Claim that is not expressly Allowed in the Plan) or reexamine the Claim or Equity Interest in whole or in part for any other purpose, including but not limited to, distribution of property. The Debtor's classification of Claims in the Plan is not dispositive of the validity of the Claims, and Claims shall be deemed valid unless and until a claim objection is filed and by the Debtor, the Liquidating Debtor, or the Plan Administrator. The Debtor, the Liquidating Debtor, the Plan Administrator, and Claimholders reserve all rights and defenses in the context of a claim objection contested matter.

**10.13    Setoff.** Notwithstanding anything herein, in no event shall any Claimholder be entitled to setoff any Claim against any claim, right, or cause of action of the Debtor, unless such Claimholder preserves its right to set off by (i) including in a timely-filed proof of claim that it intends to preserve

24

any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise, (ii) filing a motion for authority to effect such setoff on or before the Effective Date (regardless of whether such motion is heard prior to or after the Effective Date), or (iii) asserting the right of setoff in the context of a claim objection contested matter.

## ARTICLE XI.
## CONDITIONS PRECEDENT

**11.1    Conditions to Confirmation**. The following are conditions precedent to confirmation of the Plan that may be satisfied or waived in accordance with Section 11.3 of the Plan:

    a.    The Plan and Confirmation Order shall be in form and substance reasonably acceptable to the Debtor;

    b.    The Plan Supplement shall have been filed; and

    c.    The Plan Administrator shall have been selected and shall have indicated his or her agreement to serve under the terms of the Plan.

**11.2    Conditions to Effective Date**. The following are conditions precedent to the occurrence of the Effective Date, each of which may be satisfied or waived in accordance with Section 11.3 of the Plan:

    a.    The Confirmation Order shall have been entered by the Bankruptcy Court and such Confirmation Order and have become a Final Order (unless the Final Order requirement is waived by the Debtor); and

    b.    No stay shall be in effect with respect to the Confirmation Order.

**11.3    Waiver of Conditions to Confirmation and Effective Date.** The conditions set forth in Sections 11.1 and 11.2 of the Plan  may be waived by the Debtor, without any notice to any other parties in interest or the Bankruptcy Court and without a hearing. The failure to satisfy or waive any condition to the Confirmation Date or the Effective Date may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any action or inaction by the Debtor). The failure of the Debtor to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right, which may be asserted at any time.

## ARTICLE XII.
## RETENTION OF JURISDICTION

**12.1**    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 case and the Plan, including, among other things, the following matters:

    a.    to hear and determine pending motions for the assumption and assignment of or rejection of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine the allowance of Claims resulting therefrom;

b.      to adjudicate any and all adversary proceedings, applications and contested matters that may be commenced or maintained pursuant to the Chapter 11 case or the Plan, including, without limitation, any actions to recover any transfers, assets, properties or damages to which the Debtor may be entitled under applicable contract provisions, the provisions of this Plan or under applicable provisions of the Bankruptcy Code or any other federal, state or local laws;

c.      to ensure that Distributions to Allowed Claimholders are accomplished as provided herein;

d.      to hear and determine any and all objections to the allowance or estimation of Claims filed both before and after the Confirmation Date, including any objections to the classification of any Claim or Equity Interest, and to allow or disallow any Claim in whole or in part;

e.      to determine requests for the payment of Claims entitled to priority under section 507(a)(2) of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties entitled thereto;

f.      to enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified or vacated;

g.      to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with the Plan or regarding the rights of the Plan Administrator;

h.      to issue orders in aid of execution, implementation or consummation of the Plan;

i.      to consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

j.      to hear and determine all applications for compensation and reimbursement of Professional Claims under the Plan or under sections 330, 331, 503(b), 1103 and 1129(a)(4) of the Bankruptcy Code;

k.      to hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

l.      to hear any other matter not inconsistent with the Bankruptcy Code;

m.      to hear and determine all disputes involving the existence, nature or scope of the releases provided for in the Plan;

n.      to hear and determine any Claims of or against the Debtor;

o.      to enforce all orders previously entered by the Bankruptcy Court; and

p.       to enter a final decree closing the Chapter 11 case.

Notwithstanding anything contained herein to the contrary, the Bankruptcy Court retains exclusive jurisdiction to hear and determine disputes concerning Claims, Equity Interests, Causes of Action, Avoidance Actions, Preserved Claims and any motions to compromise or settle such disputes. Despite the foregoing, if the Bankruptcy Court is determined not to have jurisdiction with respect to the foregoing, or if the Plan Administrator chooses to pursue any Causes of Action, Avoidance Action, or Preserved Claim in another court of competent jurisdiction, the Plan Administrator will have authority to bring such action in any other court of competent jurisdiction.

<div align="center">

**ARTICLE XIII.**
**ACCEPTANCE OR REJECTION OF THE PLAN; EFFECT OF REJECTION BY ONE OR MORE IMPAIRED CLASSES OF CLAIMS OR INTERESTS**

</div>

**13.1    Impaired Classes of Claims and Interests Entitled to Vote**. Claimholders in each Impaired Class of Claims are entitled to vote as a class to accept or reject the Plan. The Claims Agent will tabulate votes on the Plan.

**13.2    Acceptance by an Impaired Class**. In accordance with section 1126(c) of the Bankruptcy Code and except as provided in section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds in dollar amount and more than one-half (½) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

**13.3    Presumed Acceptances by Unimpaired Classes**. Class 1 Wells Fargo is Unimpaired by the Plan. Under section 1126(f) of the Bankruptcy Code, Wells Fargo is conclusively presumed to accept the Plan, and Wells Fargo's vote will not be solicited.

**13.4    Class Deemed to Reject Plan**. Holders of Class 5 Equity Interests will not receive any Distribution, are not entitled to vote on the Plan and are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

**13.5    Non-Consensual Confirmation**. In the event that less than all Classes entitled to vote to accept the Plan, the Debtor will seek Confirmation of the Plan under section 1129(b) of the Bankruptcy Code.

**13.6    Confirmability and Severability of the Plan**. The confirmation requirements of section 1129 of the Bankruptcy Code must be satisfied. A determination by the Bankruptcy Court that the Plan is not confirmable pursuant to section 1129 of the Bankruptcy Code shall not limit or affect the Debtor's ability to modify the Plan to satisfy the confirmation requirements of section 1129 of the Bankruptcy Code.

<div align="center">

**ARTICLE XIV.**
**MISCELLANEOUS PROVISIONS**

</div>

**14.1    Binding Effect**. The Plan shall be binding upon and inure to the benefit of the Debtor, the Plan Administrator, all present and former Claimholders, all present Interestholders, other parties in interest and their respective successors and assigns to the fullest extent permitted by section 1141(a) of the Bankruptcy Code.

<div align="center">27</div>

**14.2    Modification and Amendments**. The Debtor may alter, amend or modify the Plan or any Exhibits thereto under section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Hearing. After the Confirmation Date and prior to the Effective Date, the Debtor, may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, so long as such proceedings do not materially adversely affect the treatment of Claimholders or Interestholders under the Plan; *provided, however*, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court. From and after the Effective Date and prior to substantial consummation of the Plan (as defined in section 1101(2) of the Bankruptcy Code), the Plan Administrator may seek non-material modification or amendment of the Plan pursuant to this paragraph.

**14.3    Creditors' Committee**. The Creditors' Committee shall continue in existence until the Effective Date to exercise those powers and perform those duties specified in section 1103 of the Bankruptcy Code, and shall perform such other duties as it may have been assigned by the Bankruptcy Court prior to the Effective Date. From and after the Effective Date, the Creditors' Committee shall exist for the sole purposes of: (a) matters relating to any appeals or other challenges or matters with respect to the Confirmation Order; (b) pursuing the Creditors' Committee's Professional Fee Claims; and (c) appearing before and being heard by the Bankruptcy Court and other courts of competent jurisdiction in connection with the above duties. Upon the conclusion of the foregoing duties, the Creditors' Committee shall automatically dissolve and its members, Professionals and agents shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 case or the Plan and its implementation, and the retention or employment of the Creditors' Committee's attorneys and other agents shall terminate. All expenses of Creditors' Committee members and the fees and expenses of their Professionals through the Effective Date shall be paid in accordance with the terms and conditions of this Plan and any order of the Bankruptcy Court.

**14.4    Causes of Action, Preserved Claims and Avoidance Actions**. Unless otherwise released under a prior Order of the Bankruptcy Court or under the Plan, all Causes of Action, Preserved Claims and Avoidance Actions are hereby preserved for prosecution and enforcement by the Plan Administrator. The Plan Administrator shall have no obligation to pursue any Causes of Action, Preserved Claims or Avoidance Actions.

**14.5    Substantial Consummation.** The Plan shall be deemed to be substantially consummated on the first date Distributions are made in accordance with the terms of this Plan to any holders of Allowed Claims of any Class**.**

**14.6    Revocation, Withdrawal or Non-Consummation Right to Revoke or Withdraw**. The Debtor reserves the right to revoke or withdraw the Plan at any time prior to the Effective Date.

**14.7    Severability of Plan Provisions**. If prior to Confirmation any term or provision of this Plan which does not govern the treatment of Claims or Equity Interests or the conditions to the Effective Date is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid and enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or

interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**14.8    U.S. Trustee's Fees.** All fees due and owing under 28 U.S.C. §1930 shall be paid on the Effective Date and thereafter, as due, until the cases are closed, converted or dismissed and final decreed, from the Revested Assets. After confirmation, the Liquidating Debtor through the Plan Administrator will file quarterly reports in the prescribed format for each quarter or part thereof that the Chapter 11 case remains open.

**14.9    Notices**. Pursuant to Bankruptcy Rule 2002 and any applicable local Bankruptcy Rules, notice of all Post-Effective Date matters for which notice is required to be given shall be deemed sufficient if served upon the U.S. Trustee's Office, the Plan Administrator, counsel to the Plan Administrator, and all persons on the Debtor's Bankruptcy Rule 2002 service list. Any notice required or permitted to be provided to the Debtor or the Plan Administrator under the Plan shall be in writing and served by (a) certified mail, return receipt requested, (b) hand delivery, or (c) overnight delivery service, to be addressed as follows:

|  |  |
|---|---|
| If to the Plan Administrator: | If to the Post-Confirmation Advisory Committee: |
| Phillip Kunkel | Julie Minnick Bowden |
| Gray Plant Mooty Law Firm | 350 N. Orleans Street |
| 1010 W. St. Germain | Suite 300 |
| Suite 500 | Chicago, IL 60654-1607 |
| St. Cloud, MN 56301 | julie.minnick@ggp.com |
| phillip.kunkel@gpmlaw.com | |

*with a copy to:*

Jon Brakke
Caren Stanley
Vogel Law Firm
218 NP Ave.
Fargo, ND 58107
jbrakke@vogellaw.com
cstanley@vogellaw.com

**14.10    Waiver and Estoppel**. Each Claimholder and Interestholder shall be deemed to have waived any right to assert that, by virtue of an agreement made with the Debtor and/or its counsel, the Creditors' Committee and/or its counsel, or any other party, its Claim or Equity Interest should be allowed in a certain amount, in a certain priority, secured or not subordinated if such agreement was not disclosed in the Plan, the Disclosure Statement or other papers filed with, or orders entered by, the Bankruptcy Court.

Dated this 18th day of July, 2018.

Vanity Shop of Grand Forks, Inc.

_____
James Bennett, President

Dated this 18th day of July, 2018.

**VOGEL LAW FIRM**

BY: _____
Jon R. Brakke (#03554)
jbrakke@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: (701) 237-6983
Fax: (701) 476-7676
ATTORNEYS FOR DEBTOR

3069627.16

# **EXHIBIT A**

**(Administrative Claims)**

## Administrative Claims & Priority Tax Claims

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| **ADMINISTRATIVE CLAIMS** | | | | | | |
| 1 | B.E. Capital Management Fund LP (Joe Benbasset Inc.) | 3.301 | $24,204.97 | 242 | 4/21/2017 | $8,385.00 |
| 2 | B.E. Capital Management Fund LP (Kash Apparel) | | | 42 | 3/31/2017 | $16,124.35 |
| 3 | Euler Hermes Agent for Project 28 Clothing | 3.467 | $1,896.00 | 44 | 3/31/2017 | $3,557.50 |
| 4 | Cavalini Inc. dba Ci Sono | 3.112 | $171,430.98 | 233 | 6/6/2017 | $177,004.50 |
| 5 | Edgemine Inc. | 3.193 | $70,182.35 | 198 | 5/16/2017 | $86,166.00 |
| 6 | Fantas Eyes Inc. | 3.203 | $43,452.63 | 300 | 6/30/2017 | $48,856.78 |
| 7 | Lozier  Corporation | 3.343 | $26,708.34 | 298 | 06/29/2017 | $204,290.18 |
| 8 | Lux Accessories Ltd | 3.345 | $14,997.95 | 266 | 6/20/2017 | $15,622.87 |
| 9 | Poof Apparel | 3.455 | $9,028.44 | 205 | 5/19/2017 | $5,220.00 |
| 10 | Rosenthal & Rosenthal Inc. *Bemine NYC, Inc. - $3,300.00 *David & Young Group - $2,016.00 *Fashion Ave Sweater Knits/It's Our Time - $20,400.00 *GMA Accessories, Inc./Capelli - $25,345.00 *Jodi Kristopher, LLC/City Triangles  - $18,587.25 *Second Generation BEBOP - $24,913.50 *Tempted Apparel - $51,702.55 | | | 135 | 5/8/2017 | $146,264.30 |
| 11 | Sun Ban Fashions Inc. | 3.567 | $6,245.01 | 275 | 6/22/2017 | $6,368.90 |
| **PRIORITY TAX CLAIMS** | | | | | | |
| 12 | Arkansas:  Sebastian County Tax Collector | 2.231 | $0.00 | 17 | 03/20/2017 | $747.08 |
| 13 | Arkansas:  Washington County Tax Collector | 2.285 | $0.00 | 116 | 05/01/2017 | $629.80 |
| 14 | Colorado:  El Paso Treasurer | 2.271 | $0.00 | 92 | 04/17/2017 | $1,153.06 |
| 15 | Colorado:  Mesa County Treasurer | | | | | $511.20 |
| 16 | Colorado:  Pueblo County Treasurer | | | | | $3,025.66 |
| 17 | Department of the Treasury - Internal Revenue Service | 2.12 | $0.00 | 72 | 04/10/2017 | $7,208.74 |
| 18 | Department of the Treasury - Internal Revenue Service | 2.12 | $0.00 | 366 | 04/02/2018 | $0.00 |
| 19 | Idaho:  Ada County Treasurer | | | | | $631.23 |
| 20 | Idaho:  Bonneville County Treasurer | 2.19 | $0.00 | 21 | 03/20/2017 | $800.34 |
| 21 | Idaho:  Kootenai County Treasurer | 2.141 | $0.00 | 210 | 05/19/2017 | $90.75 |
| 22 | Idaho: Twin Falls County Treasurer | | | | | $10.40 |
| 23 | Illinois Dept. of Employment Security | 2.111 | $0.00 | 362 | 3/6/2018 | $100.00 |
| 24 | Indiana:  Allen County Treasurer | 2.5 | $0.00 | 195 | 05/16/2017 | $772.80 |
| 25 | Indiana:  County of Dubois | 2.67 | $0.00 | 200 | 05/15/2017 | $1,896.67 |
| 26 | Kansas:  Ellis County Treasurer | | | | | $183.92 |
| 27 | Kansas:  Saline County Treasurer | | | | | $44.60 |
| 28 | Missouri:  Boone County Collector of Revenue | | | | | $752.45 |
| 29 | Missouri:  Collector for County of Buchanan | | | | | $48.33 |
| 30 | Missouri:  Jackson County Collector | | | | | $604.65 |
| 31 | Missouri:  Jasper County Collector | | | | | $78.39 |
| 32 | Missouri:  St. Charles Collector of Revenue | | | | | $1,433.66 |
| 33 | Missouri:  St. Louis County Treasurer | | | | | $288.76 |
| 34 | Missouri: Greene County Treasurer | | | | | $216.92 |
| 35 | Montana:  Missoula County Clerk | | | | | $216.59 |
| 36 | Montana: Butte-Silver Bow Treasurer | | | | | $110.48 |
| 37 | Montana: Cascade County Treasurer | | | | | $122.53 |
| 38 | Montana: Yellowstone County Treasurer | 2.303 | $0.00 | 334 | 08/07/2017 | $163.09 |
| 39 | Nebraska:  Buffalo County Treasurer | | | | | $19.38 |
| 40 | Nebraska:  Hall County Treasurer | | | | | $223.14 |
| 41 | Nebraska:  Madison County Treasurer | | | | | $68.66 |
| 42 | New Mexico:  Taxation & Revenue Department | 1.191 | $0.00 | 278 | 06/23/2017 | $209.27 |
| 43 | New Mexico:  Taxation & Revenue Department | 2.191 | $0.00 | 278 | 06/23/2017 | $163.69 |
| 44 | North Carolina:  Buncombe County Tax Department | | | 369 | 4/26/2018 | $1,404.15 |
| 45 | North Carolina:  Forsyth County Tax Collector | | | 361 | 3/5/2018 | $2,275.22 |
| 46 | North Carolina:  Guilford County Tax Department | | | | | $2,773.17 |
| 47 | North Dakota: Ward County Real Estate Tax - Payable to CBL for Dakota Square Mall | | | | | $5,475.37 |
| 48 | Oklahoma County Treasurer | 2.207 | $0.00 | 63 | 04/03/2017 | $3,031.28 |
| 49 | Oklahoma:  Tulsa County Treasurer (2016 Taxes) | 2.274 | $0.00 | 55 | 03/23/2017 | $1,889.00 |
| 50 | Oklahoma: Garfield County Treasurer | | | | | $1,171.00 |
| 51 | Oklahoma: Tulsa County Treasurer | | | | | $1,623.00 |

