**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Vanity Shop of Grand Forks, Inc.,<br><br>Debtor. | Case No.: 17-30112<br><br>Chapter 11 |

**DEBTOR'S FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

Debtor Vanity Shop of Grand Forks, Inc. ("**Debtor**") hereby files this Fifth Omnibus Objection (the "**Objection**") seeking entry of an order disallowing, reducing and/or reclassifying, as applicable, the claims listed on **Exhibit A** annexed to the Proposed Order attached hereto as **Exhibit 1**. The claims listed on **Exhibit A** are collectively referred to herein as the "**Disputed Claims**," and **Exhibit A** is incorporated herein by reference. In further support of this Objection, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Chapter 11 case and this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rules 3007 and 9014.

**BACKGROUND**

*A.      General Background*

3.      On March 1, 2017 (the "**Petition Date**"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and

manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee or examiner has been appointed in this Chapter 11 case.

### B.     *Schedules and Claims.*

4.     On March 27, 2017, the Debtor filed its Schedules of Assets and Liabilities [Doc. 188] (including any amendments thereto, the "**Schedules**").

5.     On March 6, 2017, the Court entered an order [Doc. 100] appointing Kurtzman Carson Consultants, LLC ("**KCC**") as claims and noticing agent in this Chapter 11 case. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in this Chapter11 case and (b) maintain the official claims register for the Debtor.

6.     On March 3, 2017, the Notice of Chapter 11 Bankruptcy Case [Doc. 102] was mailed to all creditors (the "**Notice**") and provided that the deadline for filing proofs of claims for creditors and governmental units was July 3, 2017 (the "**Bar Date**").

7.     On October 3, 2017, the Court entered an Order Pursuant to Bankruptcy Code Section 105 and Bankruptcy Rule 3007 Approving Claim Objection Procedures (the "**Claim Procedures Order**") [Doc. 429]. A copy of the Claim Procedures Order is included with this Objection.

8.     The Debtor and its attorneys have been reviewing and reconciling the filed proof of claims with the Debtor's books and records to determine the validity of the asserted claims. This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, expungement, reduction and/or other modification. To avoid possible double or otherwise improper recovery by claimants, the Debtor is filing this omnibus Objection to the Disputed Claims and anticipates filing additional omnibus objections.

9. By this Objection, the Debtor seeks entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014, disallowing, or reducing and/or reclassifying, as applicable, the claims indicated on **Exhibit A** to the Proposed Order.

## CLAIM OBJECTIONS – BASIS FOR RELIEF

10. 11 U.S.C. § 501 provides for the filing of claims in bankruptcy, and § 502 governs the process for determining whether claims are allowed. *In re Sears*, 863 F.3d 973, 977 (8th Cir. 2017). A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. *In re Dove–Nation*, 318 B.R. 147, 152 (8th Cir. BAP 2004); *Consumers Realty & Dev. Co., Inc. v. Goetze*, 238 B.R. 418 (8th Cir. BAP 1999); Fed.R.Bankr.P. 3001(f). The objecting party must produce evidence rebutting the claim or else the claimant will prevail. *In re Gran*, 964 F.2d 822, 827 (8th Cir. 1992). Once the objecting party produces evidence rebutting the claim, the burden of proof shifts to the claimant to produce evidence establishing the validity of the claim. *Id.* "Thus, once an objection is made to the proof of claim, the ultimate burden of persuasion as to the claim's validity and amount rests with the claimant." *Consumers Realty & Dev. Co., Inc.*, 238 B.R. at 423.

11. The Disputed Claims identified in the column titled "Claims with Amounts Modified" on **Exhibit A** to the Proposed Order (the "**Modified Amount Claims**") are landlord claims that the Debtor has determined are incorrectly calculated, do not match the Debtor's books and records, or require additional supporting documentation to support the damages asserted for rejection of the subject leases. The Debtor requires each claimant/landlord to provide the information required by the Claims Procedure Order [Doc. 429] and as set forth in paragraph 15 below, and provide updated information as to the claimant/landlord's efforts to mitigate damages by re-leasing of the premises, etc. As described in the column titled "*Description*" on

3

**Exhibit A** to the Proposed Order, after conducting a review and analysis of the Disputed Claims, the Debtor has determined that the amount of the claims should be adjusted as set forth under the column "Modified Claim Amount" on **Exhibit A** to the Proposed Order. Failure to reduce or otherwise adjust the Disputed Claims as set forth on **Exhibit A** of the Proposed Order will result in the applicable claimants receiving an unwarranted recovery against the Debtor estate, to the detriment of other creditors in this Chapter 11 case. Accordingly, the Debtor requests entry of the Proposed Order modifying the Disputed Claims as indicated on **Exhibit A** to the Proposed Order.

