UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: <br><br> Vanity Shop of Grand Forks, Inc., <br><br>　　　　　Debtor. | Case No.: 17-30112 <br><br> Chapter 11 |

### ORDER CONFIRMING DEBTOR'S THIRD PLAN OF LIQUIDATION DATED JULY 18, 2018

Debtor filed its Disclosure Statement with Respect to Chapter 11 Plan of Liquidation of Vanity Shop of Grand Forks, Inc. dated April 9, 2018 [Doc. 645], which the Court approved on April 11, 2018 [Doc. 655]. It supplemented the disclosure statement on July 11, 2018, with information about a new plan administrator and revisions to the classification of claims and interests. Doc. 782. At a hearing on July 16, 2018, the Court found that the Disclosure Statement dated April 9, 2018, together with the supplement filed July 11, 2018, provided adequate information as required by 11 U.S.C. § 1125.

Debtor filed its Third Plan of Liquidation dated July 18, 2018 ("*Plan*").[1] Doc. 799. The Court entered an Amended Order Setting Deadline for Return of Ballots and Objections to Confirmation dated July 19, 2018 ("*Confirmation Hearing Order*") [Doc. 803], ordering Debtor to serve the Disclosure Statement and Disclosure Statement Supplement, Plan, Ballots and Confirmation Hearing Order. In its Confirmation Hearing Order, the Court also set

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to these terms in the Plan.

deadlines for objections and voting on the plan, and it scheduled the confirmation hearing. In its Confirmation Hearing Order, the Court advised: "If the Court receives no written objections and the requirements of 11 U.S.C. § 1129 and other applicable provisions of the Bankruptcy Code are met, the Court may confirm the plan without a hearing." Doc. 803 at 2. For the reasons listed below, the Court finds that Debtor met all the requirements of section 1129 and other applicable provisions of the Bankruptcy Code and confirms Debtor's Third Plan of Liquidation dated July 18, 2018. The confirmation hearing scheduled for August 29, 2018, is cancelled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.  The Court has jurisdiction of Debtor's Chapter 11 case in accordance with 28 U.S.C. §§ 157 and 1334. Confirmation is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court has authority to issue a final order. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  Debtor served notice of the Disclosure Statement, Disclosure Statement Supplement, Plan, Ballots, and the Confirmation Hearing Order, together with all deadlines for objecting to and voting to accept or reject the Plan on the following parties: (a) the Office of the United States Trustee for the District of North Dakota; (b) counsel to the statutory committee of unsecured creditors appointed in this Chapter 11 case (the "***Committee***"); (c) all parties entitled/required to receive notice pursuant to the Confirmation Hearing Order; and (d) any persons who have filed a request for notice in this Chapter 11 case. Debtor or Kurtzman Carson Consultants, LLC served this notice pursuant to Fed.R. Bankr. P. 2002, in substantial compliance with the Confirmation Hearing Order and Fed.R. Bankr. P. 2002(b), 3017 and

2

3020(b). Debtor provided notice of the confirmation hearing and other dates and deadlines in compliance with the Bankruptcy Rules and Confirmation Hearing Order.

    3.     The Court received no objections to confirmation of the Plan.

    4.     Debtor solicited votes for acceptance and rejection of the Plan in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed.R. Bankr. P. 3017 and 3018, the Disclosure Statement, Disclosure Statement Supplement and the Confirmation Hearing Order.

    *5.*     The Plan complies with applicable provisions of 11 U.S.C. § 1129. Specific findings regarding issues raised by the parties in this case include:

    a. Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including sections 1123, 1125 and 1126 of the Bankruptcy Code, and Bankruptcy Rules 3017, 3018 and 3019. As a result, the requirements of 11 U.S.C. § 1129(a)(2) are satisfied.

    b. Debtor has proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 case, the Plan and the process leading to its formulation. The good faith of Debtor is evident from the facts and record of the Chapter 11 case, the Disclosure Statement, Disclosure Statement Supplement, hearings and the record of other proceedings held in this Chapter 11 case. The Plan and the process leading to its formulation provide independent evidence of the good faith of Debtor and fair treatment of holders of Claims and Equity Interests.