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| | **Administrative Claims & Priority Tax Claims** | | | | | |
| 52 | Tennessee:  Johnson City Recorder | | | | | $84.00 |
| 53 | Tennessee:  Montgomery County Trustee | | | | | $220.00 |
| 54 | Tennessee: Murfreesboro City Tax Collector | | | | | $17.00 |
| 55 | Tennessee: Rutherford County Trustee | | | | | $38.00 |
| 56 | Tennessee: Washington County Tax Collector | | | | | $106.12 |
| 57 | Washington: Benton County Treasurer | 2.16 | $0.00 | 95 | 04/18/2017 | $365.20 |
| 58 | West Virginia:  Monongalia County Treasurer | | | | | $556.81 |
| 59 | West Virginia: Wood County Treasurer | | | | | $1,063.30 |
| 60 | Wisconsin:  City of Brookfield | | | | | $1,737.38 |
| 61 | Wisconsin:  Village of Ashwaubenon, Green Bay | | | | | $1,607.52 |
| 62 | Wisconsin: Brown County Treasurer | | | | | $1,576.00 |
| 63 | Wisconsin: City of Brookfield | 2.25 | $0.00 | 264 | 06/19/2017 | $383.50 |
| 64 | Wisconsin: City of Eau Claire | | | | | $528.44 |
| 65 | Wisconsin: City of Janesville | | | | | $397.04 |
| 66 | Wisconsin: City of LaCrosse | | | | | $681.57 |
| 67 | Wisconsin: City of Madison Treasurer | | | 346 | 11/13/2017 | $1,562.96 |
| 68 | Wisconsin: City of Wausau | | | | | $192.36 |
| 69 | Wisconsin: Fond Du Lac County Treasurer | | | | | $612.65 |
| 70 | Wisconsin: Town of Grand Chute | | | | | $169.17 |
| 71 | Wisconsin: Village of Greendale, Milwaukee City | | | | | $443.96 |
| 72 | Wyoming: Larimore County Treasurer | | | | | $354.07 |
| 73 | Wyoming: Natrona County Treasurer | 2.184 | $0.00 | 12 | 03/13/2017 | $224.72 |
| **TOTAL:** | | | **$368,146.67** | | | **$772,950.58** |

## <u>EXHIBIT B</u>

**Class 2 (Other Secured Claims)**

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| | **Class 2 - Secured Priority Tax Claims** | | | | | |
| 1 | Michigan:  Meridian Charter Township | 2.157 | $0.00 | 165 | 05/10/2017 | $561.10 |
| 2 | Michigan: City of Sterling Heights | | | | | $593.65 |
| 3 | Michigan:  Charter Township of Flint | | | 364 | 03/29/2018 | $368.03 |
| 4 | Michigan:  City of Auburn Hills | | | | | $1,672.59 |
| 5 | Michigan:  City of Grandville | | | | | $1,710.37 |
| 6 | Michigan: Frenchtown Charter Township | | | | | $2,153.23 |
| 7 | Texas:  Gregg County | 2.102 | $0.00 | 106 and 347 | 4/24/17 & 11/14/17 | $1,267.93 |
| 8 | Texas:  Lubbock Central Appraisal District | 2.148 | $0.00 | 9 and 343 | 3/10/17 & 10/13/17 | $1,558.46 |
| 9 | Texas:  Taxing Districts Collected by Potter County | 2.217 | $0.00 | 22 and 344 | 3/20/17 & 10/27/17 | $4,585.14 |
| 10 | Texas:  Smith County | 2.238 | $0.00 | 28 and 348 | 3/24/17 & 11/27/17 | $539.37 |
| 11 | Texas:  Jefferson County | 2.129 | $0.00 | 91 and 349 | 4/17/17 & 12/4/17 | $1,800.08 |
| 12 | Texas: Tom Green County Appraisal District | 2.268 | $0.00 | 196 | 05/16/2017 | $1,154.37 |
| 13 | Texas:  Tyler Independent School District | | | 336 and 345 | 8/18/17 & 11/2/17 | $757.41 |
| 14 | Texas:  Midland Central Appraisal District | | | | | $1,151.07 |
| **TOTAL:** | | | **$0.00** | | | **$19,872.80** |

## **EXHIBIT C**

**(Class 3 - Convenience Class Unsecured Claims)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Class 3 - Convenience Class - General Unsecured Claims under $1,500** | | | | | | | |
| **(to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan)** | | | | | | | |
| **NO.** | **CREDITOR NAME** | **SCHEDULE E/F CREDITOR #** | **SCHEDULED AMOUNT** | **PROOF OF CLAIM NO.** | **DATE POC FILED** | **POC CLAIM AMOUNT** | **CLAIM AMOUNT** |
| **GIFT CARD HOLDERS, EMPLOYEES** | | | | | | | |
| 1 | Abby Loss | 3.1 | | 214 | 05/23/2017 | $30.00 | $30.00 |
| 2 | Adde Schroader | 3.501 | $19.61 | | | | $19.61 |
| 3 | Alexis Perez | 3.446 | $14.51 | | | | $14.51 |
| 4 | Alfa Arreguin | 3.51 | $15.80 | | | | $15.80 |
| 5 | Alicai Harris | 3.254 | $31.93 | | | | $31.93 |
| 6 | Alyssa Sonksen | 3.530 | $32.08 | | | | $32.08 |
| 7 | Amanda D.  Ramsey | 3.1 | | 115 | 04/28/2017 | $25.00 | $25.00 |
| 8 | Amanda Murphy | 3.393 | $16.04 | | | | $16.04 |
| 9 | Amanda Thibault | 3.589 | $18.14 | | | | $18.14 |
| 10 | Amber Bosset | 3.86 | $116.64 | | | | $116.64 |
| 11 | Anna Gibbs | 3.234 | $15.80 | | | | $15.80 |
| 12 | Anne Wiedel | 3.630 | $36.76 | | | | $36.76 |
| 13 | Annmarie Downey | 3.181 | $13.18 | | | | $13.18 |
| 14 | Ashleigh Sympson | 3.572 | $13.68 | | | | $13.68 |
| 15 | Ashley Smith | 3.525 | $177.66 | | | | $177.66 |
| 16 | Betha Vandelft | 3.601 | $19.00 | | | | $19.00 |
| 17 | Brandy Kinney | 3.323 | $16.30 | | | | $16.30 |
| 18 | Breana Levins | 3.1 | | 89 | 04/13/2017 | $26.93 | $26.93 |
| 19 | Brianna Cannon | 3.106 | $10.60 | | | | $10.60 |
| 20 | Britt Sorenson | 3.531 | $12.61 | | | | $12.61 |
| 21 | Brittany Roesch | 3.1 | | 209 | 05/19/2017 | $42.99 | $42.99 |
| 22 | Brook Bokowski | 3.84 | $20.00 | | | | $20.00 |
| 23 | Carly Walsh | 3.1 | | 138 | 05/08/2017 | $50.00 | $50.00 |
| 24 | Carol Dahlinger | 3.162 | $16.95 | | | | $16.95 |
| 25 | Cassandra Nguyen | 3.408 | $31.78 | | | | $31.78 |
| 26 | Cassie Hoiness | 3.1 | | 216 | 05/22/2017 | $75.00 | $75.00 |
| 27 | Catherine D. Meinke | 3.1 | | 176 | 05/15/2017 | $100.00 | $100.00 |
| 28 | Chekila Simmon | 3.521 | $24.08 | | | | $24.08 |
| 29 | Chelsie Canida | 3.104 | $3.80 | | | | $3.80 |
| 30 | Chera Nichols | 3.1 | | 245 | 06/16/2017 | $50.00 | $50.00 |
| 31 | Chera Nichols | 3.1 | | 246 | 06/16/2017 | $50.00 | $50.00 |
| 32 | Cindy J Cantero | 3.1 | | 276 | 06/23/2017 | $42.83 | $42.83 |
| 33 | Corene Gurno | 3.247 | $13.99 | | | | $13.99 |
| 34 | Corrin McKegue | 3.363 | $20.00 | | | | $20.00 |
| 35 | Courtney Seekins | 3.508 | $48.10 | | | | $48.10 |
| 36 | Danielle McClure | 3.361 | $40.04 | | | | $40.04 |
| 37 | Darala Magpie | 3.348 | $42.49 | | | | $42.49 |
| 38 | Desiree Perez | 3.447 | $13.43 | | | | $13.43 |
| 39 | Devanna Simpson | 3.523 | $13.03 | | | | $13.03 |
| 40 | Domini Roberts | 3.485 | $16.15 | | | | $16.15 |
| 41 | Donna Walker | 3.614 | $12.12 | | | | $12.12 |
| 42 | Dorrine Gardipee | 3.1 | | 231 | 06/05/2017 | $50.00 | $50.00 |
| 43 | Dusty Cissell | 3.134 | $31.25 | | | | $31.25 |
| 44 | Elizabeth Johnson | 3.306 | $15.70 | | | | $15.70 |
| 45 | Elsa Rivera | 3.482 | $19.42 | | | | $19.42 |
| 46 | Emily Peterson | 3.1 | | 220 | 05/26/2017 | $100.00 | $100.00 |
| 47 | Esperan Jaquez | 3.287 | $27.89 | | | | $27.89 |
| 48 | Gina M. Pantaleo | 3.1 | | 46 | 03/31/2017 | $50.00 | $50.00 |
| 49 | Hanna Shatila | 3.513 | $14.39 | | | | $14.39 |
| 50 | Heather Baumgartner | 3.65 | $62.70 | | | | $62.70 |
| 51 | Heather Costa | 3.155 | $13.00 | | | | $13.00 |
| 52 | Heather Kluck | 3.324 | $16.66 | | | | $16.66 |
| 53 | Holly Hasbrouck | 3.257 | $16.10 | | | | $16.10 |
| 54 | Holly Nelson | 3.403 | $12.40 | | | | $12.40 |
| 55 | Hope Woolf | 3.640 | $10.33 | | | | $10.33 |
| 56 | Jackie Timm | 3.591 | $21.09 | | | | $21.09 |
| 57 | Jaiden Weston | 3.628 | $59.28 | | | | $59.28 |
| 58 | Jamie Reusche | 3.1 | | 213 | 05/22/2017 | $116.49 | $116.49 |
| 59 | Jammie Ripke | 3.481 | $24.55 | | | | $24.55 |
| 60 | Jasmine Scott | 3.504 | $13.29 | | | | $13.29 |
| 61 | Je Christopher | 3.132 | $13.35 | | | | $13.35 |
| 62 | Jenn Archibald | 3.50 | $14.20 | | | | $14.20 |