## SEPARATE CONTESTED MATTERS

12. To the extent that a response to this objection is filed by any claimant and the Debtor is unable to resolve the dispute raised by said response, each such claim and the objection by the Debtor, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the objections shall be deemed a separate order with respect to each claim.

13. Pursuant to the Claim Procedures Order [Doc. 429], each landlord is required to provide the following information (to the extent it has not already been provided in the landlord's Proof of Claim) as part of any response to the Debtor's objection:

    a. Lease start date;

    b. Lease end date;

    c. Monthly rent for the lease, including a breakdown of utilities, insurance, common area maintenance, real estate taxes, etc.;

    d. Claimed gross rent remaining under the lease including a breakdown of utilities, insurance, common area maintenance, real estate taxes, etc.;

    e. Efforts by landlord to mitigate its damages, such as re-leasing of the premises or sale of the real property;

4

  f.  Amount of any security deposit or other credit owed to Debtor;

  g.  Amount claimed for pre-petition rent or other damages (*i.e.*, through February 28, 2017); and

  h.  Detailed calculation of the landlord's rejection damages.

## **RESERVATION OF RIGHTS**

14. The Debtor hereby reserves the right to object in the future to any of the proofs of claim listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including to object to amended or newly filed claims. A separate hearing will be scheduled for any such objection.

## **NOTICE**

15. Notice of the filing of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Unsecured Creditor Committee; and (c) those claimants whose claims are the subject of the applicable omnibus claim objection and their counsel, if known. Upon request, Debtor will provide any party in interest with a complete copy of any individual or omnibus claim objection (free of charge). A copy of the Objection will also be available on the website of the Debtor's notice and claims agent, Kurtzman Carson Consultants, LLC, at http://www.kccllc.net/vanity. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

16. WHEREFORE, the Debtor respectfully request the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, and grant such other and further relief as this Court deems just and proper.

5

Dated:  August 24, 2018.  **VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Jon R. Brakke (#03554)
jbrakke@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
*COUNSEL TO DEBTOR IN POSSESSION*

3370229.1

6

# **EXHIBIT 1**

**(Proposed Order)**

Case 17-30112 Doc 864 Filed 08/24/18 Entered 08/24/18 11:05:23 Desc Main
Document Page 7 of 15

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Vanity Shop of Grand Forks, Inc.,<br><br>Debtor. | Case No.: 17-30112<br><br>Chapter 11 |

**ORDER DISALLOWING CLAIMS AS SET FORTH IN THE DEBTOR'S <u>FIFTH</u> OMNIBUS OBJECTION TO CERTAIN CLAIMS**

Debtor filed its <u>Fifth</u> Omnibus Objection to Certain Claims (the "**Objection**") seeking entry of an order disallowing, modifying and/or reclassifying, certain Disputed Claims pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules. [Doc. __] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b) and the Court has authority to enter a final order consistent with Article III of the United States Constitution.

After considering the Objection and reviewing other filings in this case, the Court finds cause for granting the relief provided in this Order and

IT IS ORDERED:

1. The Objection is sustained to the extent set forth herein.

2. The claim amounts identified in the proofs of claim listed on **<u>Exhibit A</u>** are hereby modified and adjusted to the amounts set forth in the column entitled "Modified Claim Amount."

3. Kurtzman Carson Consultants, LLC, the Debtor's claims and noticing agent, shall update the claims register to reflect the relief granted in this Order.

4. The Debtor's right to file additional objections to the Disputed Claims or any other proofs of claim that have been or may be asserted against the Debtor is preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtor's right to object on other stated grounds or on any other grounds that the Debtor discovers during the pendency of this Chapter 11 case is further preserved.

5. Each Disputed Claim and the objections by the Debtor to such Disputed Claim, addressed in the Objection and as set forth in **Exhibit A** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each Disputed Claim. Any stay of this Order pending appeal by any Claimant whose Disputed Claim is subject to this Order shall only apply to the contested matter that involves such claimant and Disputed Claim and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters or Disputed Claims listed in the Objection or this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable, and the time to appeal this Order shall commence upon its entry. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Court shall retain jurisdiction with respect to all matters related to or arising from the Objection or the implementation of this Order.