    c. The liquidation analysis in the Disclosure Statement [Doc. 645, Ex. A] and other evidence related to it establish that, with respect to each impaired class, each holder

3

    of an Allowed Claim has voted to accept the Plan or will receive under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtor was liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.  As a result, the requirements of 11 U.S.C. § 1129(a)(7) are satisfied.

d.  Allowed Administrative Claims and Priority Tax Claims are not impaired pursuant to Article III and IV of the Plan. As a result, the requirements of 11 U.S.C. § 1129(a)(9) with respect to such Claims are satisfied.

e.  Class 1 is unimpaired and conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f).

f.  Class 2, Class 3, and Class 4 are impaired classes and have voted to accept the Plan. Doc. 848.  Accordingly, there is at least one class of Claims that is impaired and has accepted the Plan, determined without including any acceptance of the Plan by any insider. As a result, the requirements of 11 U.S.C. § 1129(a)(10) have been satisfied.

g.  Class 5 is impaired and is deemed to have rejected the Plan under 11 U.S.C. § 1126(g) because holders of Equity Interests are not entitled to receive or retain any property under the Plan. While the Plan does not satisfy 11 U.S.C. § 1129(a)(8) with respect to Class 5, the Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 2, 3, 4, and 5 as required by 11 U.S.C. §§ 1129(b)(1) and (2).  Consequently, the Plan may be confirmed despite the fact that Class 5 is deemed to have rejected the Plan.

4

## ORDER

**IT IS ORDERED:** Debtor's Third Plan of Liquidation dated July 18, 2018, is CONFIRMED.

**Substantial Consummation**. The Plan shall be deemed to be substantially consummated pursuant to 11 U.S.C. §§ 1101 and 1127(b) on the first date distributions are made in accordance with the terms of the Plan to any holders of Allowed Claims of any Class.

**Conflicts with the Plan**. Except as set forth in the Plan, to the extent that any provision of the Disclosure Statement, Disclosure Statement Supplement or any other order (other than this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control.

**Conflicts Between Confirmation Order and Plan**. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided*, *however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

**Notice of Entry of Confirmation Order and Occurrence of the Effective Date**. Pursuant to Fed.R. Bankr. P. 2002(f)(7), 2002(k) and 3020(c), Debtor shall file and serve notice of entry of this Confirmation Order and occurrence of the Effective Date in substantially the form annexed as **Exhibit 1** (the "*Notice of Confirmation and Effective Date*") on all holders of Claims and Equity Interests, the U.S. Trustee, counsel to the Creditors' Committee,

counsel to the Plan Administrator (if determined), and other parties in interest by first class mail, postage prepaid, within three (3) Business Days after the Effective Date. Such notice is adequate under the particular circumstances and no other or further notice is necessary. The form of Notice of Confirmation and Effective Date substantially in the form annexed as **Exhibit 1** is approved.

      **Final Order**. This Confirmation Order is a final order.

      **Effectiveness of Order**. In accordance with Fed.R. Bankr. P. 3020(e), 6004(h) and 6006(d) and, notwithstanding any other provision of the Bankruptcy Code or the Bankruptcy Rules, this Confirmation Order shall not be stayed and shall be effective immediately upon its entry.

      **Retention of Jurisdiction**. Subject to applicable law, on and after the Effective Date, the Court shall retain jurisdiction over all matters arising out of or related to this Chapter 11 case and the Plan pursuant to 11 U.S.C. §§ 105(a) and 1142, including, without limitation, jurisdiction over those matters set forth in Article XII of the Plan.

      **Conclusive Evidence of Dissolution**. The Secretary of State of each applicable jurisdiction and other applicable government offices shall accept this Order as conclusive evidence of the authority of Vanity Shop of Grand Forks, Inc. to dissolve under applicable State law and for the Plan Administrator or Debtor to execute and file such documents, certificates and other instruments as are necessary to effect such dissolution.

      Dated: August 27, 2018.