| | Class 3 - Convenience Class - General Unsecured Claims under $1,500 | | | | | | |
|---|---|---|---|---|---|---|---|
| | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) | | | | | | |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
| 63 | Jennifer Byrd | 3.101 | $23.83 | | | | $23.83 |
| 64 | Jennifer Giampietro | 3.1 | | 85 | 04/10/2017 | $100.00 | $100.00 |
| 65 | Jennifer Knobock | 3.1 | $50.00 | 353 | 12/27/2017 | $50.00 | $50.00 |
| 66 | Jessi Hoerth | 3.1 | | 94 | 04/17/2017 | $50.00 | $50.00 |
| 67 | Jessi Pfaff | 3.450 | $26.54 | | | | $26.54 |
| 68 | Jessica Hogan | 3.266 | $54.10 | | | | $54.10 |
| 69 | Jessica Suitter | 3.1 | | 87 | 04/11/2017 | $1,200.00 | $1,200.00 |
| 70 | Joann Bryan | 3.98 | $8.01 | | | | $8.01 |
| 71 | Jocelyn Dorwart | 3.180 | $15.65 | | | | $15.65 |
| 72 | Juanita Nelson | 3.404 | $103.28 | | | | $103.28 |
| 73 | Judy Campbell | 3.103 | $24.22 | | | | $24.22 |
| 74 | Judy Quinn | 3.471 | $107.82 | | | | $107.82 |
| 75 | Julia Kubicek | 3.1 | $45.31 | 351 | 12/12/2017 | $45.31 | $45.31 |
| 76 | Julie Soderlund | 3.529 | $19.03 | | | | $19.03 |
| 77 | Kais Kucholick | 3.327 | $15.49 | | | | $15.49 |
| 78 | Kari Myers | 3.396 | $15.49 | | | | $15.49 |
| 79 | Kathleen Schutte | 3.1 | | 289 | 06/25/2017 | $100.00 | $100.00 |
| 80 | Katie Harrison | 3.255 | $16.18 | | | | $16.18 |
| 81 | Katie Lipscomb | 3.1 | | 244 | 06/16/2017 | $67.33 | $67.33 |
| 82 | Katie Mosgrove | 3.384 | $21.79 | | | | $21.79 |
| 83 | Katie Osweiler | 3.1 | | 65 | 04/04/2017 | $100.00 | $100.00 |
| 84 | Katie Rhoden | 3.479 | $15.88 | | | | $15.88 |
| 85 | Katie Rogalla | 3.489 | $12.62 | | | | $12.62 |
| 86 | Kaycee Biggs | 3.76 | $103.74 | | | | $103.74 |
| 87 | Kayci Patterson | 3.441 | $3.18 | | | | $3.18 |
| 88 | Kaylon Sellers | 3.1 | | 247 | 06/18/2017 | $50.00 | $50.00 |
| 89 | Kelly Sanchez | 3.499 | $13.00 | | | | $13.00 |
| 90 | Kelly Waykins | 3.621 | $21.38 | | | | $21.38 |
| 91 | Kend Bettreudn | 3.74 | $16.01 | | | | $16.01 |
| 92 | Kendal Maxwell | 3.359 | $13.15 | | | | $13.15 |
| 93 | Kileigh Smith | 3.526 | $8.00 | | | | $8.00 |
| 94 | Kimberly Mannon | 3.1 | | 177 | 05/15/2017 | $200.00 | $200.00 |
| 95 | Kneessa Booker | 3.1 | | 217 | 05/24/2017 | $25.00 | $25.00 |
| 96 | Kris Stankevitz | 3.538 | $7.38 | | | | $7.38 |
| 97 | Kristie Baer | 3.1 | | 222 | 05/30/2017 | $27.20 | $27.20 |
| 98 | Kristie Binger | 3.77 | $16.50 | | | | $16.50 |
| 99 | Lacy Mullins | 3.389 | $64.15 | | | | $64.15 |
| 100 | LaRonica M. Tomlinson | 3.1 | $100.00 | 350 | 12/9/2017 | $100.00 | $100.00 |
| 101 | Larry Marson | 3.355 | $26.53 | | | | $26.53 |
| 102 | Leanna Chapen | 3.126 | $17.31 | | | | $17.31 |
| 103 | Les Bumgardner | 3.100 | $26.73 | | | | $26.73 |
| 104 | Leslie Young | 3.643 | $26.48 | | | | $26.48 |
| 105 | Li Kruckenberg | 3.325 | $21.09 | | | | $21.09 |
| 106 | Linda Kefgley | 3.319 | $11.43 | | | | $11.43 |
| 107 | Linda Stanley | 3.539 | $26.73 | | | | $26.73 |
| 108 | Lindsay N Hackett | 3.1 | | 321 | 07/03/2017 | $600.00 | $600.00 |
| 109 | Lisa Heavilin | 3.261 | $22.00 | | | | $22.00 |
| 110 | Lori Thaodorf | 3.583 | $20.48 | | | | $20.48 |
| 111 | Mallory Stubbs | 3.563 | $20.52 | | | | $20.52 |
| 112 | Manda Gentry | 3.232 | $16.26 | | | | $16.26 |
| 113 | Manno Becklund | 3.67 | $16.97 | | | | $16.97 |
| 114 | Margaret Fornero | 3.221 | $21.44 | | | | $21.44 |
| 115 | Megan Shreeve | 3.519 | $25.44 | | | | $25.44 |
| 116 | Meghan Hammond | 3.252 | $16.44 | | | | $16.44 |
| 117 | Melissa Sapp | 3.500 | $11.64 | | | | $11.64 |
| 118 | Michael Davis | 3.1 | | 109 | 04/24/2017 | $50.00 | $50.00 |
| 119 | Michael Porter | 3.458 | $32.50 | | | | $32.50 |
| 120 | Michelle Johnson | 3.307 | $77.29 | | | | $77.29 |
| 121 | Miranda Ferski | 3.207 | $14.98 | | | | $14.98 |
| 122 | Neka Gary | 3.229 | $32.08 | | | | $32.08 |
| 123 | Nelda Wilson | 3.634 | $25.00 | | | | $25.00 |
| 124 | Nicole Crader | 3.1 | $50.00 | 352 | 12/20/2017 | $50.00 | $50.00 |
| 125 | Nicole Taylor | 3.575 | $15.88 | | | | $15.88 |

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|
| | **Class 3 - Convenience Class - General Unsecured Claims under $1,500** | | | | | | |
| | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) | | | | | | |
| 126 | Nikki Ross | 3.490 | $32.56 | | | | $32.56 |
| 127 | Nyagoa Gony | 3.238 | $48.11 | | | | $48.11 |
| 128 | Olive Deandrea | 3.169 | $17.63 | | | | $17.63 |
| 129 | Patri Chaffins | 3.125 | $13.66 | | | | $13.66 |
| 130 | Peg Gulbranson | 3.246 | $31.78 | | | | $31.78 |
| 131 | Rbecc Baertsch | 3.62 | $10.00 | | | | $10.00 |
| 132 | Rebekah Dye | 3.189 | $17.14 | | | | $17.14 |
| 133 | Rosaline Glover | 3.235 | $12.03 | | | | $12.03 |
| 134 | Rosemary Mena | 3.365 | $21.38 | | | | $21.38 |
| 135 | S. Hermelbracht | 3.262 | $10.70 | | | | $10.70 |
| 136 | Samantha Dresen | 3.182 | $14.22 | | | | $14.22 |
| 137 | Sara Buechel | 3.99 | $3.80 | | | | $3.80 |
| 138 | Sarah Davis | 3.1 | | 98 | 04/20/2017 | $50.00 | $50.00 |
| 139 | Sarah Fouts | 3.223 | $15.82 | | | | $15.82 |
| 140 | Sarah Halsted | 3.1 | | 215 | 05/23/2017 | $50.00 | $50.00 |
| 141 | Sarah Ofarrio | 3.421 | $18.18 | | | | $18.18 |
| 142 | Shari Metz | 3.367 | $91.91 | | | | $91.91 |
| 143 | Shaylinn Kaus | 3.316 | $12.28 | | | | $12.28 |
| 144 | Sheena Nelson | 3.405 | $13.08 | | | | $13.08 |
| 145 | Shelby Swanson | 3.570 | $1.90 | | | | $1.90 |
| 146 | Sherri Hickman | 3.263 | $21.10 | | | | $21.10 |
| 147 | Shonnna Zuber | 3.645 | $8.69 | | | | $8.69 |
| 148 | Sindy M. Shanks | 3.1 | | 102 | 04/21/2017 | $50.00 | $50.00 |
| 149 | Skylar Obrien | 3.420 | $37.80 | | | | $37.80 |
| 150 | Sonika Hamdan | 3.251 | $21.40 | | | | $21.40 |
| 151 | Stacey Stormont | 3.562 | $12.17 | | | | $12.17 |
| 152 | Stacey Wallace | 3.615 | $13.54 | | | | $13.54 |
| 153 | Stephahnie Hallich | 3.250 | $12.40 | | | | $12.40 |
| 154 | Stephanie Neuhaus | 3.407 | $32.08 | | | | $32.08 |
| 155 | Tabatha McClure | 3.1 | | 90 | 04/13/2017 | $25.00 | $25.00 |
| 156 | Tara Bergsjo | 3.1 | | 108 | 04/21/2017 | $115.00 | $115.00 |
| 157 | Tiffany Larsen | 3.332 | $6.85 | | | | $6.85 |
| 158 | Tiffany Twohill | 3.1 | | 229 | 06/02/2017 | $100.00 | $100.00 |
| 159 | Tracy Powers | 3.459 | $24.98 | | | | $24.98 |
| 160 | Trista Fowler | 3.1 | | 242 | 06/14/2017 | $52.50 | $52.50 |
| 161 | Whitney McClure | 3.362 | $8.13 | | | | $8.13 |
| 162 | Wintey Shayla | 3.515 | $1.35 | | | | $1.35 |
| | **UTILITY COMPANIES** | | | | | | |
| 163 | ALP Utilities | 3.34 | $713.65 | | | | $713.65 |
| 164 | Ameren Illinois | 3.35 | $519.40 | 27 | 03/23/2017 | $654.14 | $654.14 |
| 165 | American Electric Power | 3.37 | $654.23 | | | | $654.23 |
| 166 | American Electric Power | 3.38 | $828.17 | | | | $828.17 |
| 167 | Ames Municipal Utilities | 3.41 | $695.59 | | | | $695.59 |
| 168 | Aqua Ohio Inc. | 3.49 | $11.82 | | | | $11.82 |
| 169 | Ashwaubenon Water & Sewer Utility | 3.54 | $135.05 | | | | $135.05 |
| 170 | Atmos Energy Corporation | 3.59 | $222.63 | 297 | 06/29/2017 | $143.67 | $143.67 |
| 171 | Baxter, City of | 3.66 | $61.01 | | | | $61.01 |
| 172 | Belmont County Sanitary Sewer District | 3.70 | $35.00 | | | | $35.00 |
| 173 | Bemidji Holding, LLC | 3.71 | $82.59 | | | | $82.59 |
| 174 | Benton PUD | 3.73 | $306.13 | | | | $306.13 |
| 175 | Black Hawk Waste Disp Inc. | 3.79 | $176.55 | | | | $176.55 |
| 176 | Black Hills Energy | 3.80 | $531.25 | | | | $531.25 |
| 177 | Brainerd Public Utilities | 3.87 | $592.15 | | | | $592.15 |
| 178 | Cass County Electric Coop | 3.111 | $454.11 | | | | $454.11 |
| 179 | Cedar Falls Utilities | 3.114 | $1,082.03 | 208 | 05/19/2017 | $1,176.82 | $1,176.82 |
| 180 | Centerpoint Energy | 3.115 | $269.26 | | | | $269.26 |
| 181 | CenturyTel of Central Missouri dba CenturyLink | | | 81 | 04/10/2017 | $47.10 | $47.10 |
| 182 | CenturyTel of Southwest Missouri dba CenturyLink | | | 80 | 04/10/2017 | $76.49 | $76.49 |
| 183 | CenturyTel of Wisconsin, LLC dba CenturyLink | 3.122 | $36.90 | 78 | 04/10/2017 | $5.65 | $5.65 |
| 184 | City of Fergus Falls | 3.135 | $77.00 | | | | $77.00 |
| 185 | City of Lima | 3.136 | $19.02 | | | | $19.02 |
| 186 | City of Garden City | 3.227 | $352.76 | 272 | 06/21/2017 | $352.76 | $352.76 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
|  | **Class 3 - Convenience Class - General Unsecured Claims under $1,500** |
|  | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
| 187 | City of Kearney Utilities Department | 3.318 | $341.80 | 31 | 03/27/2017 | $358.52 | $358.52 |
| 188 | City Water and Light | 3.139 | $409.80 | 238 | 06/12/2017 | $337.99 | $337.99 |
| 189 | Clarksville Department of Electricity | 3.141 | $449.23 | | | | $449.23 |
| 190 | Clarksville Gas & Water | 3.142 | $27.14 | | | | $27.14 |
| 191 | Columbia Gas of Ohio | 3.147 | $58.58 | 263 | 06/19/2017 | $140.28 | $140.28 |
| 192 | Colorado Springs Utilities | 3.146 | $131.37 | | | | $131.37 |
| 193 | Consumers Energy Company | 3.151 | $56.36 | 40 | 03/30/2017 | $58.06 | $58.06 |
| 194 | Detroit Lakes, City of | 3.173 | $469.57 | | | | $469.57 |
| 195 | DTE Energy | 3.183 | $589.75 | | | | $589.75 |
| 196 | Dubuque, City of | 3.184 | $88.59 | | | | $88.59 |
| 197 | Duke Energy | 3.186 | $325.00 | | | | $325.00 |
| 198 | Duke Energy Progress | 3.187 | $828.22 | | | | $828.22 |
| 199 | Dominion Hope Gas | 3.179 | $276.05 | 103 | 04/07/2017 | $172.16 | $172.16 |
| 200 | Embarq Minnesota, INC dba CenturyLink | | | 82 | 04/10/2017 | $4.52 | $4.52 |
| 201 | Empire District | 3.196 | $608.29 | | | | $608.29 |
| 202 | Energy West, Inc. | 3.197 | $292.79 | 16 | 03/20/2017 | $294.10 | $294.10 |
| 203 | Fargo, City of | 3.205 | $341.60 | | | | $341.60 |
| 204 | Fort Dodge, City of | 3.222 | $90.62 | | | | $90.62 |
| 205 | Grand Island, City of | 3.241 | $700.06 | | | | $700.06 |
| 206 | Great Plains Natural Gas Co | 3.243 | $96.37 | 71 | 04/10/2017 | $80.50 | $80.50 |
| 207 | Hays, City of | 3.258 | $36.78 | | | | $36.78 |
| 208 | Idaho Falls, City of | 3.274 | $376.77 | | | | $376.77 |
| 209 | Idaho Power Corporation | 3.275 | $849.82 | | | | $849.82 |
| 210 | Indiana American Water | 3.277 | $43.22 | 54 | 04/03/2017 | $24.31 | $24.31 |
| 211 | Indiana Michigan Power | 3.278 | $1,058.04 | | | | $1,058.04 |
| 212 | Intermountain Gas Co. | 3.280 | $162.18 | 69 | 04/10/2017 | $230.80 | $230.80 |
| 213 | Janesville Water & Waste | 3.286 | $93.72 | | | | $93.72 |
| 214 | Johnson City Power Board | 3.304 | $589.51 | | | | $589.51 |
| 215 | Johnson City Utility | 3.305 | $13.73 | | | | $13.73 |
| 216 | Kennewick, City of | 3.320 | $134.81 | | | | $134.81 |
| 217 | KCPL Greater Missouri Corporation Inc. | 3.317 | $374.59 | 32 | 03/27/2017 | $555.65 | $555.65 |
| 218 | Lincoln Electric System | 3.337 | $470.68 | | | | $470.68 |
| 219 | Logan, City of | 3.341 | $281.48 | | | | $281.48 |
| 220 | Madison Gas and Electric | 3.346 | $421.46 | | | | $421.46 |
| 221 | Mid-America Asset Management | 3.368 | $245.14 | | | | $245.14 |
| 222 | Mid-Nebraska Disposal | 3.369 | $91.90 | | | | $91.90 |
| 223 | MidAmerican Energy Company | 3.370 | $809.74 | 4 | 03/17/2017 | $917.07 | $917.07 |
| 224 | Midwest Energy Inc | 3.372 | $822.27 | 59 | 04/03/2017 | $829.26 | $829.26 |
| 225 | Willmar Municipal Utility | 3.376 | $343.42 | | | | $343.42 |
| 226 | Minnesota Energy Resources | 3.377 | $506.58 | | | | $506.58 |
| 227 | Mon Power | 3.380 | $1,219.50 | | | | $1,219.50 |
| 228 | Montgomery County Environmental Services | 3.382 | $75.19 | 241 | 06/14/2017 | $101.82 | $101.82 |
| 229 | Muncie Sanitary District | 3.390 | $22.38 | | | | $22.38 |
| 230 | Municipal Light and Water | 3.391 | $169.89 | | | | $169.89 |
| 231 | Murfreesboro Electric Dept. | 3.392 | $492.43 | 20 | 03/20/2017 | $65.37 | $65.37 |
| 232 | Nebraska Public Power District | 3.399 | $1,166.87 | | | | $1,166.87 |
| 233 | North Dakota Recycling Services, LLC | 3.412 | $20.00 | | | | $20.00 |
| 234 | Northern Electric Coop | 3.413 | $436.13 | | | | $436.13 |
| 235 | Northern States Power Company, a Wisconsin Corporation, d/b/a Xcel Energy | 3.642 | $489.27 | 19 | 03/20/2017 | $489.27 | $489.27 |
| 236 | O'Fallon Water & Sewer | 3.149 | $19.69 | | | | $19.69 |
| 237 | Otter Tail Power Company | 3.436 | $1,065.86 | 36 | 03/28/2017 | $1,062.03 | $1,062.03 |
| 238 | Pederson Sanitation Corp | 3.442 | $53.50 | | | | $53.50 |
| 239 | Pellitteri Waste Systems | 3.443 | $78.54 | | | | $78.54 |
| 240 | Public Service of Colorado A Colorado Corp DBA Xcel Energy | 3.642 | $4,445.99 | 1 | 03/13/2017 | $381.10 | $381.10 |
| 241 | Public Utility Commission | 3.469 | $435.30 | | | | $435.30 |
| 242 | Questar Gas Company | 3.470 | $18.16 | 11 | 03/13/2017 | $18.94 | $18.94 |
| 243 | Rocky Mountain Power | 3.488 | $1,409.54 | | | | $1,409.54 |
| 244 | Scottsbluff, City of | 3.504 | $888.47 | | | | $888.47 |
| 245 | SEMCO Energy | 3.509 | $103.37 | 13 | 03/17/2017 | $103.37 | $103.37 |
| 246 | SEMCO Energy Gas Co | 3.509 | $103.37 | 58 | 03/30/2017 | $135.55 | $135.55 |
| 247 | St. Cloud, City of | 3.536 | $25.55 | | | | $25.55 |