Dated this ___ day of _____, 2018.

_____
SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

2

# **EXHIBIT A**

**(Disputed Claims)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **CLAIMS WITH AMOUNTS MODIFIED** |

| SEQ NO. | NAME | CLAIM NO. | DATE FILED | ASSERTED CLAIMS | | MODIFIED CLAIM AMOUNT | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 1 | Amarillo Mall LLC<br>C/O Gregory Greenfield & Assoc Ltd<br>ATTN: Amy Kuehn<br>124 Johnson Ferry Road NE<br>Atlanta, GA 30328<br><br>Kelley Drye & Warren LLP<br>ATTN: Robert LeHane, Esq.<br>101 Park Ave<br>New York, NY 10178 | 166 | 5/11/2017 | General Unsecured | $43,747.99 | General Unsecured | $1,414.70 | Store #171, Amarillo, TX; Claimant did not provide a breakdown as to the calculation of the "rent reserved" monthly amount for purposes of the statutory cap 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages and is including $4,000 in pre-petition attorney's fees. |
| 2 | Birchwood Mall LLC<br>C/O Rouse Properties LLC<br>200 Vesey St, 25th Floor<br>New York, NY 10281<br><br>Kelley Drye & Warren LLP<br>ATTN: Robert LeHane, Esq.<br>101 Park Ave<br>New York, NY 10178 | 287 | 6/26/2017 | General Unsecured | $4,559.07 | General Unsecured | $4,200.52 | Store #223; Fort Gratiot, MI; Debtor's books and records do not support the additional $358.55 claimed as owing. |
| 3 | C. Michelle Panovich as court-appointed receiver<br>C/O Robert D. Tepper Esq.<br>Schenk Annes Tepper Campbell Ltd.<br>311 S. Wacker Dr., Ste 2500<br>Chicago, IL 60606 | 243 | 6/15/2017 | General Unsecured | $64,421.29 | General Unsecured | $4,583.33 | Store #51; Wausau, WII; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Claimant was paid for post-petition rent in the total sum of $4,583.33 (Chk# 666132). |
| 4 | Cache Valley LLC<br>C/O Rouse Properties LLC<br>200 Vesey St, 25th Floor<br>New York, NY 10281<br><br>Kelley Drye & Warren LLP<br>ATTN: Robert LeHane, Esq.<br>101 Park Ave<br>New York, NY 10178 | 283 | 6/26/2017 | Priority Claim<br><br>General Unsecured | $3,727.08<br><br>$84,102.39 | Priority Claim<br><br>General Unsecured | $0.00<br><br>$0.00 | Store #88; Logan, UT; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Debtor's books and records show a credit of $21,739.50 as of 2/28/17. |
| 6 | Central Mall Realty Holding LLC<br>2259 S. 9th St., Ste 110<br>Salina, KS 67401 | 118 | 5/1/2017 | General Unsecured | $372,389.29 | General Unsecured | $7,719.11 | Store # 251; Salina, KS; Claimant did not provide any calculation for lease rejection damages which are capped under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Claimant appears to be claiming the entirety of the lease rejection damages are entitled to priority under 11 U.S.C. 507(a) which is incorrect. |
| 7 | Colony Square Mall LLC<br>C/O Joseph C. Pickens, Esq.<br>Taft Law<br>65 East State St, Ste. 1000<br>Columbus, OH 43215 | 197 | 5/16/2017 | General Unsecured | $63,768.24 | General Unsecured | $5,967.13 | Store #152; Zanesville, OH; Claimant has not provided information as to mitigation of damages. |