*/s/ Shon Hastings*

                  Shon Hastings, Judge
                  United States Bankruptcy Court

6

Exhibit 1
**Notice of Confirmation and Effective Date**

Case 17-30112 Doc 872 Filed 08/27/18 Entered 08/27/18 12:31:05 Desc Main
Document Page 7 of 9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 17-30112 |
|---|---|
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |

**NOTICE OF CONFIRMATION AND EFFECTIVE DATE OF DEBTOR'S THIRD PLAN OF LIQUIDATION DATED JULY 18, 2018**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**A.    CONFIRMATION OF PLAN.**

On **August 27, 2018**, the United States Bankruptcy Court for the District of North Dakota entered the *Order Confirming the Debtor's Third Plan of Liquidation dated July 18, 2018* (the "*Confirmation Order*").

**B.    EFFECTIVE DATE OF PLAN**

The Effective Date[1] under the Plan is **September 26, 2018**.

**C.    ADMINISTRATIVE CLAIMS BAR DATE**

Pursuant to Article 4.4 of the Plan, any person or entity who requests compensation or expense reimbursement pursuant to section 506 of the Bankruptcy Code (other than Professional Fees, Administrative Tax Claims and Priority Tax Claims) must have timely filed a proof of claim asserting its administrative expense claim or must file an application with the clerk of the Bankruptcy Court and serve such application on counsel for the Plan Administrator and the U.S. Trustee no later than **October 26, 2018**, which is the first Business Day that is thirty (30) calendar days after the Effective Date.

**D.    PROFESSIONAL FEE CLAIMS BAR DATE**

Pursuant to Article 4.1 of the Plan, the holder of Professional Fee Claims must file all final requests for payment by application with the Bankruptcy Court and serve on counsel to the Plan Administrator, counsel to the Creditors' Committee and the U.S. Trustee no later than

---

[1] All capitalized terms have the same meaning ascribed to them in the Debtor's Third Plan of Liquidation Dated July 18, 2018 [Doc. 799].

**October 26, 2018**, which is the first Business Day thirty (30) calendar days after the Effective Date.

### E.     CLAIMS OBJECTION DEADLINE

The Claim Objection Deadline is the first Business Day at least 180 calendar days after the Effective Date (**March 25, 2019**). Pursuant to Section 10.12 of the Plan, all objections to Disputed Claims shall be filed no later than the Claims Objection Bar Date, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, with notice only to those parties entitled to notice pursuant to Fed.R.Bankr.P. 2002.

### F.     COPIES OF THE PLAN AND RELATED DOCUMENTS

Copies of the Plan, the Confirmation Order and related materials are available for inspection during regular business hours in the office of the Clerk of the Bankruptcy Court, 655 1st Avenue North #210, Fargo, North Dakota 58102. Copies are also available on the internet site of Debtor's notice and claims agent, Kurtzman Carson Consultants, LLC, http://www.kccllc.net/vanity or by accessing the Bankruptcy Court's website http://www.ndb.uscourts.gov. Please note that a PACER password and login are required to access documents on the Bankruptcy Court's website.

### G.     PLAN ADMINISTRATOR

Phillip L. Kunkel is appointed to serve as the initial Plan Administrator. Pursuant to Section 14.9 of the Plan, any pleading, notice or other document required by the Plan to be served on or delivered to Debtor shall be served on Debtor's attorneys, U.S. Trustee's Office, the Plan Administrator, counsel to the Plan Administrator and all persons on Debtor's Bankruptcy Rule 2002 service list.

| *Plan Administrator:* | *Counsel to the Plan Administrator:* |
|---|---|
| Phillip L. Kunkel | Phillip Bohl |
| Gray Plant Mooty | Gray Plant Mooty |
| 1010 West St. Germain Street, Suite 500 | 500 IDS Center |
| St. Cloud, MN 56301 | 80 South Eighth Street |
| Phillip.Kunkel@gpmlaw.com | Minneapolis, MN 55402 |
| Telephone: (320) 202-5335 | Phillip.Bohl@gpmlaw.com |
|  | Telephone: (612) 632-3019 |