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|
| | **Class 3 - Convenience Class - General Unsecured Claims under $1,500** | | | | | | |
| | **(to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan)** | | | | | | |
| 248 | Sterling Heights, City of | 3.558 | $80.81 | | | | $80.81 |
| 249 | Terre Haute, City of | 3.581 | $26.87 | | | | $26.87 |
| 250 | The Energy Cooperative | 3.585 | $60.00 | | | | $60.00 |
| 251 | United Telephone Company of Ohio dba CenturyLink | | | 77 | 04/10/2017 | $500.39 | $500.39 |
| 252 | United Telephone Company of the West - NE dba CenturyLink | 3.123 | $76.51 | 75 | 04/10/2017 | $76.91 | $76.91 |
| 253 | United Telephone Southeast - TN dba CenturyLink | 3.124 | $114.48 | 76 | 04/10/2017 | $87.77 | $87.77 |
| 254 | Vectren Energy Delivery | 3.604 | $160.87 | | | | $160.87 |
| 255 | Vectren Energy Delivery | 3.605 | $88.94 | | | | $88.94 |
| 256 | Verendrye Electric Coop | 3.606 | $261.44 | | | | $261.44 |
| 257 | Vienna, City of | 3.609 | $13.57 | | | | $13.57 |
| 258 | Watertown Municipal Utilities | 3.620 | $405.17 | 235 | 06/08/2017 | $501.49 | $501.49 |
| 259 | WE Energies | 3.623 | $1,063.71 | | | | $1,063.71 |
| 260 | Williston, City of | 3.633 | $34.40 | | | | $34.40 |
| 261 | Wisconsin Public Service Corporation | 3.637 | $817.20 | 268 | 05/22/2017 | $614.66 | $614.66 |
| 262 | Youngstown Water | 3.644 | $29.87 | | | | $29.87 |
| | **MERCHANTS, SERVICE PROVIDERS, AND MISC.** | | | | | | |
| 263 | 1st Choice Electric Inc. | 3.4 | $270.00 | | | | $270.00 |
| 264 | A & A Landscape | 3.7 | $570.00 | | | | $570.00 |
| 265 | A & G Electric Company | 3.8 | $183.51 | | | | $183.51 |
| 266 | A.C. Klopf, Inc. | 3.11 | $410.00 | | | | $410.00 |
| 267 | A.T. Klemens | 3.13 | $124.00 | | | | $124.00 |
| 268 | A-1 Lock & Key | 3.9 | $86.51 | | | | $86.51 |
| 269 | A-1 Sign Co. | 3.10 | $208.61 | | | | $208.61 |
| 270 | AAA Heating & Sheet Metal | 3.14 | $130.00 | | | | $130.00 |
| 271 | Aaron Parker | 3.440 | $172.38 | | | | $172.38 |
| 272 | ABM Building Services | 3.15 | $104.50 | | | | $104.50 |
| 273 | AC3 Building Maintenance | 3.16 | $20.00 | | | | $20.00 |
| 274 | Accucool Inc. | 3.17 | $196.84 | | | | $196.84 |
| 275 | Acorn Electrical | 3.18 | $200.00 | | | | $200.00 |
| 276 | Advanced Comfort | 3.21 | $125.00 | | | | $125.00 |
| 277 | Advanced Contracting | 3.20 | $260.00 | | | | $260.00 |
| 278 | Advanced Heating & Air | 3.22 | $138.24 | | | | $138.24 |
| 279 | Affordable Repair Service | 3.23 | $756.00 | | | | $756.00 |
| 280 | AG Cleaning Services | 3.25 | $90.00 | | | | $90.00 |
| 281 | Air Controls Billings | 3.26 | $700.19 | | | | $700.19 |
| 282 | Aire Serv of Longview | 3.28 | $311.56 | | | | $311.56 |
| 283 | AJ Sheet Metal, Inc. | 3.29 | $211.32 | 15 | 03/17/2017 | $211.32 | $211.32 |
| 284 | Alliant Energy | 3.32 | $739.08 | | | | $739.08 |
| 285 | Allied Restaurant Service | 3.33 | $133.75 | | | | $133.75 |
| 286 | Ames Lock & Security | 3.40 | $123.05 | | | | $123.05 |
| 287 | Amplitel Technologies | 3.43 | $203.11 | | | | $203.11 |
| 288 | Anchor Safety, Inc. | 3.44 | $47.36 | | | | $47.36 |
| 289 | Andor, Inc. | 3.46 | $114.79 | | | | $114.79 |
| 290 | Appollo Heating and Air Conditioning | 3.48 | $1,467.45 | | | | $1,467.45 |
| 291 | Ask About Windows | 3.54 | $38.00 | | | | $38.00 |
| 292 | AT&T - Atlanta, GA | 3.55 | $504.08 | | | | $504.08 |
| 293 | AT&T - Atlanta, GA | 3.58 | $738.55 | | | | $738.55 |
| 294 | AT&T - Carol Stream, IL | 3.56 | $525.55 | | | | $525.55 |
| 295 | AT&T - Carol Stream, IL | 3.57 | $772.94 | | | | $772.94 |
| 296 | Auman Company, Inc. | 3.60 | $119.63 | | | | $119.63 |
| 297 | B.E. Capital Management Fund LP (1st Choice Lock & Security LLP) | 3.5 | $325.20 | 74 | 04/11/2017 | $325.20 | $325.20 |
| 298 | Batner Pest Control, Inc. | 3.64 | $19.00 | | | | $19.00 |
| 299 | Bekins Fire & Safety | 3.68 | $40.13 | | | | $40.13 |
| 300 | Believe Electricians & Equipment Co. | 3.69 | $532.43 | | | | $532.43 |
| 301 | Big Creek Crossing | 3.75 | $27.00 | | | | $27.00 |
| 302 | Biss Lock, Inc. | 3.78 | $218.82 | | | | $218.82 |
| 303 | Bob Smith Window Cleaning | 3.83 | $7.34 | | | | $7.34 |
| 304 | Bolton Construction | 3.85 | $190.10 | 93 | 04/17/2017 | $190.10 | $190.10 |
| 305 | Boothill Corporation | | | 279 | 06/26/2017 | $614.55 | $614.55 |

| | Class 3 - Convenience Class - General Unsecured Claims under $1,500 | | | | | | |
|---|---|---|---|---|---|---|---|
| | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) | | | | | | |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
| 306 | Brekke Mechanical | 3.89 | $28.19 | | | | $28.19 |
| 307 | Brite Way of the Illinois Valley | 3.90 | $24.00 | | | | $24.00 |
| 308 | Brite Way Professional Window Cleaning | 3.91 | $38.52 | | | | $38.52 |
| 309 | Brite-Way Professional Window Cleaning | 3.92 | $64.20 | | | | $64.20 |
| 310 | Brite-Way Window Cleaning, Inc. | 3.93 | $208.00 | 64 | 03/30/2017 | $208.00 | $208.00 |
| 311 | Brite-Way Window Cleaning, Inc. | 3.94 | $70.00 | | | | $70.00 |
| 312 | Brite-Way Window Service | 3.95 | $31.00 | | | | $31.00 |
| 313 | Brite-Way Window Service | 3.96 | $15.00 | | | | $15.00 |
| 314 | Callabresi Heating & Cooling | 3.102 | $106.25 | | | | $106.25 |
| 315 | Cannizzo Electric Inc. | 3.105 | $359.00 | | | | $359.00 |
| 316 | Carlson JPM Store Fixtures | 3.108 | $446.04 | | | | $446.04 |
| 317 | CE Mitchell & Sons | 3.113 | $150.00 | 202 | 04/24/2017 | $150.00 | $150.00 |
| 318 | Central Fire & Safety | 3.116 | $23.54 | | | | $23.54 |
| 319 | Central Heating & Air Conditioning Co. | 3.117 | $105.00 | | | | $105.00 |
| 320 | Chapman's Mechanical | 3.127 | $205.70 | | | | $205.70 |
| 321 | Chappell Central Inc. | 3.128 | $159.82 | | | | $159.82 |
| 322 | Chioda Quality Window Cleaning | 3.130 | $80.00 | | | | $80.00 |
| 323 | Chitty Garbage Service | 3.131 | $317.79 | | | | $317.79 |
| 324 | Cintas Fire Protection | 3.133 | $107.92 | | | | $107.92 |
| 325 | Citywide Window Services | 3.140 | $60.04 | | | | $60.04 |
| 326 | Clear View Window | 3.143 | $30.00 | | | | $30.00 |
| 327 | Clearview Window Washing | 3.144 | $105.00 | | | | $105.00 |
| 328 | Cochran Construction | 3.145 | $113.70 | | | | $113.70 |
| 329 | Comfort Systems USA | 3.148 | $133.00 | | | | $133.00 |
| 330 | Commercial Air & Electric | 3.149 | $140.00 | | | | $140.00 |
| 331 | Consolidated Communications | 3.150 | $85.88 | | | | $85.88 |
| 332 | Cooper Consulting & Pro Mgmt Inc. | 3.153 | $1,162.20 | 104 | 04/10/2017 | $1,162.20 | $1,162.20 |
| 333 | Corporate Mall Services | 3.154 | $97.00 | | | | $97.00 |
| 334 | Countwise | 3.156 | $922.50 | | | | $922.50 |
| 335 | CR Lighting & Electric | 3.157 | $94.80 | | | | $94.80 |
| 336 | Crossby Brownlie Inc. | 3.159 | $222.48 | | | | $222.48 |
| 337 | Crystal Clear Cleaning | 3.160 | $60.00 | | | | $60.00 |
| 338 | Curt's Lock & Key Service | 3.161 | $219.33 | | | | $219.33 |
| 339 | Dakota Fire Extinguishers | 3.163 | $35.98 | | | | $35.98 |
| 340 | Damian Reiten Construction Inc. | 3.165 | $375.00 | | | | $375.00 |
| 341 | Dayspring Window Cleaning | 3.167 | $32.38 | | | | $32.38 |
| 342 | Deluxe Business Forms | 3.170 | $62.69 | | | | $62.69 |
| 343 | Dependable Sanitation | 3.171 | $70.78 | | | | $70.78 |
| 344 | Dermer Refrigeration, Inc. | 3.172 | $54.00 | | | | $54.00 |
| 345 | Diesel Dogs Trucking, LLC | 3.175 | $237.50 | | | | $237.50 |
| 346 | Doctor Door | 3.178 | $240.00 | 97 | 04/20/2017 | $240.00 | $240.00 |
| 347 | Don Slagter | 3.524 | $265.00 | | | | $265.00 |
| 348 | Doug Jenings | 3.291 | $25.00 | | | | $25.00 |
| 349 | Dunn Electrical Service | 3.188 | $155.95 | | | | $155.95 |
| 350 | E and H Enterprises of Alexandria, Inc | 3.19 | $82.38 | 5 | 03/17/2017 | $82.38 | $82.38 |
| 351 | Ed Grace (S&S Shambaugh) | 3.495 | $970.00 | 335 | 8/18/2017 | $970.00 | $970.00 |
| 352 | Edwards Electrical & Mechanical | 3.194 | $400.00 | | | | $400.00 |
| 353 | Ensley Electrical Services | 3.198 | $313.48 | | | | $313.48 |
| 354 | Epoch | 3.199 | $980.00 | | | | $980.00 |
| 355 | Escon Group | 3.200 | $250.25 | | | | $250.25 |
| 356 | Executive Electric | 3.201 | $425.00 | | | | $425.00 |
| 357 | Fargo Vacuum Sales & Service | 3.204 | $273.03 | 119 | 05/01/2017 | $273.03 | $273.03 |
| 358 | Fashion Place, LLC | 2.1* | $619.56 | 158 | 5/10/2017 | $619.56 | $619.56 |
| 359 | Ficek Electric & Communication System | 3.208 | $236.93 | | | | $236.93 |
| 360 | Fiddelke Heating & Air Conditioning, Inc. | 3.209 | $117.70 | | | | $117.70 |
| 361 | Fineline Technologies Inc. | 3.210 | $232.11 | | | | $232.11 |
| 362 | Fire & Safety Equip III | 3.212 | $38.50 | | | | $38.50 |
| 363 | Fire Protection Specialist, LLC | 3.213 | $40.09 | | | | $40.09 |
| 364 | Fire Suppression Services | 3.214 | $37.80 | | | | $37.80 |
| 365 | Fireguard Inc. | 3.215 | $103.00 | | | | $103.00 |
| 366 | Fish Window Cleaning | 3.216 | $63.00 | | | | $63.00 |
| 367 | Fish Window Cleaning | 3.217 | $27.82 | | | | $27.82 |
| 368 | Fish Window Cleaning | 3.218 | $13.91 | | | | $13.91 |