| | | | | CLAIMS WITH AMOUNTS MODIFIED | | | |
|---|---|---|---|---|---|---|---|
| SEQ NO. | NAME | CLAIM NO. | DATE FILED | ASSERTED CLAIMS | | MODIFIED CLAIM AMOUNT | DESCRIPTION |
| 8 | Conestoga Mall 2002 LLC<br>C/O John D. Elrod<br>Greenberg Traurig, LLP<br>Terminus 200<br>333 Piedmon Road NE, Ste 2500<br>Atlanta, GA 30305 | 316 | 7/1/2017 | General Unsecured | $88,525.33 | General Unsecured $6,976.17 | Store #65; Grand Island, NE; Claimant did not provide a detailed breakdown of utilities such as insurance, CAM, property taxes as to the calculation of the "rent reserved" monthly amount for purposes of the statutory cap 11 U.S.C. 502(b)(6). Claimant's prepetition amount of $11,788.07 does not match Debtor's books and records which shows $6,976.17 due and owing. Additionally, Claimant has not provided information as to mitigation of damages. |
| 9 | Crossroads Mall 1999 LLC<br>C/O John D. Elrod<br>Greenberg Traurig, LLP<br>Terminus 200<br>333 Piedmon Road NE, Ste 2500<br>Atlanta, GA 30305 | 317 | 7/1/2017 | General Unsecured | $22,300.63 | General Unsecured $4,662.87 | Store #132; Fort Dodge, IA; Claimant asserts the "rent reserved" monthly amount should include 10% of Debtor's annual sales for 2016 for purposes of calculating the statutory cap under 11 U.S.C. 502(b)(6). Claimant's prepetition amount of $5,261.15 does not match Debtor's books and records which shows $4,662.87 due and owing. Additionally, Claimant has not provided information as to mitigation of damages. |
| 10 | Forth Smith Mall LLC<br>C/O Gregory Greenfield & Assoc Ltd<br>ATTN: Amy Kuehn<br>124 Johnson Ferry Road NE<br>Atlanta, GA 30328<br><br>Kelley Drye & Warren LLP<br>ATTN: Robert LeHane, Esq.<br>101 Park Ave<br>New York, NY 10178 | 167 | 5/11/2017 | General Unsecured | $151,720.41 | General Unsecured $11,299.31 | Store #210, Fort Smith, AR; Claimant is including utilities such as marketing, trash, etc. in the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). The lease expired 2/28/18 and thus, Claimant is incorrectly including March 2017 rent (which was paid post-petition) in the damages calculation. Additionally, Claimant has not provided information as to mitigation of damages and is including $4,000 in pre-petition attorney's fees. |
| 11 | Frenchtown Square P'ship<br>5577 Youngstown-Warren Rd<br>Niles, OH 44466<br><br>Attorney Richard T. Davis | 226 | 6/2/2017 | General Unsecured | $51,046.80 | General Unsecured $0.00 | Store #275; Monroe, MI; Claimant is including utilities such as fire safety systems, trash, etc. in the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Prepetition amounts owing were identified in Claim No. 225 which is not being objected to by Debtor. |
| 12 | Great Plains Clinic Medical Enterprises LLC<br>C/O GPCME, LLC<br>PO Box 2121<br>Dickinson ND 58602<br><br>Attorney Sean O. Smith | 140 | 5/9/2017 | General Unsecured | $69,563.35 | General Unsecured $5,237.23 | Store #19; Dickinson, ND; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 13 | Kennedy Mall Ltd<br>5577 Youngstown-Warren Rd.<br>Niles, OH 44446<br><br>Attorney Richard T. Davis | 228 | 6/2/2017 | General Unsecured | $139,971.89 | General Unsecured $0.00 | Store #138; Dubuque, IA; Claimant is including utilities such as water/sewer, fire safety systems, trash, marketing, media fund, and sprinkler system in the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Prepetition amounts owing were identified in Claim No. 227 which is not being objected to by Debtor. |

Case 17-30112 Doc 964 Filed 08/24/18 Entered 08/24/18 11:05:23 Desc Main Document Page 12 of 15