| | Class 3 - Convenience Class - General Unsecured Claims under $1,500 | | | | | | |
|---|---|---|---|---|---|---|---|
| | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) | | | | | | |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
| 369 | Fish Window Cleaning | 3.219 | $20.00 | 26 | 3/22/2017 | $20.00 | $20.00 |
| 370 | Foley Electric Inc | 3.220 | $316.00 | | | | $316.00 |
| 371 | Fortney Refrigeration | 3.223 | $199.99 | | | | $199.99 |
| 372 | Freedom Electric Inc. | 3.225 | $106.05 | | | | $106.05 |
| 373 | Frontier | 3.226 | $668.50 | | | | $668.50 |
| 374 | Gary's Sewer & Drain | 3.228 | $100.00 | | | | $100.00 |
| 375 | General Repair Service Co | 3.231 | $200.00 | | | | $200.00 |
| 376 | Gering Valley Plumbing | 3.233 | $150.00 | | | | $150.00 |
| 377 | GMPC LLC | 3.236 | $529.20 | | | | $529.20 |
| 378 | Global Gold, Inc. (Golden Touch) | 3.237 | $2,333.73 | 327 | 07/17/2017 | $598.89 | $598.89 |
| 379 | Gonzales Contractors, LLC | 3.239 | $500.00 | | | | $500.00 |
| 380 | Goyette Mechanical | 3.240 | $735.00 | | | | $735.00 |
| 381 | Granite Telecommunications | 3.242 | $156.24 | | | | $156.24 |
| 382 | Greeley Lock and Key | 3.244 | $173.10 | 232 | 06/05/2017 | $178.11 | $178.11 |
| 383 | Grunau Company | 3.245 | $80.44 | | | | $80.44 |
| 384 | H. E. Neumann Company | 3.249 | $196.10 | 322 | 07/06/2017 | $832.10 | $832.10 |
| 385 | Harrell-Fish Inc | 3.253 | $175.00 | | | | $175.00 |
| 386 | Harvest Heating & Air Conditioning | 3.256 | $188.50 | | | | $188.50 |
| 387 | Herman H. Moenkedick | 3.379 | $75.16 | | | | $75.16 |
| 388 | Hickory Tech | 3.264 | $70.02 | | | | $70.02 |
| 389 | Hindman/Person Heating & Air Conditioning | 3.265 | $90.95 | | | | $90.95 |
| 390 | Horton Electric Service | 3.268 | $208.47 | | | | $208.47 |
| 391 | Hovland's Inc | 3.269 | $150.87 | | | | $150.87 |
| 392 | Howie's Trash Service | 3.270 | $94.96 | | | | $94.96 |
| 393 | Hullinger Glass & Locks | 3.271 | $90.42 | | | | $90.42 |
| 394 | Integrated Facility Solutions | 3.279 | $537.30 | | | | $537.30 |
| 395 | J. F. Ahern Co. | 3.283 | $258.50 | 68 | 04/07/2017 | $258.50 | $258.50 |
| 396 | James Kelly's Home Improvements | 3.285 | $729.74 | | | | $729.74 |
| 397 | JB's Handyman Service | 3.288 | $75.88 | | | | $75.88 |
| 398 | JC Security LLC | 3.289 | $165.90 | 219 | 05/25/2017 | $717.15 | $717.15 |
| 399 | JDS Mechanical Inc. | 3.290 | $142.50 | | | | $142.50 |
| 400 | Jensen's Handyman & Remodeling | 3.293 | $236.73 | | | | $236.73 |
| 401 | Jetter Clean, Inc. | 3.294 | $150.00 | | | | $150.00 |
| 402 | J-N-T Security Services | 3.282 | $40.50 | | | | $40.50 |
| 403 | John's Great American Window Cleaning Co. | 3.302 | $44.00 | | | | $44.00 |
| 404 | John's Heating & A/C | 3.303 | $211.00 | | | | $211.00 |
| 405 | K.C. Electric Supply | 3.311 | $260.91 | | | | $260.91 |
| 406 | Kanndo Professional Services | 3.313 | $117.70 | 35 | 03/28/2017 | $117.70 | $117.70 |
| 407 | Kevin's Unlimited Service Company | 3.321 | $16.25 | | | | $16.25 |
| 408 | Kimbro Mechanical | 3.322 | $162.50 | | | | $162.50 |
| 409 | Kucera Plumbing, Heating, Cooling and Sheet Metal LLC | 3.326 | $240.33 | 33 | 03/27/2017 | $240.33 | $240.33 |
| 410 | KW Electric Inc. | 3.328 | $979.19 | | | | $979.19 |
| 411 | Kyle J. Sandy | 3.329 | $240.00 | 41 | 03/30/2017 | $240.00 | $240.00 |
| 412 | Larry's Window Service | 3.330 | $34.98 | | | | $34.98 |
| 413 | Larsen Property Services | 3.331 | $358.02 | | | | $358.02 |
| 414 | Limeblue | 3.336 | $1,378.27 | | | | $1,378.27 |
| 415 | Lindsay Crystal | 3.338 | $153.20 | | | | $153.20 |
| 416 | Literati Information | 3.339 | $148.40 | | | | $148.40 |
| 417 | Lloyd's Window Washing | 3.340 | $96.00 | | | | $96.00 |
| 418 | Love By Design By Design L.L.C. | 3.342 | $176.40 | | | | $176.40 |
| 419 | Luckinbill Inc. | 3.334 | $210.00 | 234 | 06/07/2017 | $213.15 | $213.15 |
| 420 | Malbrit Mechanical Inc. | 3.350 | $90.00 | | | | $90.00 |
| 421 | Manhattan Town Center | 3.352 | $350.00 | | | | $350.00 |
| 422 | Marc Brick Inc | 3.354 | $257.80 | | | | $257.80 |
| 423 | Master Electric, Inc | 3.356 | $232.00 | | | | $232.00 |
| 424 | Mathison's | 3.357 | $334.71 | | | | $334.71 |
| 425 | Maxsent | 3.358 | $183.03 | | | | $183.03 |
| 426 | MC Electric, Inc. | 3.360 | $391.65 | | | | $391.65 |
| 427 | Meister Electric Inc. | 3.364 | $82.00 | | | | $82.00 |
| 428 | Metro Waste Services Co | 3.366 | $68.57 | | | | $68.57 |
| 429 | Mike's Lock & Key Service | 3.373 | $124.00 | | | | $124.00 |
| 430 | Miller Window Service | 3.374 | $65.27 | 114 | 04/27/2017 | $65.27 | $65.27 |

| | Class 3 - Convenience Class - General Unsecured Claims under $1,500 | | | | | | |
|---|---|---|---|---|---|---|---|
| | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) | | | | | | |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
| 431 | Minnkota | 3.378 | $209.87 | | | | $209.87 |
| 432 | Mount's Lock & Key Inc. | 3.386 | $90.00 | | | | $90.00 |
| 433 | Mr. Handyman | 3.387 | $324.00 | | | | $324.00 |
| 434 | Mr. Squeegee | 3.388 | $72.00 | | | | $72.00 |
| 435 | Muth Electric Inc. | 3.394 | $1,252.69 | | | | $1,252.69 |
| 436 | National Security Consultant | 3.397 | $101.81 | | | | $101.81 |
| 437 | Naylor Heating and Refrigeration | 3.398 | $95.44 | 66 | 04/05/2017 | $95.44 | $95.44 |
| 438 | Nebraska Safety and Fire Equipment, Inc. | 3.400 | $32.10 | | | | $32.10 |
| 439 | Neighborhood Services | 3.401 | $75.00 | | | | $75.00 |
| 440 | Nemont | 3.406 | $98.29 | | | | $98.29 |
| 441 | No Streaking | 3.410 | $105.44 | | | | $105.44 |
| 442 | Noble Locksmith Service | 3.411 | $69.00 | | | | $69.00 |
| 443 | Northern Lakes Window Cleaning | 3.414 | $29.92 | | | | $29.92 |
| 444 | Northwestern Ohio Security Systems, Inc. | 3.416 | $119.93 | | | | $119.93 |
| 445 | Northwoods Construction of the Iron Range, Inc. | 3.417 | $328.00 | | | | $328.00 |
| 446 | O'Donnell Corporation | 3.418 | $435.00 | | | | $435.00 |
| 447 | Oliver Tri County Heating & Air, Inc. | 3.423 | $168.50 | | | | $168.50 |
| 448 | Olympic IV Mall Services | 3.424 | $106.25 | | | | $106.25 |
| 449 | Olympic Mall Services | 3.425 | $111.38 | | | | $111.38 |
| 450 | Oneida Realty Company | 3.427 | $10.84 | | | | $10.84 |
| 451 | Orkin | 3.430 | $125.00 | | | | $125.00 |
| 452 | Orkin Pest Control | 3.431 | $88.00 | | | | $88.00 |
| 453 | Orkin, Inc. | 3.432 | $57.97 | | | | $57.97 |
| 454 | Orkin, Inc. | 3.433 | $106.58 | | | | $106.58 |
| 455 | Orkin, Inc. | 3.434 | $55.00 | | | | $55.00 |
| 456 | Osteen & Lemmons | 3.435 | $201.20 | | | | $201.20 |
| 457 | Overhead Door Company of Webster County | 3.437 | $1,049.00 | | | | $1,049.00 |
| 458 | Peopleready Inc. | 3.444 | $552.61 | | | | $552.61 |
| 459 | Penn Square Mall LLC | 2.1* | $267.81 | 125 | 5/2/2017 | $267.81 | $267.81 |
| 460 | Pestbusters, Inc. | 3.448 | $48.15 | | | | $48.15 |
| 461 | Peters Heating and Air Conditioning Inc. | 3.449 | $175.00 | | | | $175.00 |
| 462 | Pioneer Sewer & Drain | 3.451 | $140.00 | | | | $140.00 |
| 463 | Pither Plumbing | 3.452 | $261.23 | | | | $261.23 |
| 464 | Plumbing Perfection, Inc. | 3.453 | $166.26 | | | | $166.26 |
| 465 | Pop-A-Lock of Tri Cities | 3.456 | $56.94 | | | | $56.94 |
| 466 | Popular Basics | 3.457 | $574.23 | | | | $574.23 |
| 467 | Precise Filter Service | 3.460 | $195.68 | | | | $195.68 |
| 468 | Precision Glass LLC | 3.461 | $65.00 | | | | $65.00 |
| 469 | Precision Locksmithing | 3.462 | $109.72 | | | | $109.72 |
| 470 | Premier Mechanical | 3.464 | $276.00 | | | | $276.00 |
| 471 | Presto-X | 3.465 | $46.43 | | | | $46.43 |
| 472 | Professional Fire | 3.466 | $23.93 | | | | $23.93 |
| 473 | Proshield Fire & Security | 3.468 | $203.73 | | | | $203.73 |
| 474 | R&R Window Washing Service | 3.472 | $53.50 | | | | $53.50 |
| 475 | R/S Electric Construction | 3.473 | $1,099.67 | | | | $1,099.67 |
| 476 | Ralph's Electric Inc | 3.474 | $114.32 | | | | $114.32 |
| 477 | Randy's Window Cleaning | 3.475 | $5.00 | | | | $5.00 |
| 478 | Rapid Garage Door & Awning | 3.476 | $309.95 | | | | $309.95 |
| 479 | Reliable Pest Solutions | 3.477 | $43.91 | | | | $43.91 |
| 480 | Richards Heating and Cooling | 3.481 | $84.00 | 62 | 04/03/2017 | $84.00 | $84.00 |
| 481 | Robards Pest Control | 3.482 | $19.42 | | | | $19.42 |
| 482 | Robert's Plumbing and Heating Inc. | 3.484 | $60.00 | | | | $60.00 |
| 483 | Robinson Electric | 3.486 | $115.00 | | | | $115.00 |
| 484 | Rockford Heating & Air Conditioning | 3.487 | $160.75 | | | | $160.75 |
| 485 | Ron Lepic | 3.334 | $50.00 | | | | $50.00 |
| 486 | Roth Bros., Inc. | 3.491 | $95.00 | | | | $95.00 |
| 487 | Runyon Lock Service | 3.493 | $77.04 | | | | $77.04 |
| 488 | Ryder Truck Rental, Inc. | 3.494 | $134.12 | 314 | 07/01/2017 | $134.12 | $134.12 |
| 489 | S.V.J. Electric Co., Inc. | 3.495 | $125.70 | | | | $125.70 |
| 490 | Sammy Phillips Electric | 3.498 | $154.79 | | | | $154.79 |
| 491 | Schwickerts Tecta America, LLC | 3.502 | $302.06 | 30 | 03/27/2017 | $302.06 | $302.06 |
| 492 | SCR Inc. | 3.505 | $211.99 | | | | $211.99 |
| 493 | Sean's Window Cleaning | 3.506 | $64.65 | | | | $64.65 |

| | Class 3 - Convenience Class - General Unsecured Claims under $1,500 | | | | | | |
|---|---|---|---|---|---|---|---|
| | (to be paid at 50% of Allowed Claim Amount after the Effective Date of the Plan) | | | | | | |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | POC CLAIM AMOUNT | CLAIM AMOUNT |
| 494 | Service Cleaning Midtown LLC | 3.510 | $60.00 | | | | $60.00 |
| 495 | Service Experts | 3.511 | $69.00 | | | | $69.00 |
| 496 | Service Specialists, Inc. | 3.512 | $301.47 | | | | $301.47 |
| 497 | Sheet Metal Specialties | 3.516 | $140.00 | | | | $140.00 |
| 498 | Shortprinter.com | 3.518 | $66.65 | | | | $66.65 |
| 499 | SimplexGrinnell | 3.522 | $72.50 | 273 | 06/22/2017 | $72.50 | $72.50 |
| 500 | Smithereen Pest | 3.527 | $36.00 | | | | $36.00 |
| 501 | Snell Services Inc. | 3.528 | $630.58 | | | | $630.58 |
| 502 | Source Refrigeration & HVAC, Inc. | 3.532 | $238.61 | | | | $238.61 |
| 503 | Southwest Pesticide, Inc. | 3.533 | $92.36 | | | | $92.36 |
| 504 | Spearmint Airmasters, Inc. d/b/a/ Airmasters HVAC/R and Sheet Metal | 3.27 | $240.00 | 296 | 06/29/2017 | $240.00 | $240.00 |
| 505 | SRT | 3.535 | $90.51 | | | | $90.51 |
| 506 | Staff Electric Co Inc. | 3.537 | $737.98 | | | | $737.98 |
| 507 | Sturm Heating & Air Conditioning | 3.564 | $138.59 | | | | $138.59 |
| 508 | Suburban Electrical/ Engineers, Inc | 3.565 | $293.01 | 270 | 06/08/2017 | $293.01 | $293.01 |
| 509 | Summit Companies | 3.566 | $45.00 | 236 | 06/09/2017 | $45.00 | $45.00 |
| 510 | Superior Mechanical | 3.568 | $532.00 | | | | $532.00 |
| 511 | Swiftair | 3.571 | $684.01 | | | | $684.01 |
| 512 | T&M Electric Inc. | 3.573 | $309.09 | | | | $309.09 |
| 513 | T.H. Eifert | 3.574 | $306.25 | 240 | 06/14/2017 | $306.25 | $306.25 |
| 514 | TEC Electric Company | 3.576 | $187.50 | | | | $187.50 |
| 515 | Temp Right Service Inc. | 3.577 | $99.00 | | | | $99.00 |
| 516 | Temperature Pros, LLC | 3.576 | $105.00 | | | | $105.00 |
| 517 | Terminix Processing Center | 3.580 | $135.31 | | | | $135.31 |
| 518 | Terry's Heating & Air Conditioning | 3.582 | $48.94 | | | | $48.94 |
| 519 | The Steritech Group Inc. | 3.587 | $85.00 | | | | $85.00 |
| 520 | The Window Washers | 3.588 | $64.00 | | | | $64.00 |
| 521 | Thorne Plumbing, Heating, Air Conditioning Inc. | 3.590 | $128.72 | | | | $128.72 |
| 522 | Total Clean Window | 3.592 | $20.00 | | | | $20.00 |
| 523 | Town and Country Electric | 3.593 | $91.80 | | | | $91.80 |
| 524 | Tri-State Fire Extinguisher Company | 3.594 | $66.33 | | | | $66.33 |
| 525 | Ty the Window Guy | 3.595 | $80.00 | | | | $80.00 |
| 526 | Uline | 3.596 | $457.95 | | | | $457.95 |
| 527 | United Team Mechanical | 3.598 | $276.00 | | | | $276.00 |
| 528 | Van Ert Electric Company | 3.600 | $186.95 | | | | $186.95 |
| 529 | Vanenk Electric, Inc. | 3.602 | $673.55 | | | | $673.55 |
| 530 | Vector Security, Inc. | 3.603 | $52.06 | | | | $52.06 |
| 531 | Verizon | 3.608 | $68.72 | | | | $68.72 |
| 532 | Village of Greendale | 3.610 | $35.00 | | | | $35.00 |
| 533 | Volar Fashion | 3.611 | $1,423.80 | | | | $1,423.80 |
| 534 | W.J. Leasea Electric, Inc. | 3.612 | $161.48 | | | | $161.48 |
| 535 | Waldinger Corporation | 3.613 | $622.98 | | | | $622.98 |
| 536 | Wash Away All | 3.616 | $256.20 | | | | $256.20 |
| 537 | Washed White | 3.617 | $47.08 | | | | $47.08 |
| 538 | We Do Windows | 3.622 | $60.00 | | | | $60.00 |
| 539 | West Central Sanitation | 3.624 | $255.74 | | | | $255.74 |
| 540 | Western Wyoming Lock | 3.627 | $145.25 | | | | $145.25 |
| 541 | Williams General Construction | 3.631 | $206.43 | | | | $206.43 |
| 542 | Williams Mechanical | 3.632 | $541.19 | | | | $541.19 |
| 543 | Window Cleaning and Janitorial Service | 3.635 | $50.00 | | | | $50.00 |
| 544 | Windstream | 3.636 | $244.60 | | | | $244.60 |
| 545 | Woodman Refrigeration, Inc. | 3.638 | $123.77 | | | | $123.77 |
| 546 | Woods Electrical Contractors Inc. | 3.639 | $292.50 | | | | $292.50 |
| 547 | WSC White Service Company | 3.641 | $135.31 | | | | $135.31 |
| TOTAL: | | | $107,467.95 | | | $25,032.83 | $107,798.39 |