| | | | | CLAIMS WITH AMOUNTS MODIFIED | | | | |
|---|---|---|---|---|---|---|---|---|
| SEQ NO. | NAME | CLAIM NO. | DATE FILED | ASSERTED CLAIMS | | MODIFIED CLAIM AMOUNT | | DESCRIPTION |
| 14 | Macerich South Plains LP<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 310 | 6/30/2017 | General Unsecured | $150,477.60 | General Unsecured | $11,564.95 | Store # 170; Lubbock, TX; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Additionally, Claimant is including $3,250.00 for attorney's fees in its prepetition unsecured claim. |
| 15 | Magic Valley Mall LLC<br>C/O Woodbury Corp<br>ATTN: Chris Mancini<br>2733 E Parleys Way, Ste. 300<br>Salt Lake City, UT 84109 | 294 | 6/29/2017 | General Unsecured | $98,761.72 | General Unsecured | $7,279.20 | Store #72; Twin Falls, ID; Claimant did not provide a detailed breakdown of utilities such as insurance, CAM, property taxes as to the calculation of the "rent reserved" monthly amount for purposes of the statutory cap 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 16 | Newgate Mall Equities LLC and Newgate Mall Holdings LLC<br>C/O Time Equities<br>55 Fifth Ave, 15th Floor<br>New York, NY 10003<br><br>Attorney Douglas J. Payne | 319 | 7/3/2017 | General Unsecured | $173,440.80 | General Unsecured | $14,453.40 | Store #78; Ogden, UT; Claimant is including utilities such as water/sewer in the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 17 | Ohio Valley Mall Co.<br>5577 Youngstown-Warren Rd.<br>Niles, OH 44446<br><br>Attorney Richard T. Davis | 224 | 6/2/2017 | General Unsecured | $107,145.63 | General Unsecured | $0.00 | Store #100; St. Clairsville, OH; Claimant is including utilities such as water/sewer, fire safety systems, security, trash, marketing, media fund, and sprinkler system in the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. Prepetition amounts owing were identified in Claim No. 223 which is not being objected to by Debtor. |
| 18 | PR Valley View LP<br>C/O Jeffrey Kurtzman Esq.<br>401 S. 2nd Street, Ste. 200<br>Philadelphia, PA 19147 | 2/107 | 4/24/2017 | Priority Claim<br><br>General Unsecured | $13,386.11<br><br>$160,312.91 | Priority Claim<br><br>General Unsecured | $0.00<br><br>$2,910.72 | Store # 105; LaCrosse, WI; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Claimant was paid for post-petition rent in the total sum of $14,309.29 (Chk# 666097). Additionally, Claimant has not provided information as to mitigation of damages |
| 19 | Quincy Mall Inc.<br>C/O Jeff Krumpe Esq.<br>416 Main, Ste. 1125<br>Peoria, IL 61602 | 25 | 3/22/2017 | General Unsecured | $8,856.35 | General Unsecured | $0.00 | Store #147; Quincy, IL. Duplicate of POC #34. Debtor is not objecting to Claim No. 34. |
| 20 | Renaissance Partners I LLC<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 311 | 6/30/2017 | Priority Claim<br><br>General Unsecured | $12,733.59<br><br>$163,330.99 | Priority Claim<br><br>General Unsecured | $0.00<br><br>$0.00 | Store # 165; Pueblo, CO; Claimant is including electricity, water and sewer in the calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Debtor shows a credit balance of $2,473.36 on its books and records. Additionally, Claimant has not provided information as to mitigation of damages and is including $3,250.00 for attorney's fees in its prepetition unsecured claim. |

| | | | | CLAIMS WITH AMOUNTS MODIFIED | | | |
|---|---|---|---|---|---|---|---|
| SEQ NO. | NAME | CLAIM NO. | DATE FILED | ASSERTED CLAIMS | | MODIFIED CLAIM AMOUNT | DESCRIPTION |
| 21 | Rimrock Owner LP<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 302 | 6/29/2017 | Priority Claim<br><br>General Unsecured | $37,625.08<br><br>$278,913.46 | Priority Claim $0.00<br><br>General Unsecured $18,299.46 | Store # 15; Billings, MT; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages and is including $3,500 for attorney's fees in its prepetition unsecured claim. Claimant was paid for post-petition rent in the total sum of $27,449.20 (Chk# 666051 - $18,299.46 and Chk# 666486 - $9,149.74). |
| 22 | RPI Turtle Creek Mall LLC<br>C/O Rouse Properties LLC<br>200 Vesey St, 25th Floor<br>New York, NY 10281<br><br>Kelley Drye & Warren LLP<br>ATTN: Robert LeHane, Esq.<br>101 Park Ave<br>New York, NY 10178 | 286 | 6/26/2017 | General Unsecured | $141,602.09 | General Unsecured $10,001.51 | Store #209; Jonesboro, AR; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 23 | Silver Lake Mall LLC<br>C/O Rouse Properties LLC<br>200 Vesey St, 25th Floor<br>New York, NY 10281<br><br>Kelley Drye & Warren LLP<br>ATTN: Robert LeHane, Esq.<br>101 Park Ave<br>New York, NY 10178 | 288 | 6/26/2017 | General Unsecured | $86,733.18 | General Unsecured $6,449.94 | Store #13; Coeur d'Alene, ID; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 24 | Southern Hills Mall LP<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 313 | 6/30/2017 | Priority Claim<br><br>General Unsecured | $56,078.12<br><br>$403,910.80 | Priority Claim $0.00<br><br>General Unsecured $21,164.00 | Store # 28; Sioux City, IA; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages and is including $3,250.00 for attorney's fees in its prepetition unsecured claim. Claimant was paid for post-petition rent in the total sum of $40,358.28 (Chk# 666113 - $26,905.51 and Chk# 666487 - $13,452.77). |
| 25 | Southgate Mall Associates LLP<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 312 | 6/30/2017 | Priority Claim<br><br>General Unsecured | $16,810.29<br><br>$51,288.99 | Priority Claim $0.00<br><br>General Unsecured $0.00 | Store # 126; Missoula, MT; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6) or state law damages. Additionally, Claimant has not provided information as to mitigation of damages and is including $3,250.00 for attorney's fees in its prepetition unsecured claim. Claimant was paid for post-petition rent in the total sum of $18,035.80 (Chk# 666117 - $12,023.85 and Chk# 666488 - $6,011.95). |
| 26 | ST Mall Owner LLC<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 307 | 6/30/2017 | Priority Claim<br><br>General Unsecured | $50.68<br><br>$88,282.22 | Priority Claim $0.00<br><br>General Unsecured $0.00 | Store # 122; Sandy, UT; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages and is including $3,500.00 for attorney's fees in its prepetition unsecured claim. Debtor's books and records do not show a charge for $50.68 for postpetition rent. |