## EXHIBIT D

**(Class 4 - General Unsecured Claims)**

| Class 4 - Effective Date Unsecured Claims | | | | | | | |
|---|---|---|---|---|---|---|---|
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT | STORE # |
| LANDLORDS AND MALLS - CBL | | | | | | | |
| 1 | Ashville Mall CMBS LLC | 2.1* | $4,958.33 | 181 | 5/15/2017 | $69,416.66 | 218 |
| 2 | Brookfield Square Joint Venture | 2.1* | $5,833.33 | 194 | 5/15/2017 | $105,688.33 | 207 |
| 3 | Burnsville Center SPE LLC | 2.1* | $6,400.28 | 192 | 5/15/2017 | $83,203.64 | 213 |
| 4 | CBL/Monroeville LP | 2.1* | $6,629.53 | 175 | 5/15/2017 | $86,183.89 | 181 |
| 5 | Cherryvale Mall LLC | 2.1* | $4,750.00 | 188 | 5/15/2017 | $62,170.00 | 143 |
| 6 | Dakota Square Mall CMBS LLC | 2.1* | $16,904.34 | 187 | 5/15/2017 | $142,926.42 | 26 |
| 7 | Dakota Square Mall CMBS LLC | 2.1* | $0.00 | 185 | 5/15/2017 | $9,451.00 | 26 |
| 8 | Fashon Square Mall CMBC LLC | 2.1* | $12,256.44 | | | $12,256.44 | 84 |
| 9 | Frontier Mall Assoc. LP | 2.1* | $6,713.53 | 186 | 5/15/2017 | $84,274.43 | 129 |
| 10 | Honey Creek Mall LLC | 2.1* | $15,739.89 | 190 | 5/15/2017 | $130,255.00 | 271 |
| 11 | Janesville Mall LP | 2.1* | $4,583.33 | 191 | 5/15/2017 | $59,583.33 | 46 |
| 12 | JG Winston-Salem LLC | 2.1* | $8,496.08 | 183 | 5/15/2017 | $110,539.12 | 219 |
| 13 | Kirkwood Mall Acquisition LLC | 2.1* | $11,063.22 | 193 | 5/15/2017 | $80,506.22 | 4 |
| 14 | Layton Hills Mall CMBS LLC | 2.1* | $7,945.38 | 171 | 5/15/2017 | $21,858.18 | 94 |
| 15 | Madison/East Towne LLC | 2.1* | $9,041.67 | 189 | 5/15/2017 | $121,063.08 | 98 |
| 16 | Meridian Mall LP | 2.1* | $6,464.28 | 182 | 5/15/2017 | $66,287.23 | 96 |
| 17 | Mid Rivers Mall CMBS LLC | 2.1* | $4,770.25 | 172 | 5/15/2017 | $63,255.37 | 234 |
| 18 | Northpark Mall/Joplin LLC | 2.1* | $12,711.74 | 174 | 5/15/2017 | $52,338.56 | 236 |
| 19 | Oak Park Mall LLC | 2.1* | $0.00 | 173 | 5/15/2017 | $165,791.30 | 249 |
| 20 | Parkdale Crossing CMBS LLC | 2.1* | $15,330.94 | 184 | 5/15/2017 | $178,342.69 | 174 |
| 21 | South County Shoppingtown LLC | 2.1* | $10,794.70 | 180 | 5/15/2017 | $19,747.98 | 235 |
| 22 | South County Shoppingtown LLC | 2.1* | $0.00 | 179 | 5/15/2017 | $116,699.77 | 235 |
| 23 | St. Clair Square SPE LLC | 2.1* | $4,687.50 | 178 | 5/15/2017 | $60,937.50 | 141 |
| LANDLORDS AND MALLS - GGP | | | | | | | |
| 24 | Apache Mall LLC | 2.1* | $22,684.06 | 161 | 5/10/2017 | $383,010.53 | 220 |
| 25 | Bellis Fair Mall LLC | 2.1* | | 162 | 5/10/2017 | $1,510.50 | 79 |
| 26 | Boise Mall LLC | 2.1* | $13,744.90 | 163 | 5/10/2017 | $178,473.78 | 74 |
| 27 | Columbia Mall LLC | 2.1* | $6,667.50 | 159 | 5/10/2017 | $102,472.80 | 232 |
| 28 | Florence Mall LLC | 2.1* | $13,127.61 | 156 | 5/10/2017 | $118,054.77 | 148 |
| 29 | Fox River Shopping Center LLC | 2.1* | $0.00 | 155 | 5/10/2017 | $5,967.04 | 47 |
| 30 | Fox River Shopping Center LLC | 2.1* | $0.00 | 146 | 5/10/2017 | $183,927.95 | 47 |
| 31 | GGP-Four Seasons LP | 2.1* | $8,151.08 | 154 | 5/10/2017 | $87,500.50 | 217 |
| 32 | GGP-Glenbrook LLC | 2.1* | $1,783.08 | 144 | 5/10/2017 | $43,303.03 | 108 |
| 33 | GGP-Grandville LLC | 2.1* | $8,689.61 | 153 | 5/10/2017 | $140,626.84 | 80 |
| 34 | Grand Teton Mall LLC | 2.1* | $13,393.03 | 145 | 5/10/2017 | $126,696.70 | 71 |
| 35 | Greenwood Mall LLC | 2.1* | $14,917.20 | 142 | 5/10/2017 | $190,474.44 | 92 |
| 36 | Jordan Creek Town Center LLC | 2.1* | $19,484.56 | 141 | 5/10/2017 | $250,013.57 | 73 |
| 37 | Lakeside Mall Property LLC | 2.1* | $9,880.46 | 143 | 5/10/2017 | $79,566.51 | 145 |
| 38 | North Town Mall LLC | 2.1* | $20,769.61 | 150 | 5/10/2017 | $86,181.60 | 75 |
| 39 | Oak View Mall LLC | 2.1* | $10,017.80 | 148 | 5/10/2017 | $128,320.66 | 221 |
| 40 | Oakwood Hills Mall LLC | 2.1* | $14,772.47 | 149 | 5/10/2017 | $189,518.99 | 104 |
| 41 | PDC-Eastridge Mall LLC | 2.1* | $13,356.73 | 157 | 5/10/2017 | $169,092.49 | 128 |
| 42 | Pine Ridge JC, LLC | 2.1* | $4,417.81 | | | $4,417.81 | 70 |
| 43 | River Hills Mall LLC | 2.1* | $15,034.91 | 147 | 5/10/2017 | $164,814.94 | 12 |
| 44 | Spokane Mall LLC | 2.1* | $14,632.26 | 152 | 5/10/2017 | $192,325.36 | 76 |
| 45 | St. Cloud Mall LLC | 2.1* | $24,456.61 | 160 | 5/10/2017 | $360,884.99 | 27 |
| 46 | Westroads Mall LLC | 2.1* | $6,308.33 | 151 | 5/10/2017 | $69,278.15 | 61 |
| LANDLORDS AND MALLS - SIMON PROPERTY GROUP | | | | | | | |
| 47 | Battlefield Mall LLC | 2.1* | $0.00 | 271 | 6/21/2017 | $16,618.50 | 230 |
| 48 | Battlefield Mall LLC | 2.1* | $15,403.42 | 271 | 5/3/2017 | $161,056.16 | 230 |
| 49 | Bloomingdale Court, LLC | 2.1* | $0.00 | 295 | 6/29/2017 | $66,000.00 | 146 |
| 50 | Columbia Mall P'Ship | 2.1* | $15,657.89 | 128 | 5/3/2017 | $204,931.55 | 163 |
| 51 | Empire Mall, LLC | 2.1* | $28,250.45 | 203 | 5/18/2017 | $373,688.33 | 11 |
| 52 | Greenwood Park Mall LLC | 2.1* | $17,977.76 | 123 | 5/3/2017 | $235,760.01 | 112 |
| 53 | Mall at White Oaks LLC | 2.1* | $9,401.93 | 121 | 5/3/2017 | $132,188.72 | 202 |
| 54 | Penn Square Mall, LLC | 2.1* | $0.00 | 131 | 5/3/2017 | $112,357.08 | 288 |
| 55 | Simon Capital Limited P'Ship | 2.1* | $14,205.80 | 133 | 5/3/2017 | $183,300.64 | 106 |
| 56 | Simon Property Group (TX) LP | 2.1* | $0.00 | 101 | 4/20/2017 | $100,012.20 | 177 |
| 57 | Simon Property Group (TX) LP | 2.1* | $0.00 | 99 | 4/20/2017 | $135,118.44 | 178 |
| 58 | Simon Property Group (TX) LP | 2.1* | $0.00 | 132 | 5/3/2017 | $103,965.00 | |
| 59 | Simon Property Group LP | 2.1* | $15,219.47 | 130 | 5/3/2017 | $199,259.65 | 2 |
| 60 | Simon Property Group LP | 2.1* | $7,964.38 | 100 | 4/20/2017 | $99,683.20 | 109 |
| 61 | Simon Property Group LP | 2.1* | $13,641.23 | 122 | 5/3/2017 | $118,452.71 | 272 |
| 62 | Southdale Center, LLC | 2.1* | $0.00 | 129 | 5/3/2017 | $95,000.04 | 286 |
| 63 | Southridge Limited P'Ship | 2.1* | $6,224.49 | 120 | 5/3/2017 | $68,386.66 | 48 |
| 64 | SPG Independence Ctr. LLC | 2.1* | $26,059.59 | 126 | 5/3/2017 | $297,212.35 | 54 |
| 65 | Woodland Hills Mall LLC | 2.1* | $9,505.23 | 127 | 5/3/2017 | $41,189.10 | 199 |
| LANDLORDS AND MALLS - WASHINGTON PRIME | | | | | | | |
| 66 | Dayton Mall II, LLC | 2.1* | $7,650.33 | 255 | 6/16/2017 | $66,614.59 | 115 |
| 67 | Glimcher MJC LLC | 2.1* | $9,877.22 | 254 | 6/16/2017 | $22,669.72 | 81 |
| 68 | Glimcher Northtown Venture LLC | 2.1* | $14,019.07 | 253 | 6/16/2017 | $180,648.39 | 212 |
| 69 | Grand Central Parkersburg LLC | 2.1* | $8,830.33 | 252 | 6/16/2017 | $30,506.12 | 183 |
| 70 | Lindale Mall LLC | 2.1* | $11,184.27 | 261 | 6/16/2017 | $49,261.73 | 137 |
| 71 | Mall at Great Lakes LLC | 2.1* | $9,041.67 | 248 | 6/16/2017 | $117,993.79 | 90 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Class 4 - Effective Date Unsecured Claims** | | | | | | |
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT | STORE # |
| 72 | Mall at Lima LLC | 2.1* | $13,791.19 | 249 | 6/16/2017 | $94,855.75 | 116 |
| 73 | Mall at Longview, LLC | 2.1* | $6,511.32 | 110 | 4/25/2017 | $87,415.86 | 179 |
| 74 | Maplewood Mall LLC | 2.1* | $12,379.93 | 250 | 6/16/2017 | $160,939.09 | 226 |
| 75 | MFC Beavercreek LLC | 2.1* | $15,625.00 | 251 | 6/16/2017 | $91,406.25 | 114 |
| 76 | Morgantown Commons LP | 2.1* | $14,038.23 | 260 | 6/16/2017 | $82,899.26 | 184 |
| 77 | Muncie Mall LLC | 2.1* | $13,985.79 | 259 | 6/16/2017 | $151,457.68 | 110 |
| 78 | Northwoods Shopping Center LLC | 2.1* | $8,342.97 | 256 | 6/16/2017 | $109,883.17 | 203 |
| 79 | SM Mesa Mall LLC | 2.1* | $12,154.93 | 257 | 6/16/2017 | $97,721.66 | 167 |
| 80 | SM Rushmore Mall LLC | 2.1* | $13,996.42 | 258 | 6/16/2017 | $181,090.31 | 18 |
| 81 | Southern Park Mall LLC | 2.1* | $7,500.00 | 265 | 6/16/2017 | $100,125.00 | 117 |
| 82 | West Ridge Mall LLC | 2.1* | $8,034.18 | 262 | 6/16/2017 | $106,135.14 | 255 |
| **LANDLORDS AND MALLS - MISC.** | | | | | | |
| 83 | Amarillo Mall LLC | 2.1* | $1,414.70 | 166 | 5/11/2017 | $43,747.99 | 171 |
| 84 | Birchwood Mall LLC | 2.1* | $4,200.52 | 287 | 6/26/2017 | $4,559.07 | 223 |
| 85 | C. Michelle Panovich as Court Receiver | 2.1* | $4,583.33 | 243 | 6/15/2017 | $64,421.29 | 51 |
| 86 | Cache Valley LLC | 2.1* | $0.00 | 283 | 6/26/2017 | $84,102.39 | 88 |
| 87 | Central Mall Realty Holding LLC | 2.1* | $7,719.11 | 118 | 5/1/2017 | $372,389.29 | 251 |
| 88 | Colony Square Mall LLC | 2.1* | $5,967.13 | 197 | 5/16/2017 | $63,768.24 | 152 |
| 89 | Conestoga Mall 2002 LLC | 2.1* | $6,976.17 | 316 | 7/1/2017 | $88,525.33 | 65 |
| 90 | Crossroads Mall 1999 LLC | 2.1* | $4,662.87 | 317 | 7/1/2017 | $22,300.63 | 132 |
| 91 | DROP-HT LLC | 2.1* | $5,240.53 | 8 | 3/17/2017 | $2,148.29 | 66 |
| 92 | Fort Smith Mall LLC | 2.1* | $11,299.31 | 167 | 5/11/2017 | $151,720.41 | 210 |
| 93 | Frenchtown Square Partnership | 2.1* | $0.00 | 226 | 6/2/2017 | $51,046.80 | 275 |
| 94 | Frenchtown Square Partnership | 2.1* | $27,207.26 | 225 | 6/2/2017 | $22,874.59 | 275 |
| 95 | Great Plains Clinic Med. Enterpr. LLC | 2.1* | $5,237.23 | 140 | 5/9/2017 | $69,563.35 | 19 |
| 96 | Greeley Mall CO LLC | 2.1* | $4,345.50 | 111 | 4/25/2017 | $4,345.50 | 166 |
| 97 | Hayes Mall LLC | 2.1* | $6,028.63 | 6 | 3/17/2017 | $5,929.89 | 214 |
| 98 | Kennedy Mall Ltd | 2.1* | $0.00 | 228 | 6/2/2017 | $139,971.89 | 138 |
| 99 | Kennedy Mall Ltd | 2.1* | $10,968.40 | 227 | 6/2/2017 | $10,968.40 | 138 |
| 100 | Macerich South Plains LP | 2.1* | $11,564.95 | 310 | 6/30/2017 | $150,477.60 | 170 |
| 101 | Magic Valley Mall LLC | 2.1* | $7,506.21 | 294 | 6/29/2017 | $98,761.72 | 72 |
| 102 | Newgate Mall Equities LLC | 2.1* | $14,823.40 | 319 | 7/3/2017 | $173,440.80 | 78 |
| 103 | Nodana Petroleum Corp | 2.1* | $31,648.88 | 113 | 4/27/2017 | $29,145.00 | 20 |
| 104 | North Platte Assoc. LP | 2.1* | $3,243.59 | 7 | 3/17/2017 | $3,725.95 | 69 |
| 105 | NSP LLC | 2.1* | $4,492.74 | 10 | 3/21/2017 | $4,363.94 | 68 |
| 106 | Ohio Valley Mall Company | 2.1* | $0.00 | 224 | 6/2/2017 | $107,145.63 | 100 |
| 107 | Ohio Valley Mall Company | 2.1* | $12,962.40 | 223 | 6/2/2017 | $8,786.88 | 100 |
| 108 | PR Valley View LP | 2.1* | $14,402.60 | 107 | 4/24/2017 | $160,312.91 | 105 |
| 109 | Quincy Mall Inc. | 2.1* | $8,856.35 | 25 | 3/22/2017 | $8,856.35 | 147 |
| 110 | Renaissance Partners I LLC | 2.1* | $0.00 | 311 | 6/30/2017 | $163,330.99 | 165 |
| 111 | Rimrock Owner LP | 2.1* | $18,294.46 | 302 | 6/29/2017 | $278,913.46 | 15 |
| 112 | RPI Turtle Creek Mall LLC | 2.1* | $10,001.51 | 286 | 6/26/2017 | $141,602.09 | 209 |
| 113 | Silver Lake Mall LLC | 2.1* | $6,449.94 | 288 | 6/26/2017 | $86,733.18 | 13 |
| 114 | Southern Hills Mall LP | 2.1* | $26,905.51 | 313 | 6/30/2017 | $403,910.80 | 28 |
| 115 | Southgate Mall Associates LLP | 2.1* | $12,099.91 | 312 | 6/30/2017 | $51,288.99 | 126 |
| 116 | ST Mall Owner LLC | 2.1* | $0.00 | 307 | 6/30/2017 | $88,282.22 | 122 |
| 117 | Star-West Gateway LLC | 2.1* | $13,155.84 | 301 | 6/29/2017 | $291,138.40 | 60 |
| 118 | Taubman Auburn Hills Assoc LP | 2.1* | $28,291.02 | 169 | 5/12/2017 | $122,570.08 | 49 |
| 119 | Taubman Auburn Hills Assoc LP | 2.1* | $0.00 | 170 | 5/12/2017 | $9,105.18 | 49 |
| 120 | The Marketplace | 2.1* | $5,575.00 | 164 | 5/10/2017 | $55,404.00 | 185 |
| 121 | Urbanical Manhattan Town Center LLC | 2.1* | $11,886.89 | 218 | 5/24/2017 | $142,642.68 | 254 |
| 122 | 750 Citadel Drive Holdings, LLC | 2.1* | $14,640.18 | | | $14,640.18 | 164 |
| 123 | Aslan III Stones River, L.L.C. | 2.1* | $5,836.20 | | | $5,836.20 | 82 |
| 124 | Belt Highway, L.P. | 2.1* | $6,602.77 | | | $6,602.77 | 233 |
| 125 | Bemidji Holdings LLC | 2.1* | $5,950.99 | | | $5,950.99 | 9 |
| 126 | Central Square Mall, L.L.C. | 2.1* | $29,422.26 | | | $29,422.26 | 32 |
| 127 | Centro Richland LLC | 2.1* | $5,793.95 | | | $5,793.95 | 136 |
| 128 | College Square Maill Partners, LLC | 2.1* | $11,017.86 | | | $11,017.86 | 131 |
| 129 | Colombia Grand Forks, LLC | 2.1* | $13,802.14 | | | $13,802.14 | 3 |
| 130 | Gallatin Mall Group, L.L.C. | 2.1* | $6,198.33 | | | $6,198.33 | 16 |
| 131 | Garden City Plaza, LLC | 2.1* | $4,849.13 | | | $4,849.13 | 250 |
| 132 | GK Holiday Village, LLC | 2.1* | $13,305.14 | | | $13,305.14 | 36 |
| 133 | Hyman Family Trust | 2.1* | $4,574.84 | | | $4,574.84 | 35 |
| 134 | LSREF3 Spartan (Genesee) LLC | 2.1* | $10,288.11 | | | $10,288.11 | 276 |
| 135 | Midland Mall LLC | 2.1* | $7,757.44 | | | $7,757.44 | 277 |
| 136 | Oakwood Mall 2001, LLC | 2.1* | $3,242.68 | | | $3,242.68 | 190 |
| 137 | Peru GKD Partners, LLC | 2.1* | $3,408.33 | | | $3,408.33 | 140 |
| 138 | Quincy Place Holdings, LLC | 2.1* | $3,726.11 | | | $3,726.11 | 244 |
| 139 | Rockstep Aberdeen, LLC | 2.1* | $5,264.61 | | | $5,264.61 | 111 |
| 140 | Rockstep Scottsbluff LLC | 2.1* | $2,271.44 | | | $2,271.44 | 67 |
| 141 | Rockstep Willmar, LLC | 2.1* | $4,407.57 | | | $4,407.57 | 10 |
| 142 | Rubloff Tri-State Thunderbird Portfolio, LLC | 2.1* | $3,376.87 | | | $3,376.87 | 42 |
| 143 | Sunset Mall SPE, LP | 2.1* | $5,194.81 | | | $5,194.81 | 173 |
| 144 | Tri-County Mall, LLC | 2.1* | $2,181.66 | | | $2,181.66 | 124 |