| | | | | CLAIMS WITH AMOUNTS MODIFIED | | | |
|---|---|---|---|---|---|---|---|
| SEQ NO. | NAME | CLAIM NO. | DATE FILED | ASSERTED CLAIMS | | MODIFIED CLAIM AMOUNT | DESCRIPTION |
| 27 | Star-West Gateway LLC<br>C/O Dustin Branch Esq.<br>Ballard Spahr LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA 90067-2909 | 301 | 6/29/2017 | Priority Claim<br><br>General Unsecured | $13,575.36<br><br>$291,138.40 | Priority Claim $0.00<br><br>General Unsecured $13,155.84 | Store # 60; Lincoln, NE; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages and is including $3,250.00 for attorney's fees in its prepetition unsecured claim. Claimant was paid for post-petition rent in the total sum of $13,125.84 (Chk# 666121). |
| 28 | Taubman Auburn Hills Associates Limited Partnership<br>PO Box 67000<br>Department 124501<br>Detroit, MI 48267-1245<br><br>Attorney Andrew S. Conway | 169 | 5/12/2017 | General Unsecured | $122,570.08 | General Unsecured $10,967.20 | Store #49; Auburn Hills, MI; Claimant did not provide information as to calculation of the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 29 | Taubman Auburn Hills Associates Limited Partnership<br>PO Box 67000<br>Department 124501<br>Detroit, MI 48267-1245<br><br>Attorney Andrew S. Conway | 170 | 5/12/2017 | Priority Claim | $9,105.18 | Priority Claim $0.00 | Store #49; Auburn Hills, MI; Claimant was paid for post-petition rent in the total sum of $13,950.36 (Chk# 666124 - $9,300.24 and Chk# 666489 - $4,650.12). |
| 30 | The Marketplace<br>C/O Donald C. Cowan, JR.<br>1265 Scottsville Road<br>Rochester, NY 14624 | 164 | 5/10/2017 | General Unsecured | $55,404.00 | General Unsecured $5,575.00 | Store #185; Rochester, NY; Claimant did not provide a breakdown as to the calculation of the "rent reserved" monthly amount for purposes of the statutory cap 11 U.S.C. 502(b)(6). Additionally, Claimant has not provided information as to mitigation of damages. |
| 31 | Urbanical Manhattan Town Center LLC<br>C/O Principal Real Estate Inv<br>ATTN: Donna Jacobson<br>711 High Street<br>Des Moines, IA 50392<br><br>Alan Kress Esq.<br>Principal Life Ins Co.<br>801 Grand Ave.<br>Law Dept. G-7<br>Des Moines, IA 50392-0301 | 218 | 5/24/2017 | Priority Claim<br><br>General Unsecured | $11,503.80<br><br>$142,642.68 | Priority Claim $0.00<br><br>General Unsecured $11,886.89 | Store # 254; Manhattan KS; Claimant is including utilities such as electric, marketing, water, etc. in the "rent reserved" monthly amount for purposes of the statutory cap under 11 U.S.C. 502(b)(6). Claimant was paid for post-petition rent in the total sum of $11,886.89 (Chk# 666127). Additionally, Claimant has not provided information as to mitigation of damages. |
| | | | | TOTAL Priority<br>TOTAL General Unsecured | $174,595.29<br>$3,680,928.58 | $0.00<br>$185,768.48 | |