**Class 4 - Effective Date Unsecured Claims**

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT | STORE # |
|---|---|---|---|---|---|---|---|
| 145 | U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, N.A | 2.1* | $5,620.61 | | | $5,620.61 | 133 |
| 146 | U.S. Bank NA, as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp | 2.1* | $5,909.74 | | | $5,909.74 | 77 |
| 147 | Valley West Mall, LLC | 2.1* | $7,633.33 | | | $7,633.33 | 245 |
| 148 | Viking Plaza Realty Group LLC | 2.1* | $5,866.59 | | | $5,866.59 | 31 |
| 149 | Washington Square Limited Partnership | 2.1* | $3,462.26 | | | $3,462.26 | 22 |
| 150 | Waterloo Owner LLC | 2.1* | $9,595.71 | | | $9,595.71 | 130 |
| 151 | Watertown Plaza LLC | 2.1* | $4,265.16 | | | $4,265.16 | 25 |
| 152 | Westgate Mall Realty Group, LLC | 2.1* | $7,460.49 | | | $7,460.49 | 8 |
| 153 | Westland Mall Partners, LLC | 2.1* | $7,178.29 | | | $7,178.29 | 139 |
| 154 | Westridge Mall Limited Partnership | 2.1* | $2,083.14 | | | $2,083.14 | 7 |
| **MERCHANTS, SERVICE PROVIDERS AND MISC.** | | | | | | | |
| 155 | AFLAC | 3.24 | $2,074.00 | | | $2,074.00 | |
| 156 | Alliant Energy | 3.31 | $2,791.13 | | | $2,791.13 | |
| 157 | American Solutions for Business | 3.39 | $3,047.76 | 204 and 267 | 4/24/2017 amended 5/18/2017 | $6,280.15 | |
| 158 | Anderson Bottrell Sanden  & Thompson | 3.45 | $292.50 | | | $292.50 | |
| 159 | Argo Partners (All Seasons Heating & Cooling) | 3.30 | $23,844.00 | | | $23,844.00 | |
| 160 | Artco Global Group LLC | 3.52 | $11,931.75 | 29 | 03/27/2017 | $11,926.15 | |
| 161 | B.E. Capital Management Fund LP (Finesse Novelty Corp) | 3.211 | $5,928.21 | 24 | 03/21/2017 | $16,206.90 | |
| 162 | BE Capital Management Fund LP, as assignee of Anfield Apparel Group, Inc. | 3.47 | $248,591.88 | 292 | | $249,841.09 | |
| 163 | BE Capital Management Fund LP (D.L. Morse & Associates, Inc.) | 3.176 | $137,033.32 | 47 | 04/03/2017 | $12,434.40 | |
| 164 | BE Capital Management Fund LP (D.L. Morse & Associates, Inc.) | 3.176 | | 48 | 04/03/2017 | $15,459.40 | |
| 165 | BE Capital Management Fund LP (D.L. Morse & Associates, Inc.) | 3.176 | | 49 | 04/03/2017 | $53,154.20 | |
| 166 | BE Capital Management Fund LP (D.L. Morse & Associates, Inc.) | 3.176 | | 50 | 04/04/2017 | $9,073.62 | |
| 167 | BE Capital Management Fund LP (D.L. Morse & Associates, Inc.) | 3.176 | | 53 | 04/04/2017 | $46,911.70 | |
| 168 | B.E. Capital Management Fund LP (Joe Benbasset Inc.) | 3.301 | $24,204.97 | 383 | 8/17/2017 | $24,204.97 | |
| 169 | BBC Apparel Group, LLC c/o Rosenthal & Rosenthal, Inc. | 3.308 | $63,869.33 | 137 | 05/08/2017 | $80,536.85 | |
| 170 | Bottrell Family Investments, LP | | | 304 and 341 | 6/30/2017 amended 10/4/17 | $215,328.92 | |
| 171 | Bottrell Family Investments, LP | | | 285 | 06/26/2017 | $3,588.40 | |
| 172 | Bradford Capital Holdings, LP - (Fantas Eyes Inc.) | 3.203 | $43,452.63 | 300 | 6/30/2017 | $48,856.78 | |
| 173 | Bradford Capital Holding, LP - (Mallory Alexander International Logistics NY L.L.C.) | 3.351 | $138,262.49 | 237 | 06/08/2017 | $44,132.22 | |
| 174 | Brown & Saenger | 3.97 | $4,603.44 | | | $4,603.44 | |
| 175 | Cavalini Inc. dba Ci Sono | 3.112 | $171,430.98 | 233 | 6/6/2017 | $177,004.50 | |
| 176 | Central Temperature Equipment Service Inc. | 3.118 | $2,520.21 | | | $2,520.21 | |
| 177 | Contempo Limited | 3.152 | $22,032.05 | 37 and 340 | 03/28/2017 | $23,519.19 | |
| 178 | CRG Financial LLC (Carmichael International) | 3.109 | $90,641.79 | | | $90,641.79 | |
| 179 | CRJ Solutions | 3.158 | $1,955.46 | | | $1,955.46 | |
| 180 | Dakota West Contracting | 3.164 | $1,525.00 | | | $1,525.00 | |
| 181 | Diamond B Companies, Inc. | 3.174 | | 280 | 06/26/2017 | $2,082.25 | |
| 182 | DLA Company, LLC | 3.177 | $77,383.00 | | | $77,383.00 | |
| 183 | Edgemine Inc. | 3.193 | $70,182.35 | 198 | 5/16/2017 | $86,166.00 | |
| 184 | Euler Hermes Agent for Finance One, Inc. | | | 43 | 3/31/2017 | $107,700.63 | |
| 185 | Euler Hermes Agent for Project 28 Clothing | 3.467 | $1,896.00 | 44 | 3/31/2017 | $3,557.50 | |
| 186 | Euler Hermes N. A. Agent for Active USA Inc. Claim 000409289 | 3.19 | $2,825.04 | 45 | 03/31/2017 | $3,060.00 | |
| 187 | Euler Hermes N.A. (Aimee Lynn) | 3.42 | $5,285.53 | 330 | 07/19/2017 | $5,412.00 | |
| 188 | Euler Hermes N.A. Agent for Bibby Financial Services (Brand Headquarters, LLC) | 3.88 | $185,707.75 | 277 | 6/23/2017 | $189,895.50 | |
| 189 | Euler Hermes N.A. Agent for E.L.I.S. LLC | 3.191 | $60,237.17 | 199 | 5/17/2017 | $61,496.50 | |
| 190 | Fashion Forms Ce Soir Lingerie Co. Inc. | 3.206 | $2,565.15 | | | $2,565.15 | |
| 191 | General Information Services | 3.23 | $3,559.00 | 168 | 05/12/2017 | $3,615.00 | |
| 192 | GreatAmerica Financial Services Corporation | | | 221 | 05/26/2017 | $330,298.54 | |
| 193 | Guru Knits, Inc. | 3.248 | $1,212.75 | 306 | 06/30/2017 | $17,013.00 | |
| 194 | Hana Financial, Inc.  (Heart & Hips) | | | 61 | 04/03/2017 | $17,670.00 | |
| 195 | H. E. Neumann Company | 3.249 | $196.10 | 322 | 07/06/2017 | $832.10 | |
| 196 | Home Heating-Plumbing Air Conditioning Inc | 3.267 | $1,904.50 | | | $1,904.50 | |
| 197 | HYFVE | 3.272 | $2,088.99 | | | $2,088.99 | |
| 198 | Jenna Barton | 3.292 | $18,000.00 | 105 | 04/12/2017 | $7,500.00 | |
| 199 | Jiangsu GTIG Esen Co., LTD | 3.295 | $32,591.00 | | | $32,591.00 | |
| 200 | Jiangsu Guotai Huasheng Industrial Co., Ltd. | 3.296 | $95,044.10 | 206 | 05/19/2017 | $95,206.10 | |
| 201 | Jiangsu Guotai International Group Guomao Co., Ltd | 3.297 | $59,065.00 | 207 | 05/19/2017 | $88,714.53 | |
| 202 | Jjiangsu Sainty Glorious Trade Co., Ltd | 3.298 | $89,992.20 | 212 | 05/23/2017 | $89,992.20 | |
| 203 | Just Julez Inc. | 3.309 | $8,367.24 | 84 | 04/11/2017 | $8,538.00 | |
| 204 | Justin Miller | 3.375 | $6,400.00 | | | $6,400.00 | |
| 205 | Karndean Designflooring | 3.314 | $32,293.42 | | | $32,293.42 | |
| 206 | Kash Apparel, LLC | 3.315 | $109,814.88 | 305 | 06/30/2017 | $82,300.00 | |

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT | STORE # |
|---|---|---|---|---|---|---|---|
| | | | **Class 4 - Effective Date Unsecured Claims** | | | | |
| 207 | Katherine Baber | | | 315 | 07/01/2017 | UNLIQUIDATED | |
| 208 | Latitude, LLC | | | 51 | 04/03/2017 | $23,500.00 | |
| 209 | LeVeck Lighting Products and Maintenance | 3.335 | $9,259.75 | 52 | 04/03/2017 | $10,015.61 | |
| 210 | Liaoning Chengda Co Ltd. | 3.129 | $275,351.35 | 56/333 | 3/30/2017; amended on 7/31/2017 | $305,731.15 | |
| 211 | Louisiana Dept of Revenue | | | | | $14,195.67 | |
| 212 | Lozier  Corporation | 3.343 | $26,708.34 | 298 | 06/29/2017 | $204,290.18 | |
| 213 | Lux Accessories Ltd | 3.345 | $14,997.95 | 266 | 6/20/2017 | $15,622.87 | |
| 214 | Magnetic Media Online | 3.347 | $11,608.44 | | | $11,608.44 | |
| 215 | Majco Apparel Inc. | 3.349 | $22,844.78 | 3 | 03/15/2017 | $22,844.78 | |
| 216 | Marco Technologies LLC | Schedule G - 2.38 | | 269 | 05/22/2017 | $125,042.55 | |
| 217 | Midnite Express Incorporated | 3.371 | $34,288.85 | 39 | 03/29/2017 | $34,288.85 | |
| 218 | Milberg Factors, Inc.
*Jade Marketing Group, Inc. - $33,612.45
*Just One - $5,670.00
*Carole Accessories - $10,030.80
*Pan Oceanic - $7,846.50
*KNY Clothing, Inc. dba Lashes - $21,308.50
*26 International Inc. - $53,684.40 | | | 88 | 04/13/2017 | $132,152.65 | |
| 219 | Mood Media North America | 3.383 | $4,690.92 | 134 | 05/05/2017 | $4,072.15 | |
| 220 | Motive Enterprise Inc. | 3.385 | $29,917.78 | | | $29,917.78 | |
| 221 | New York:  Worker's Compensation Board | | | | | $513.67 | |
| 222 | Ningbo Seduno Import & Export Co., Ltd. | 3.409 | $134,076.90 | 211 | 05/23/2017 | $134,076.90 | |
| 223 | Ohio:  State of Ohio | | | | | $2,667.35 | |
| 224 | Ohio:  Regional Income Tax Agency | | | | | $242.95 | |
| 225 | One Step Up | 3.426 | $1,822.32 | | | $1,822.23 | |
| 226 | Oracle America, Inc., Successor in Interest to NetSuite (Oracle) | 3.428 | $9,811.14 | 274 | 06/22/2017 | $9,713.89 | |
| 227 | Orion Fashions Inc. | 3.429 | $18,375.99 | | | $18,375.99 | |
| 228 | Palen Kimball, LLC | 3.438 | $7,218.00 | 332 | 7/28/2017 | $8,573.76 | |
| 229 | PepperJam | 3.445 | $5,487.31 | | | $5,487.31 | |
| 230 | Pomeroy IT Solutions Sales Company, Inc. | | | 290 | 06/28/2017 | $84,790.35 | |
| 231 | Pomeroy IT Solutions Sales Company, Inc. | 3.454 | $39,125.66 | 291 | 06/28/2017 | $20,948.56 | |
| 232 | Poof Apparel | 3.455 | $9,028.44 | 205 | 5/19/2017 | $5,220.00 | |
| 233 | Preference Employment Solutions, Inc. | 3.463 | $1,845.16 | | | $1,845.16 | |
| 234 | Revere Electric Supply d/b/a Nelson Electric | 3.402 | $58,803.82 | 96 | 04/19/2017 | $58,334.08 | |
| 235 | RGIS, LLC | 3.478 | $23,851.26 | 117 | 05/01/2017 | $23,851.26 | |
| 236 | Rosenthal & Rosenthal, Inc.
*GMA Accessories, Inc /Capelli - $7,830.00
*Jodi Kristopher, LLC/City Triangles - $13,496.40
*Tempted Apparel Corp - $31,907.60 | | | 136 | 05/08/2017 | $53,234.00 | |
| 237 | RR Donnelley Logistics Services Worldwide Inc. | 3.492 | $15,519.10 | | | $15,519.10 | |
| 238 | Sales Floor Live LLC | 3.497 | $4,760.00 | 284 | 06/26/2017 | $4,760.00 | |
| 239 | Sales Floor Live, LLC | | | 303 | 06/30/2017 | $7,495.70 | |
| 240 | Shine Imports | 3.517 | $8,749.64 | | | $8,749.64 | |
| 241 | Signorelli, Inc. | 3.520 | $4,947.43 | | | $4,947.43 | |
| 242 | SQA & KC International, S.W. | 3.534 | $117,095.32 | | | $117,095.32 | |
| 243 | Star of India | 3.540 | $4,611.88 | | | $4,611.88 | |
| 244 | State of California Department of Industrial Relations - Aide Guadalupe Martinez-Miranda (Case No. 633-125331/OV) | 3.541 | $74,135.00 | | | $74,153.00 | |
| 245 | State of California Department of Industrial Relations - Alba Luz Hernandez Lopez (Case No. WC-CM-182134) | 3.543 | $152,164.00 | | | $152,164.00 | |
| 246 | State of California Department of Industrial Relations - Diego Perez-Meza (Case No. WC-CM-157416) | 3.547 | $181,831.40 | | | $181,831.40 | |
| 247 | State of California Department of Industrial Relations - Gabriel Catalan Vargas (Case No. WC-CM-208859) | 3.542 | $83,738.50 | | | $83,738.50 | |
| 248 | State of California Department of Industrial Relations - Gloria Cendejas De Cachu (Case No. WC-CM-183664) | 3.552 | $70,917.50 | | | $70,917.50 | |
| 249 | State of California Department of Industrial Relations - Isabel Valazquez-Guerra (Case No. WC-CM-158918) | 3.556 | $44,070.76 | | | $44,070.76 | |
| 250 | State of California Department of Industrial Relations - Ismael Veliz-Herrera (Case No. WC-CM-156085) | 3.554 | $105,470.00 | | | $105,470.00 | |
| 251 | State of California Department of Industrial Relations - Jose Miguel Rodriguez (Case No. WC-CM-159253) | 3.557 | $189,190.50 | | | $189,190.50 | |
| 252 | State of California Department of Industrial Relations - Josue Garcia-Cruz (Case No. WC-CM-156087) | 3.548 | $114,149.50 | | | $114,149.50 | |

| | Class 4 - Effective Date Unsecured Claims | | | | | | |
|---|---|---|---|---|---|---|---|
| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT | STORE # |
| 253 | State of California Department of Industrial Relations - Justina Cortes Reyna (Case No. WC-CM-159267) | 3.553 | $77,389.00 | | | $77,389.00 | |
| 254 | State of California Department of Industrial Relations - Lucitana Chavac (Case No. WC-CM-156084) | 3.550 | $105,470.00 | | | $105,470.00 | |
| 255 | State of California Department of Industrial Relations - Magdalena Antonio (Case No. WC-CM-159398) | 3.544 | $71,201.00 | | | $71,201.00 | |
| 256 | State of California Department of Industrial Relations - Magdalena Solis (Case No. WC-CM-157222) | 3.546 | $99,131.50 | | | $99,131.50 | |
| 257 | State of California Department of Industrial Relations - Manuel Demetrio Sosa (Case No. WC-CM-184641) | 3.555 | $61,017.00 | | | $61,017.00 | |
| 258 | State of California Department of Industrial Relations - Maria de Monserrat Leyva-Gonzalez (Case No. WC-CM-159228) | 3.545 | $69,132.00 | | | $69,123.00 | |
| 259 | State of California Department of Industrial Relations - Miriam Perez (Case No. WC-CM-156086) | 3.551 | $201,552.50 | | | $201,552.50 | |
| 260 | State of California Department of Industrial Relations - Patricia Gomez-Arellano (Case No. WC-CM-158973) | 3.549 | $38,816.40 | | | $38,816.40 | |
| 261 | Stored Value Systems, Inc. a division of Comdata Inc. | 3.561 | $9,469.45 | 73 | 04/10/2017 | $9,469.45 | |
| 262 | Sun Ban Fashions Inc. | 3.567 | $6,245.01 | 275 | 6/22/2017 | $6,368.90 | |
| 263 | Suzhou Hengrun Imp & Exp Co | 3.569 | $26,491.80 | | | $26,491.80 | |
| 264 | TGC, LP | D 2.1 | $5,248,777.43 | 281 | 6/26/2017 | $5,248,777.43 | |
| 265 | The CIT Group/Commercial Services, Inc. *Ballet Group - $61,632.75 *East Lion Corp - $2,570.40 *Famma Group, Inc. - $35,915.10 *IKEDDI Imports - $4,009.00 *Kash Apparel - $45,676.60 *Poof Apparel - $4,008.00 *Stony Apparel - $1,797.00 | | | 38 | 03/29/2017 | $155,608.85 | |
| 266 | TRC Master Fund LLC (R.J. Acquisition, d/b/a The Ad Art Company) | 3.584 | $58,205.43 | 329 | 07/17/2017 | $58,205.43 | |
| 267 | TRC Master Fund LLC (Icon Eyewear) | 3.273 | $85,334.66 | | | $85,334.66 | |
| 268 | Tyco Integrated Security, LLC | | | 60 | 04/03/2017 | $1,664.88 | |
| 269 | United Parcel Service, Inc. | 3.597 | $198,803.62 | 318 | 07/01/2017 | $183,000.00 | |
| 270 | US Customs Service | | | | | $180,367.00 | |
| 271 | Veritiv Operating Co. | 3.607 | $2,365.00 | 201 | 05/08/2017 | $2,365.00 | |
| 272 | UPS Supply Chain Solutions | 3.599 | $3,727.03 | | | $3,727.03 | |
| 273 | West Coast Trucking, Inc. | 3.625 | $3,005.00 | | | $3,005.00 | |
| 274 | Westcoast Warehousing LLC | 3.626 | $6,414.75 | | | $6,414.75 | |
| 275 | Westman Champlin Koehler | 3.628 | $9,012.90 | | | $9,012.90 | |
| UTILITY COMPANIES | | | | | | | |
| 276 | Ameren Missouri | 3.36 | $1,603.34 | 14 | 03/17/2017 | $1,753.41 | |
| 277 | Avista Utilities | 3.61 | $1,514.39 | 320 | 07/05/2017 | $1,631.34 | |
| 278 | CenturyLink Communications, LLC f/k/a Qwest Communications Company, LLC | 3.119 | $1,694.72 | 70 | 04/10/2017 | $2,000.89 | |
| 279 | City of Peru | 3.137 | $1,533.16 | | | $1,533.16 | |
| 280 | Dayton Power and Light Company | 3.168 | $1,271.67 | 293 | 06/28/2017 | $2,298.87 | |
| 281 | Duke Energy | 3.185 | $1,695.33 | | | $1,695.33 | |
| 282 | Mon Power | 3.380 | $1,219.50 | 325 | 07/07/2017 | $1,214.95 | |
| 283 | Montana-Dakota Utilities Co. | 3.381 | $1,411.65 | 83 | 04/11/2017 | $2,336.70 | |
| 284 | Northern States Power Company, a Minnesota Corporation, d/b/a Xcel Energy | 3.642 | $4,445.99 | 18 | 03/20/2017 | $14,505.46 | |
| 285 | Northwestern Energy | 3.415 | $1,680.50 | | | $1,680.50 | |
| 286 | Ohio Edison | 3.422 | $944.61 | 324 | 07/07/2017 | $251.85 | |
| 287 | Qwest Corporation dba CenturyLink QC | 3.120 and 3.121 | $2,684.99 | 79 | 04/10/2017 | $3,013.29 | |
| 288 | The Illuminating Company | 3.586 | $585.43 | 326 | 07/07/2017 | $280.57 | |
| 289 | Waste Management | 3.618 and 3.619 | $3,216.93 | 230 | 06/01/2017 | $3,228.95 | |
| 290 | Wisconsin Power & Light Company | | | 239 | 06/12/2017 | $3,835.51 | |
| LATE OR DUPLICATIVE | | | | | | | |
| 292 | Ashley Erickson | 3.1 | | 365 | 3/29/2018 | $19.48 | |
| 293 | Cheryl Maxwell | 3.1 | | 338 | 08/25/2017 | $58.76 | |
| 294 | Guru Knits, Inc. | | | 308 | 07/03/2017 | $17,013.00 | |
| 295 | Jaclyn Mize | 3.1 | | 357 | 1/22/2018 | $150.00 | |
| 296 | Jennifer Brettschneider | 3.1 | | 360 | 2/16/2018 | $52.08 | |
| 297 | Jessica Wegner | 3.1 | | 359 | 2/13/2018 | $150.00 | |
| 298 | Kate Summers | 3.1 | | 363 | 3/20/2018 | $34.95 | |
| 299 | Kendall Riley | 3.1 | | 370 | 05/16/2018 | $1,366.00 | |
| 300 | Liberty Mutual Insurance | | | 323 | 07/05/2017 | UNLIQUIDATED | |

| NO. | CREDITOR NAME | SCHEDULE E/F CREDITOR # | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | DATE POC FILED | CLAIM AMOUNT | STORE # |
|---|---|---|---|---|---|---|---|
| | **Class 4 - Effective Date Unsecured Claims** | | | | | | |
| 301 | Lindsay Doyle | 3.1 | | 342 | 10/12/2017 | $200.00 | |
| 302 | Mary Jo Crandell | 3.1 | | 355 | 1/16/2018 | $32.22 | |
| 303 | Melissa Clement | 3.1 | | 331 | 07/24/2017 | $25.00 | |
| 304 | Nellie Ouellet | 3.1 | | 339 | 9/18/2017 | $100.00 | |
| 305 | Patricia Ann Draper | 3.1 | | 358 | 1/23/2018 | $50.00 | |
| 306 | Planet Gold Clothing Co, Inc. (Golden Touch) | 3.237 | | 328 | 07/18/2017 | $1,782.00 | |
| 307 | Project 28 Clothing LLC | 3.467 | $1,896.00 | 67 | 04/07/2017 | $3,577.50 | |
| 291 | Quincy Mall Inc. | 2.1* | $0.00 | 34 | 3/28/2017 | $8,856.35 | 147 |
| 308 | Ranae Wiggins | 3.1 | | 354 | 1/4/2018 | $100.00 | |
| 309 | Sherri Heinert | 3.1 | | 368 | 4/24/2018 | $20.00 | |
| 310 | Sherri L. Stark | 3.1 | | 367 | 4/3/2018 | $200.00 | |
| 311 | Trina Anderson | 3.1 | | 356 | 2/6/2018 | $50.00 | |
| | | | | | | | |
| **TOTALS:** | | | **$11,563,216.95** | | | **$25,461,126.39** | |